UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BARBARA BROUGHEL,                                   :
                                                    :
    Plaintiff,                  : Case No. 07-cv-7755 (GBD)
                                                    :
 -against-                                     : **ANSWER OF DEFENDANTS**
                                                    : **CLAIRE WEISZ AND MARK**
THE BATTERY CONSERVANCY, WARRIE                     : **YOES TO FIRST**
PRICE, CLAIRE WEIZ AND MARK YOES,                   : <u>**AMENDED COMPLAINT**</u>
"DBA" WEISZ + YOES,                                 :
                                                    : <u>**JURY TRIAL DEMANDED**</u>
    Defendants                  :
-------------------------------------------------------------x

  Defendants Claire Weisz and Mark Yoes d/b/a Weisz + Yoes Architecture s/h/i as Claire Weisz and Mark Yoes "DBA" Weisz + Yoes, ("W+Y") by their attorneys, Sinnreich & Kosakoff LLP, hereby answers the First Amended Complaint as follows:

  1. Denies the allegations contained in paragraph "1" to the extent alleged against W+Y. Otherwise denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1", except to the extent that it characterizes the Complaint herein, respectfully refers the Court to the allegations of the Complaint for the true, accurate and complete terms thereof.

  2. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "2" of the Complaint.

  3. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "3" of the Complaint.

  4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "4" of the Complaint.

5. Denies the allegations contained in paragraph "5" of the Complaint, except admits that Claire Weisz is a principal in W+Y.

6. Denies the allegations contained in paragraph "5" of the Complaint, except admits that Mark Yoes is a principal in W+Y, the offices of which are located in New York City.

7. To the extent that paragraph "7" purports to state conclusions of law, no response is appropriate or required.

8. Denies the allegations contained in paragraph "8" of the Complaint.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "9", except admits that W+Y's principal place of business is located in the Southern District of New York.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "10", except admits that W+Y's principal place of business is located in the Southern District of New York.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the Complaint.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "12" of the Complaint.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint, except admit that W+Y was engaged by defendant The Battery Conservancy to provide architectural services with respect to a carousel project located in Battery Park.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "15" of the Complaint.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "16" of the Complaint.

17. Denies the allegations contained in paragraph "17" of the Complaint, except admits that W+Y entered into an AIA Standard Form of Agreement between Architect and Consultant for Special Services with plaintiff, dated January 20, 2006, (the "W+Y Contract") and respectfully refers the Court to the W+Y Contract for the true, accurate and complete terms thereof.

18. Denies the allegations contained in paragraph "18" of Complaint and respectfully refers the Court to the W+Y Contract for the true, accurate and complete terms thereof.

19. Denies the allegations contained in paragraph "19" of Complaint and respectfully refers the Court to the W+Y Contract for the true, accurate and complete terms thereof.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "20" of the Complaint.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "21" of the Complaint.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "22" of the Complaint.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "23" of the Complaint.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "24" of the Complaint.

25.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "25" of the Complaint.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "26" of the Complaint.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "27" of the Complaint.

28.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "28" of the Complaint.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "29" of the Complaint.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "30" of the Complaint.

31.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "31" of the Complaint.

32.     Denies the allegations contained in paragraph "32" of the Complaint.

33.     Denies the allegations contained in paragraph "33" of the Complaint.

34.     Denies the allegations contained in paragraph "34" of the Complaint.

## CLAIM I

35.     With regard to the allegations contained in paragraph "35" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "34" of the Complaint with the same force and effect as though fully set forth at length herein.

36. Denied the allegations contained in paragraph "29" of the Complaint, and aver that the design team of the relevant project, not including plaintiff, is the author of the bulk of the designs of the relevant project, except admit that plaintiff created limited conceptual designs for proposed carousel figures.

37. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "37" of the Complaint, and respectfully refers the Court to the copyright certificates annexed to the Complaint for the true, accurate and complete contents thereof.

38. Denies the allegations contained in paragraph "38" of the Complaint.

39. Denies the allegations contained in paragraph "39" of the Complaint.

40. Denies the allegations contained in paragraph "40" of the Complaint.

41. Denies the allegations contained in paragraph "41" of the Complaint.

42. Denies the allegations contained in paragraph "42" of the Complaint.

## CLAIM II

43. With respect to the allegations of paragraph "43" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "42" of the Complaint with the same force and effect as though fully set forth at length herein.

44. Denies the allegations contained in paragraph "44" of the Complaint.

45. Denies the allegations contained in paragraph "45" of the Complaint.

46. Denies the allegations contained in paragraph "46" of the Complaint.

## CLAIM III

47. With respect to the allegations of paragraph "47" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "46" of the Complaint with the same force and effect as though fully set forth at length herein.

48. With respect to the allegations of paragraph "48" of the Complaint, respectfully refer the Court to the W+Y Contract for true, accurate and complete terms thereof.

49. Denies the allegations contained in paragraph "49" of the Complaint.

50. Denies the allegations contained in paragraph "50" of the Complaint.

## CLAIM IV

51. With respect to the allegations of paragraph "51" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "50" of the Complaint with the same force and effect as though fully set forth at length herein.

52. Denies the allegations contained in paragraph "52" of the Complaint.

53. Denies the allegations contained in paragraph "53" of the Complaint.

54. Denies the allegations contained in paragraph "54" of the Complaint.

55. Denies the allegations contained in paragraph "55" of the Complaint.

56. Denies the allegations contained in paragraph "56" of the Complaint.

## CLAIM V

57. With respect to the allegations of paragraph "57" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in

paragraphs "1" through "56" of the Complaint with the same force and effect as though fully set forth at length herein.

58. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "58" of the Complaint.

59. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "59" of the Complaint.

60. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "60" of the Complaint.

61. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "61" of the Complaint.

## CLAIM VI

62. With respect to the allegations of paragraph "62" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "61" of the Complaint with the same force and effect as though fully set forth at length herein.

63. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "63" of the Complaint.

64. Denies the allegations contained in paragraph "64" of the Complaint.

65. Denies the allegations contained in paragraph "65" of the Complaint.

66. Denies the allegations contained in paragraph "66" of the Complaint.

67. Denies the allegations contained in paragraph "67" of the Complaint.

## CLAIM VII

68. With respect to the allegations of paragraph "68" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "67" of the Complaint with the same force and effect as though fully set forth at length herein.

69. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraph "69" of the Complaint, except respectfully refer the Court to the W+Y Contract for the true, accurate and complete terms thereof.

70. Denies the allegations contained in paragraph "70" of the Complaint.

71. Denies the allegations contained in paragraph "71" of the Complaint.

72. Denies the allegations contained in paragraph "72" of the Complaint.

## CLAIM VIII

73. With respect to the allegations contained in paragraph "73" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "72" of the Complaint with the same force and effect as though fully set forth at length herein.

74. Denies the allegations contained in paragraph "74" of the Complaint.

75. Denies the allegations contained in paragraph "75" of the Complaint.

## COUNT X [sic]

76. With respect to the allegations contained in paragraph "76" of the Complaint, denies having knowledge or information sufficient to form a belief as to the truth of the allegations asserted in paragraphs "1" through "75" of the Complaint.

77. With respect to the allegations of paragraph "77" of the Complaint, respectfully refer the Court to the relevant statute for true, accurate and complete terms thereof.

78. Denies the allegations contained in paragraph "78" of the Complaint.

79. Denies the allegations contained in paragraph "79" of the Complaint.

80. Denies the allegations contained in paragraph "80" of the Complaint.

## CLAIM FOR INJUNCTION

81. With respect to the allegations contained in paragraph "81" of the Complaint, repeats, reiterates and realleges each and every response applicable to the allegations contained in paragraphs "1" through "81" of the Complaint with the same force and effect as though fully set forth at length herein.

82. Denies the allegations contained in paragraph "82" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

83. The Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

84. With the possible exception of the Fish Model (as defined in the Answer of Counterclaim of defendants The Battery Conservancy and Warrie Price, filed September 25, 2007 (the "Answer and Counterclaim"), plaintiff provided no copyrightable work concerning the project that is the subject of this action.

## THIRD AFFIRMATIVE DEFENSE

85. W+Y has not created any derivative works from plaintiff's work.

### FOURTH AFFIRMATIVE DEFENSE

86. Plaintiff's inability and failure to perform the contracted-for-services, and not any conduct or act W+Y, have been the direct or proximate cause of any injury that plaintiff has sustained.

### FIFTH AFFIRMATIVE DEFENSE

87. Plaintiff is estopped from recovery due to her own conduct and actions, including, without limitation, her breach of contract.

### SIXTH AFFIRMATIVE DEFENSE

88. The claims asserted in plaintiff's Complaint are barred by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

89. Plaintiff's alleged claims for compensation have been satisfied by accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

90. By her own conduct, plaintiff waived any right to recovery against W+Y.

### NINTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims against W+Y are barred by her fraudulent representations that she possessed the necessary qualifications and skills to fulfill the requirements of the Project (as defined in the Answer and Counterclaim).

### TENTH AFFIRMATIVE DEFENSE

92. Plaintiff is barred from recovery because she has been duly paid for her services.

### ELEVENTH AFFIRMATIVE DEFENSE

93. Plaintiff is barred from asserting a claim in copyright because the Orientation Outline (as defined in the Answer and Counterclaim) created a license to use the works she

produced for the Project for the purposes stated in the Orientation Outline, and she further agreed to the Battery Conservancy's use of the Fish Model and the copies of the watercolor paintings.

## TWELFH AFFIRMATIVE DEFENSE

94. Plaintiff is barred from asserting a claim of breach of contract or interference with contract due to failure of consideration.

## THITEENTH AFFIRMATIVE DEFENSE

95. Plaintiff's claims are barred by acquiescence.

## FOURTEENTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred in whole, or in part, by the Statute of Frauds.

**WHEREFORE,** defendants W+Y pray for relief as follows:

(1) Judgment dismissing the Complaint with prejudice, denial of any injunction; and

(2) An award of costs and expenses, and reasonable attorneys' fees, including an award under 17 U.S.C. § 505.

Dated: Central Islip, New York
       December 11, 2007

SINNREICH & KOSAKOFF LLP

By:     /s/ Jarrett M. Behar
        Jarrett M. Behar (JB-4983)
        267 Carleton Avenue, Suite 301
        Central Islip, New York 11722
        (631) 650-1200

Attorneys for Defendants
*Claire Weisz and Mark Yoes d/b/a Weisz + Yoes Architecture s/h/i as Claire Weisz and Mark Yoes "DBA" Weisz + Yoes*

F:\Data\1358-05\Answer to First Amended Complaint.doc