Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Ave., N.W.
Washington, D.C.  20006
Tel.:  (202) 956-7500
Fax:  (202) 293-6330

*Attorneys for Defendants/Counterclaimants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------X

| | | |
|---|---|---|
| BARBARA BROUGHEL, | : | |
| | : | |
| Plaintiff, | : | No. 07 Civ. 7755 (GBD) |
| v. | : | |
| | : | ECF Case |
| THE BATTERY CONSERVANCY, | : | |
| WARRIE PRICE, CLAIRE WEISZ, AND | : | ANSWER OF DEFENDANTS THE |
| MARK YOES, "DBA" WEISZ + YOES, | : | BATTERY CONSERVANCY AND |
| | : | WARRIE PRICE TO THE FIRST |
| Defendants. | : | AMENDED COMPLAINT |
| | : | |

----------------------------------------------------X

Defendants, The Battery Conservancy (the "Conservancy") and Ms. Warrie Price

("Defendants"), through their undersigned counsel, state as follows for their answers and

defenses to the averments relating to them that are set out in Plaintiff's First Amended

Complaint.

1.    To the extent that Paragraph 1 purports to state conclusions of law, no

response is appropriate or required.  Defendants deny the averments of Paragraph 1 insofar as

they relate to the Conservancy or Ms. Price, deny, upon information and belief, the averments of

Paragraph 1 insofar as they relate to Claire Weisz and/or Mark Yoes (the "Defendant

Architects"), deny knowledge or information sufficient to form a belief as to the extent of

Ms. Broughel's reputation, and specifically deny the averments of Paragraph 1 relating to Ms.

Broughel's proposal for the Conservancy's project to construct an aquatic-themed rideable carousel in Battery Park (the "Project"), except Defendants admit that the Plaintiff, Ms. Broughel, was notified by letter dated April 5, 2004, that she had been selected through a competition to be a part of the design team for the Project, and aver that the scope of her participation on the team was to design rideable carousel figures.  Defendants further admit that Ms. Broughel makes the stated claims.

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 2.

3.      Defendants admit the averments of Paragraph 3.

4.      Defendants admit that Ms. Warrie Price is the founder of the Conservancy, and that she serves as its President, as the Battery Administrator for the New York City Department of Parks & Recreation, and as the New York State Heritage Area Director.  The second sentence of Paragraph 4 purports to state a conclusion of law to which no response is appropriate or required.

5.      Defendants deny, upon information and belief, the averments of Paragraph 5.

6.      Defendants deny, upon information and belief, the averments of Paragraph 6, except deny knowledge or information sufficient to form a belief as to the truth of Ms. Broughel's knowledge of Weisz + Yoes's corporate structure.

7.      To the extent that Paragraph 7 purports to state conclusions of law, no response is appropriate or required.  Defendants deny that Ms. Broughel has stated a claim that jurisdiction lies under 28 U.S.C.  § 1338(b) because the Complaint states no claim for unfair competition.

8.      To the extent that Paragraph 8 purports to state conclusions of law, no response is appropriate or required.  Defendants deny that the amount in controversy exceeds $75,000.00 because the only amount that Ms. Broughel has claimed from the Conservancy is for costs and expenses of $2,250.85, while the Conservancy has claims against Ms. Broughel for $20,000.00.

9.      To the extent that Paragraph 9 purports to state conclusions of law, no response is appropriate or required.  Defendants nevertheless admit that they are located in New York and that the alleged conduct took place, in whole or in part, in New York, making Defendants subject to the jurisdiction of this Court.

10.     To the extent that Paragraph 10 purports to state conclusions of law, no response is appropriate or required.  Defendants nevertheless admit that the Conservancy's principal place of business is in New York, that Ms. Price resides in New York, and that a substantial part of the events giving rise to Ms. Broughel's claims occurred in New York, making this District a proper venue for this action.

