BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200 (phone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA BROUGHEL

    Plaintiff,

v.

THE BATTERY CONSERVANCY,
AND WARRIE PRICE

    Defendants.

**PLAINTIFF'S REPLY TO COUNTERCLAIM**

Plaintiff, Barbara Broughel, through her counsel, the Hoffman Law Firm, states as follows for her reply to defendants' counterclaims and for her defenses, thereto as follows:

COUNTERCLAIM

As a general response to the Counterclaim, except as specifically noted herein, Plaintiff admits the existence of documents attributed to Plaintiff, but refers the Court to the document itself and the context thereof for the contents alleged. To the extent such out of context phrases are used to create presumptions, speculation and characterizations, they are denied; to the extent Defendants set forth conclusions of law, no response is appropriate or required.

1. Admits the allegations of paragraph 1, except as to the last sentence, which Plaintiff is without information to admit or deny.

2. Admits the allegations of paragraph 2, except as to the last sentence, which Plaintiff is without information to admit or deny.

3. Admits the allegations of paragraph 3.

## JURISDICTION AND VENUE

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

6. Admits the allegations of paragraph 6.

## FACTUAL ALLEGATIONS

7. Admits that there was a call for Artists and admits the contents as set forth in Exhibit 1.

8. Admits that Artist received an Orientation Outline. To the extent paragraph 8 sets forth conclusions of law no response is required or appropriate.

9. Admits that Plaintiff had the necessary skills to complete the Project.

10. Admits that Plaintiff presented her Proposal to the Selection Committee and refers the Court to the Proposal for the contents thereof.

11. Admits that Ms. Broughel was awarded the competition and refers the Court to the letter of April 5, 2004 for its contents.

12. Denies that she produced a new Fish Model for the gala but admits she retained physical possession of the watercolor paintings and provided significant additional services to assist the Defendants in the gala fundraising effort.

13. Denies the allegations of paragraph 13.

14. Plaintiff is without information to admit or deny the allegations of paragraph 14, except admits that Plaintiff received $5,000 in partial payment of her invoices on or about July 2004.

15. Denies the allegations of paragraph 15.

16. Admits that Plaintiff entered into an agreement with the architect and refers to the "contract" and other understandings for its terms.

17. Admits that Plaintiff entered into an agreement with the architect and refers to the "contract" and other understandings for its terms.

18. Denies the allegations of paragraph 18.

19. Denies the allegations of paragraph 19.

20. Denies that CAD was a requirement for the Project and admits that Plaintiff could provide all required information through Photoshop.

21. Denies requesting additional work or information from the architect or fabricator except as was appropriate.

22. Denies the allegations of paragraph 22.

23. Plaintiff is without information and belief to admit or deny, except to the extent that paragraph 23 purports to give a legal conclusion, which Plaintiff is not required to admit or deny.

24. Denies the allegations of paragraph 24, except that Plaintiff stated that she needed to "supervise the final installation of the figures and sculptural elements into the carousel." To the extent that paragraph 24 purports to state conclusions of law, no response is appropriate or required.

25. Plaintiff does not understand the allegations of paragraph 25.

26. Admits that the Fish Model was a failure but denies the Defendants explanation for the failure. Plaintiff is without information to admit or deny the remaining allegations of paragraph 26.

27. Denies the allegations of paragraph 27.

28. Plaintiff is without information to admit or deny the allegations of paragraph 28.

29. Plaintiff is without information or belief to admit or deny the thoughts or motivations of Defendants. Admits that Plaintiff was fully capable of realizing the Project and denies that $20,000 was paid as an advance for future work. Plaintiff affirmatively states that $20,000 was the full and final payment for fulfilling the services required under the above referenced agreement with the architect. Plaintiff denies the remainder of the allegations of paragraph 29, except as to conclusion of law, which Plaintiff is not required to admit or deny, or would it be appropriate to do so.

30. Admits that Plaintiff continued to produce resin samples, denies the rest of paragraph 30.

31. Denies the allegations of paragraph 31.

32. Denies the allegations of paragraph 32.

33. Denies the allegations of paragraph 33, except is without information and belief to admit or deny the allegations concerning work fabricated by Defendant.

34. Denies the allegations of paragraph 34.

35. Denies the allegations of paragraph 35, except admits that the documents referred to exist but refers to the documents for their terms.

36. Denies the allegations of paragraph 36.

37. Denies the allegations of paragraph 37.

38. Denies the allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. Is without information to admit or deny the allegations of paragraph 40.

## CAUSE OF ACTION

## BREACH OF CONTRACT

41. See prior responses 1-40.

42. Denies the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Plaintiff asserts the following defenses without assuming the burden of proof when the burden of proof would otherwise be on the Defendants.

Plaintiff alleges the following affirmative defense to Defendant's Counterclaim:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants' incompetence and lack of professionalism have been the direct or proximate cause of any injury that Defendants have sustained.

### THIRD AFFIRMATIVE DEFENSE

Defendants are estopped from recovery due to their own conduct and actions, including, without limitation, their breach of contract to Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

By their own conduct, Defendants waived any right to recovery against the Plaintiff.

Dated: New York, New York
October 11, 2007

Respectfully submitted,

By: *Barbara Hoffman*

Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200

*Attorney for Plaintiff Barbara Broughel*