11.     Defendants deny the averments of Paragraph 11, except admit that the Conservancy issued a "Call to Artists" on or about January 5, 2004, seeking to commission an artist or a team of artists to design and participate in the fabrication and installation of rideable aquatic figures for a carousel being designed by the architectural firm Weisz + Yoes (the "Architect"), with the selected artist to participate as part of the design team for the Project, and that artists were requested to respond by January 26, 2004, by submitting examples of prior works.  Defendants aver that the Conservancy agreed to pay an honorarium of $1,000.00 to each of the five finalists upon submission of their proposals (Call to Artists, at second page), and that Ms. Broughel was paid the $1,000.00 honorarium as agreed. (The Call to Artists is attached as

Exhibit 1 to Defendants' Counterclaim.)  Defendants deny that the text of the subparagraphs of

Paragraph 11 is from the "Call to Artists," and refer to the Call to Artists for a complete and

accurate statement of its contents.

        12.    Defendants deny the averments of Paragraph 12, except admit that

Ms. Broughel was selected as a finalist, and aver that, on February 2, 2004, the Conservancy

provided a Finalist's Proposal Package containing, *inter alia*, "The Battery Conservancy Marine

Life Carousel Figures Artist Orientation Outline" (the "Orientation Outline") to Ms. Broughel,

two other individuals, and two teams, all of whom had responded to the Call to Artists, inviting

them to submit a visual depiction of their concepts including several carousel figures and the

placement of the figures in the carousel, a written description of their approach to the Project,

resumes, and a small scale model of one carousel figure.  (Orientation Outline, at 4.)  (The

Orientation Outline is attached as Exhibit 2 to Defendants' Counterclaim.)  Defendants further

aver that the Orientation Outline set out the artist's budget for the design of the figures, which,

far from being "open-ended" as averred in Paragraph 12, was stated to be "up to $50,000

depending on the final scope of work," which specifically included all of the following:  "Artist

Fee; Office/Studio expenses and labor related to this project; Presentation drawings and models

as required for approvals and fundraising; Working drawings, models, templates and prototypes

as required for fabrication; Artist's Travel; Shipping of working drawings, models or prototypes

to fabricator; [and] All Risk Art Insurance." (*Id*. at 3.)  Defendants refer to the Orientation

Outline for a complete and accurate statement of its contents.

        13.    Defendants deny the averments of Paragraph 13, except admit that

Ms. Broughel was awarded a position on the design team of the Project, based principally on a

model of a fish made of translucent cast resin as suggested in the Orientation Outline (the "Fish Model") (*id.* at 2), and a "script" likening the carousel experience to swimming underwater.

14.    Defendants deny, upon information and belief, the averments of Paragraph 14, except admit that the Defendant Architects and the Architect were and are the architects for the Project.

15.    Defendants deny the averments of Paragraph 15, except that, to the extent that the ultimate dependent clause in Paragraph 15 purports to state a conclusion of law, no response is appropriate or required.

16.    To the extent that Defendants are able to discern the meaning of the averments of Paragraph 16, Defendants deny them, except admit that, in connection with the Conservancy's 2004 annual benefit, Ms. Broughel provided a duplicate of the Fish Model. Defendants aver that, also in connection with the Conservancy's 2004 annual benefit, Ms. Broughel allowed the Conservancy to reproduce watercolor paintings that she had made and to distribute these reproductions at the annual benefit, which Ms. Broughel attended. Defendants further aver that, in responding to the Orientation Outline, Ms. Broughel agreed to provide "one life-size figure" for the annual benefit (*id.* at 5), and that the duplicate of the Fish Model did not have the same qualities as the original Fish Model for which Ms. Broughel was awarded the position on the design team. Defendants also aver that Ms. Broughel, by responding to the Orientation Outline, also agreed to provide "Presentation drawings and models as required for approvals and fundraising" (*id.* at 3), but that she retained possession of the watercolor paintings, that she subsequently displayed the watercolor paintings in a gallery where they were put on sale, and that at least one was purchased for her benefit. Defendants deny knowledge or information sufficient to form a belief as to the nature of Ms. Broughel's understanding, but aver that it is

public knowledge that the Conservancy's annual benefit has always raised money for operating

costs of the Conservancy, and that it has been the practice of artists and vendors to donate their

services, in whole or in part, for the purposes of the benefit.  Defendants also aver that, despite

this practice, and in view of the need to maintain a good working relationship with

Ms. Broughel, on or about July 19, 2004, the Conservancy paid, and Ms. Broughel accepted, an

honorarium of $5,000.00 as payment in full for the duplicate of the Fish Model and the use of the

watercolor paintings.

        17.     Defendants deny the averments of Paragraph 17, specifically deny that

Ms. Broughel was "obliged" by Defendants to contract with the Defendant Architects, and deny

that either the Call to Artists or the Orientation Outline is inconsistent with the W+Y Contract or

that either created any obligation for the Conservancy to enter into a contract with Ms. Broughel,

except admit, upon information and belief, that on January 20, 2006, Ms. Broughel entered into a

contract with the Architect, and aver that the contract between the Architect and Ms. Broughel

(the "W+Y Contract") did not contain the language "species selection," and further aver that the

W+Y Contract contained a Phase II which required that Ms. Broughel "Document Design of

Overall Figures and Individual Figure Details for Budget/Bid Pricing."  (W+Y Contact, at 2.)

(The W+Y Contract is attached as Exhibit 3 to Defendants' Counterclaim.)  Defendants refer to

the W+Y Contract for a complete and accurate statement of its contents.

        18.     To the extent that they relate to the Conservancy or Ms. Price, Defendants

deny the averments of Paragraph 18 and deny, upon information and belief, the averments of

Paragraph 18 that relate to the Defendant Architects, except deny knowledge or information

sufficient to form a belief as to the truth of the averments of Paragraph 18 that pertain to the

W+Y Contract, and aver, upon information and belief, that Ms. Broughel failed to perform in a

timely manner, failed to perform adequately Phase I of the W+Y Contract, and never performed

Phase II. Defendants also aver, upon information and belief, that by February 2006, it had

become apparent to the Architect that Ms. Broughel would not produce the detailed drawings

required by the fabricator to proceed with the Project, and that, on March 16, 2006, the Architect

informed the Conservancy that it had terminated Ms. Broughel through a  March 15, 2006 e-mail

stating "[w]e have been informed by PRG [the fabricator], that in order to make the April 25th

deadline, your work with them is finished. . . . We consider your work on the project finished.

Thank you for your participation in the project."

19.     To the extent that Paragraph 19 purports to state conclusions of law, no

response is appropriate or required. To the extent that Paragraph 19 contains averments of fact,

Defendants deny those averments insofar as they refer to the Conservancy or Ms. Price, and

deny, upon information and belief, the averments insofar as they refer to the Defendant

Architects.

20.     Defendants deny the averments of Paragraph 20, and aver that Ms. Price

made every effort to soothe Ms. Broughel's ego in an attempt to persuade her to work

cooperatively with the design team.

21.     Defendants deny the averments of Paragraph 21, and aver that neither the

Call to Artists nor the Orientation Outline created any obligation for the Conservancy to enter

into any contract with Ms. Broughel.

22.     Defendants deny the averments of Paragraph 22, and aver that, with the

exception of the Fish Model, none of the work created by Ms. Broughel was used for any

approval or permitting process. Defendants further aver that, in any event, in responding to the

Orientation Outline, Ms. Broughel agreed to provide "Presentation drawings and models as required for approvals and fundraising." (Orientation Outline, at 3.)

      23.    Defendants deny the averments of Paragraph 23, except aver, upon information and belief, that Phase I of the W+Y Contract required Ms. Broughel to provide designs for all of the carousel figures that met code rideabilty requirements, and that she failed to produce these designs. Defendants deny knowledge or information sufficient to form a belief as to the truth of Paragraph 23's averments as to Ms. Broughel's understanding.

      24.    Defendants deny the averments of Paragraph 24, except aver that Ms. Broughel repeatedly sent revised budgets and timelines in a pattern of increasing costs and delay. Defendants further aver that the Conservancy had no contract with Ms. Broughel in January or April 2006, was not a party to the W+Y Contract, and was under no contractual obligation to pay Ms. Broughel for any services provided under the W+Y Contract.

      25.    Defendants deny the averments of Paragraph 25, and aver that, by May 2006, the Conservancy understood that Ms. Broughel had not performed under Phase I of the W+Y Contract and had not produced the necessary designs for the individual carousel figures, and entered into negotiations to try to reach an amicable resolution of Ms. Broughel's participation in the Project, although it had no contractual relation with Ms Broughel. Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments as to why Ms. Broughel rejected the offer.

      26.    Defendants deny the averments of Paragraph 26, except admit that, in hopes of salvaging the investment made in Ms. Broughel, and relying on representations by Ms. Broughel that she understood the requirements of the designs to be produced and was capable of producing them, the Conservancy and Ms. Broughel entered into a letter contract

dated July 12, 2006 (the "Letter Contract"), at which time the Conservancy paid Ms. Broughel

$20,000.00 in advance and she agreed to produce, in the near future, "a schematic, scalable

design for each of the individual Carousel Figures showing human scale relationship and size . . .

[and] indicat[ing] color, scale, and pattern concepts" (which she had admittedly failed to do

under the W+Y Contract).  Defendants aver that Ms. Broughel agreed that the Conservancy

would pay the following estimated costs of the Second Prototype, subject to the Conservancy's

securing funding:  modeling ($10,000.00); mold making ($3,000.00-$5,000.00); and casting and

armature ($4,500.00).  (The Letter Contract is attached as Exhibit 4 to Defendants'

Counterclaim.)  Defendants refer to the Letter Contract for a complete and accurate statement of

its contents.  Defendants further aver that Ms. Broughel also agreed to direct the production of a

full-scale prototype model of half a fish (the "Second Prototype") as a pro-bono, tax deductible

contribution to the Conservancy, and aver that Ms. Broughel also agreed to produce, on a pro-

bono basis, 10-12 initial experimental resin samples, at a cost not to exceed $300.00.

      27.    Defendants deny the averments of Paragraph 27 insofar as they relate to

the Conservancy or Ms. Price, and deny, upon information and belief, the averments of

Paragraph 27 insofar as they relate to the Defendant Architects, except admit that Ms. Broughel

worked on clay fish models and examples of materials of which the "skin" of the carousel figures

would be made, and attempted to coordinate production of the Second Prototype with the

fabricator, and aver that the production of the chandelier element was covered by a separate

agreement that was fully performed by both parties.

      28.    Defendants deny the averments of Paragraph 28 insofar as they relate to

the Conservancy or Ms. Price, and deny, upon information and belief, the averments of

Paragraph 28 insofar as they relate to the Defendant Architects, except admit that, in early 2007,

the Conservancy decided not to proceed with the fabrication of the Second Prototype, and aver

that the Conservancy reached this decision because it was not confident that Ms. Broughel had

produced any materials that would enable the fabricator to produce the Second Prototype.

29.    Defendants deny the averments of Paragraph 29, except admit that this

pro-bono contribution was unrelated to the work for which the Conservancy paid Ms. Broughel

approximately $20,000 and for which it received nothing of value, as set out in the Counterclaim,

and further admit that Ms. Broughel sent the Conservancy e-mails on January 17 and

February 8, 2007, requesting that the Conservancy issue her a letter recognizing her pro-bono

contribution for 2006, and that, in response to those requests, the Conservancy provided her a

letter, dated February 15, 2007, acknowledging pro-bono work from June 1 to

December 31, 2006, in the value of $19,368.00, which value was based upon information

provided to the Conservancy by Ms. Broughel.  Defendants deny knowledge or information

sufficient to form a belief as to the truth of Ms. Broughel's knowledge of whether a tax

deduction was permissible under the applicable tax laws.

30.    Defendants deny the averments of Paragraph 30, except admit that the

Conservancy, by letter dated March 21, 2007, terminated the Letter Contract with Ms. Broughel

due to Ms. Broughel's breaches of contract.

31.    Defendants deny the averments of Paragraph 31, except admit that the

Conservancy sent a letter to Ms. Broughel on April 12, 2007, explaining its reasons for

terminating her, and aver that, on March 5, 2007, Ms. Price had met with Ms. Broughel and had

told her that the Conservancy had decided to go forward with the Project without her

participation and had urged Ms. Broughel to take her possessions from the Conservancy's

offices.  Defendants further aver that, going to great lengths to try to avoid offending

Ms. Broughel's ego, Ms. Price, on behalf of the Conservancy, sent a letter dated March 21, 2007, terminating Ms. Broughel, without detailing the latter's failures, and that, in response to a letter dated April 6, 2007, from Ms. Broughel, which purported not to understand her termination by the Conservancy, Ms. Price, on behalf of the Conservancy, on April 12, 2007, sent Ms. Broughel a second letter that restated the Conservancy's termination of Ms. Broughel and detailed her failures to perform the services required under the Letter Contract, which formed the grounds for termination.

32.    Defendants deny the averments of Paragraph 32 and refer to Defendants' averments in their answer to Paragraph 31.

33.    Defendants admit the averments of Paragraph 33 to the extent that they relate to the Conservancy or Ms. Price, deny knowledge or information sufficient to form a belief as to the truth of the averments that relate to the Defendant Architects, and aver that, subsequent to March 21, 2007, Ms. Broughel's name was removed by the Conservancy from any and all credits related to the Project under the Conservancy's control, including on the Conservancy's website page dedicated to the Project (the "Website"), because Ms. Broughel was no longer part of the Project team and her work was not being used in the Project.

34.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 34 to the extent that they relate to the Defendant Architects, and deny the averments of Paragraph 34 to the extent that they relate to the Conservancy or Ms. Price and the period following the Conservancy's termination of Ms. Broughel, except admit that two digital photographic images (the "Website Photos") of Ms. Broughel's work—one of the Fish Model, the other of a number of 2-3 inch clay figures that Ms. Broughel provided—remained on the Website until on or about October 29, 2007, when the

Website Photos' continued presence was brought to the Conservancy's attention and the
Conservancy immediately removed them.  Defendants aver that the initial display of the Website
Photos occurred while Ms. Broughel was still a member of the Project team, that such display
occurred with her authorization, and that such display involved attribution of the Website Photos
as Ms. Broughel's work except for a period beginning subsequent to her March 21, 2007
termination and continuing until on or about October 29, 2007.

<u>CLAIM I</u>

35.    Defendants repeat and incorporate their responses to Paragraphs 1-34.

36.    Defendants deny the averments of Paragraph 36, and aver that the design
team of the Project, not including Ms. Broughel, is the author of the bulk of the designs of the
Project, except admit that Ms. Broughel created limited conceptual designs for proposed carousel
figures, and further aver that the copyright registration in Exhibit B to the First Amended
Complaint does not cover any designs of the Project.

37.    Defendants deny knowledge or information sufficient to form a belief as
to the truth of the averments of Paragraph 37, except admit that Ms. Broughel has attached to the
First Amended Complaint a copy of a Certificate of Registration dated March 22, 2007.

38.    To the extent that Paragraph 38 purports to state conclusions of law, no
response is appropriate or required.  To the extent that Paragraph 38 contains averments of fact,
Defendants deny those averments insofar as they relate to the Conservancy or Ms. Price and
deny, upon information and belief, the averments of Paragraph 38 that relate to the Defendant
Architects, except admit that Ms. Broughel has attached certain images to her First Amended
Complaint, some of which are titled "Exhibit C," and aver that certain of those images have not
been on the Website since at least October 29, 2007, and further aver that none of
Ms. Broughel's designs were or could be used in the Project.

39.     Defendants deny the averments of Paragraph 39 insofar as they relate to the Conservancy or Ms. Price and deny, upon information and belief, the averments of Paragraph 39 that relate to the Defendant Architects, except admit that Ms. Broughel purports to seek damages, and aver that Ms. Broughel is in certain default of her obligation to provide Defendants with evidence of her claimed damages as required by Fed. R. Civ. P. 26(a)(i)(C).

40.     To the extent that Paragraph 40 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 40 contains averments of fact, Defendants deny, upon information and belief, those averments that relate to the Defendant Architects, and deny the averments of Paragraph 40 insofar as they relate to the Conservancy or Ms. Price.

41.     To the extent that Paragraph 41 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 41 contains averments of fact, Defendants deny, upon information and belief, those averments that relate to the Defendant Architects, and deny the averments of Paragraph 41 insofar as they relate to the Conservancy or Ms. Price.  Defendants aver that, at this time, neither the Conservancy nor Ms. Price is using in any way any of Ms. Broughel's work, and that any "use" ceased as of October 29, 2007.

42.     Defendants deny the averments of Paragraph 42, except admit that the "Plaintiffs [sic] Broughel also seek [sic] a resolution of this ongoing controversy by a declaration of this Court."

<u>CLAIM II</u>

43.     Defendants repeat and incorporate their responses to Paragraphs 1-34.

44.     To the extent that said averments relate to the Conservancy or Ms. Price, Defendants deny the averments of Paragraph 44, deny, upon information and belief, the averments of Paragraph 44 to the extent that they relate to the Defendant Architects, aver that the

only contract that existed between the Conservancy and Ms. Broughel was the Letter Contract, and further aver that the Conservancy fully performed its obligations under the Letter Contract by paying Ms. Broughel $20,000.00, and that, because she failed to perform, she was in fact overpaid by $20,000.00.

45.    Defendants deny the averments of Paragraph 45 to the extent that they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 45 that relate to the Defendant Architects.

46.    To the extent that Paragraph 46 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 46 contains averments of fact, Defendants deny those averments insofar as they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 46 that relate to the Defendant Architects.

<u>CLAIM III</u>

47.    Defendants repeat and incorporate their responses to Paragraphs 1-34.

48.    To the extent that Paragraph 48 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 48 contains averments of fact, Defendants deny that the Conservancy ever issued an RFP and further deny that either the Call to Artists or the Orientation Outline constituted a binding contract, and aver that the W+Y Contract, to which the Conservancy was not a party, set out Ms. Broughel's obligations in Phase I.

49.    To the extent that Paragraph 49 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 49 contains averments of fact, Defendants deny those averments insofar as they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 49 that relate to the Defendant Architects.

50.    To the extent that Paragraph 50 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 50 contains averments of fact, Defendants deny those averments insofar as they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 50 that relate to the Defendant Architects.

## CLAIM IV

51.    Defendants repeat and incorporate their responses to Paragraphs 1-34.

52.    Defendants deny the averments of Paragraph 52 to the extent that they relate to the Conservancy or Ms. Price, deny, upon information and belief, the averments of Paragraph 52 to the extent that they relate to the Defendant Architects, and deny knowledge or information sufficient to form a belief as to the truth of Ms. Broughel's reasons for her provision of any services that she may have provided.

53.    Defendants deny the averments of Paragraph 53 to the extent that they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 53 to the extent that they relate to the Defendant Architects.

54.    Defendants deny, upon information and belief, the averments of Paragraph 54.

55.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 55, except aver that, in her invoice for recognition of pro-bono services, Ms. Broughel billed her time at $75.00 per hour.  Defendants further aver that on January 10, 2007, Ms. Broughel submitted to the Conservancy a tally of 276.75 hours that she agreed to donate, that she requested an acknowledgment of this time at $75.00 per hour, totaling $20,718.00, and that the Conservancy acknowledged her contribution of $19,368.00 by letter dated February 15, 2007.

56.     Defendants deny the averments of Paragraph 56 to the extent that they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 56 that relate to the Defendant Architects.

<u>CLAIM V</u>

57.     Defendants repeat and incorporate their responses to Paragraphs 1-34.

58.     To the extent that Paragraph 58 purports to state a conclusion of law, no response is appropriate or required.  To the extent that Paragraph 58 contains averments of fact, Defendants deny those averments.

59.     Defendants deny the averments of Paragraph 59 and aver that on January 10, 2007, Ms. Broughel submitted to the Conservancy a tally of 276.75 hours that she had agreed to donate "pro bono," that she requested an acknowledgment of this time at $75.00 per hour, totaling $20,718.00, and that the Conservancy acknowledged her contribution of $19,368.00 by letter dated February 15, 2007.

60.     To the extent that Paragraph 60 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 60 contains averments of fact, Defendants deny those averments.

61.     Defendants deny the averments of Paragraph 61, and further aver that Ms. Broughel lacks standing to assert any interest of or obligation to the City of New York.

<u>CLAIM VI</u>

62.     Ms. Price repeats and incorporates her responses to Paragraphs 1-34.

63.     To the extent that Paragraph 63 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 63 contains averments of fact, Ms.  Price denies those averments insofar as they relate to her, denies, upon information and belief, the averments that relate to the Defendant Architects, denies knowledge or information

16

sufficient to form a belief as to what Ms. Broughel understood, and avers that Ms. Broughel received a $1,000.00 honorarium for submitting her proposal in response to the Call to Artists.

64.    Ms. Price denies the averments of Paragraph 64 to the extent that they relate to her, except admits that she knew that Ms. Broughel was selected as a member of the design team, and denies, upon information and belief, the averments of Paragraph 64 that relate to the Defendant Architects.

65.    Ms. Price denies the averments of Paragraph 65 to the extent that they relate to her, and denies, upon information and belief, the averments of Paragraph 65 that relate to the Defendant Architects.

66.    Ms. Price denies the averments of Paragraph 66 to the extent that they relate to her, and denies, upon information and belief, the averments of Paragraph 66 that relate to the Defendant Architects.

67.    To the extent that Paragraph 67 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 67 contains averments of fact, Ms. Price denies those averments insofar as they relate to her, and avers that any injury incurred by Ms. Broughel was caused by her own actions, including her breaches of both the W+Y Contract and the Letter Contract, and denies, upon information and belief, the averments of Paragraph 67 that relate to the Defendant Architects.

<u>CLAIM VII</u>

68.    Ms. Price repeats and incorporates her responses to Paragraphs 1-34.

69.    Ms. Price denies the averments of Paragraph 69 to the extent that they relate to her, except admits, upon information and belief, that Ms. Broughel had a contract with W+Y.

70.     Ms. Price denies the averments of Paragraph 70 to the extent that they relate to her.

71.     Ms. Price denies the averments of Paragraph 71 to the extent that they relate to her.

72.     Ms. Price denies the averments of Paragraph 72 to the extent that they relate to her, avers that any injury incurred by Ms. Broughel was caused by her own actions, including her breaches of both the W+Y Contract and the Letter Contract, and further avers that Ms. Broughel lacks standing to assert any alleged damages related to deprivation of the people of New York.

## CLAIM VIII

73.     Defendants repeat and incorporate their responses to Paragraphs 1-34.

74.     Defendants deny the averments of Paragraph 74 to the extent that they relate to the Conservancy or Ms. Price, deny, upon information and belief, the averments of Paragraph 74 to the extent that they relate to the Defendant Architects, and further deny knowledge or information sufficient to form a belief as to the truth of Ms. Broughel's understanding.

75.      Defendants deny the averments of Paragraph 75 to the extent that said averments relate to the Conservancy or Ms. Price, deny, upon information and belief, the averments of Paragraph 75 to the extent that they relate to the Defendant Architects, and aver that Defendants had justification for terminating Ms. Broughel.

## "COUNT X" [SIC]

76.     Defendants repeat and incorporate their responses to Paragraphs 1-34.

77.     To the extent that Paragraph 77 purports to state conclusions of law, no response is appropriate or required.  Defendants further aver that Paragraph 77 contains an incomplete summary of Sec. 14.03(2)(a) of the New York Artist's Authorship Rights Act.

78.      To the extent that Paragraph 78 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 78 contains averments of fact, Defendants deny those averments insofar as they relate to the Conservancy or Ms. Price, and deny, upon information and belief, the averments of Paragraph 78 that relate to the Defendant Architects.

79.     To the extent that Paragraph 79 purports to state conclusions of law, no response is appropriate or required.  To the extent that Paragraph 79 contains averments of fact, Defendants deny those averments insofar as they relate to the Conservancy or Ms. Price, except admit that, subsequent to March 21, 2007, Ms. Broughel's name was removed by the Conservancy from any and all credits related to the Project under the Conservancy's control, including on the Website, because Ms. Broughel was no longer part of the Project team and her work was not being used in completion of the Project, and that the Website Photos remained on the Website, without naming Ms. Broughel, until on or about October 29, 2007, when the Website Photos' continued presence was brought to the Conservancy's attention and the Conservancy immediately removed them, and Defendants deny, upon information and belief, the averments of Paragraph 79 that relate to the Defendant Architects.

80.     Paragraph 80 purports to state conclusions of law, to which no response is appropriate or required.

<u>INJUNCTION</u>

81.     Defendants repeat and incorporate their responses to Paragraphs 1-34.

82.    Paragraph 82 purports to state conclusions of law, to which no response is appropriate or required.


Defendants deny that Ms. Broughel is entitled to any relief whatsoever.


## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendants assert the following defenses without assuming the burden of proof when the burden of proof would otherwise be on the Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

With the possible exception of the Fish Model, Ms. Broughel provided no copyrightable work concerning the Project.

### THIRD AFFIRMATIVE DEFENSE

Defendants have not created any derivative works from Ms. Broughel's work.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's inability and failure to perform the contracted-for services, and not any conduct or act of Defendants, have been the direct or proximate cause of any injury that Plaintiff has sustained.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovery due to her own conduct and actions, including, without limitation, her breaches of contract.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in Plaintiff's Complaint are barred by the doctrine of laches.

<u>SEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's alleged claims for compensation have been satisfied by accord and satisfaction.

<u>EIGHTH AFFIRMATIVE DEFENSE</u>

By her own conduct, Plaintiff waived any right to recovery against the Defendants.

<u>NINTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims against Defendants are barred by her fraudulent representations that she possessed the necessary qualifications and skills to fulfill the requirements of the Project.

<u>TENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from recovery because she has been duly paid for her services.

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from asserting a claim in copyright because the Orientation Outline created a license to use the works she produced for the Project for the purposes stated in the Orientation Outline, and she further agreed to the Conservancy's use of such works.

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

Plaintiff is barred from asserting a claim of breach of contract or interference with contract due to failure of consideration.

<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred by acquiescence.

<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiff's claims are barred in whole, or in part, by the Statute of Frauds.

PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

(1)     Judgment dismissing the First Amended Complaint with prejudice, denial of any injunction; and

(2)     An award of costs and expenses, and reasonable attorneys' fees, including an award under 17 U.S.C. § 505.

DEMAND FOR JURY TRIAL

Defendants demand a jury.

Respectfully submitted,

_____/s/_____
Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)

1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-5805
Tel.:  (202) 956-7500
Fax:  (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy and Ms. Warrie Price

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2007, I caused a copy of the foregoing ANSWER OF DEFENDANTS THE BATTERY CONSERVANCY AND WARRIE PRICE TO THE FIRST AMENDED COMPLAINT to be served to the SDNY ECF system, which constitutes proper filing and service under Federal Rule of Civil Procedure 5, pursuant to Local Civil Rule 5.2.

/s/ _____
Rita M. Carrier