```
         7bknbroc

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   BARBARA BROUGHEL,

 4                  Plaintiff,            New York, N.Y.

 5             v.                         07 Civ. 7755 (GBD)

 6   THE BATTERY CONSERVANCY,
     WARRIE PRICE
 7
                    Defendants.
 8
     ------------------------------x
 9
                                          November 20, 2007
10                                        11:00 a.m.

11   Before:

12                  HON. GEORGE B. DANIELS,

13                                        District Judge

14                       APPEARANCES

15   THE LAW OFFICE OF BARBARA HOFFMAN
          Attorneys for Plaintiff
16   BY:  BARBARA HOFFMAN

17   MARGARET PFEIFFER
     RITA CARRIER
18   SUSAN K. NASH
          Attorneys for Defendants
19
20
21
22
23
24
25
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1          (Case called)

2          THE COURT:  Good morning.

3          Let me just start with you, Ms. Hoffman.  How far have

4     you gotten.  I know you've sent letters with regard to wanting

5     to amend the complaint.  What's the status at this point?

6          MS. HOFFMAN:  I heard from counsel yesterday afternoon

7     that they had no objection to our serving the amended

8     complaint, and we have proceeded to do so, I hope with your

9     permission.

10         THE COURT:  Have you had an opportunity to review and

11    discuss the proposed case management plan?

12         MS. HOFFMAN:  Yes.  We jointly have prepared one and

13    submitted it.

14         THE COURT:  Did you change any of the dates, or did

15    you use the dates that I suggested?

16         MS. HOFFMAN:  We advanced the dates by 120 days based

17    on contemplated motions.

18         THE COURT:  OK.

19         MS. HOFFMAN:  Ms. Pfeiffer, Ms. Carrier, and Ms. Nash,

20    have you seen the proposed amendment or know the nature of the

21    amendment and have no objection to the amendment.

22         MS. PFEIFFER:  Yes, your Honor.  That was agreed to in

23    our civil case scheduling order.  We noticed that your Honor

24    seems to have adopted dates that we had submitted.

25         THE COURT:  I already signed your order?

1          MS. PFEIFFER:  Well, I am not very good at electronic
2    dockets, but it looks like you have.
3          THE COURT:  OK.
4          Just let me make sure.  Did I leave the next case
5    management conference on for March 12?  Is that date still on?
6          MS. PFEIFFER:  I think it's July 10 now.
7          THE COURT:  Not the final conference, but the original
8    number -- there was a conference close to the end of discovery
9    which was set for March 12.  I don't have your copy in front of
10   me.
11         MS. PFEIFFER:  What we set down was the next case
12   management conference on July 10.
13         THE COURT:  July 10?
14         MS. PFEIFFER:  Yes.
15         THE COURT:  OK.
16         MS. PFEIFFER:  I am having trouble reading it on the
17   docket.
18         THE COURT:  OK.  I will set it down for that date.  If
19   it is an earlier date, that's fine.  Why don't I suggest that
20   you go ahead and move forward with discovery.  If there are
21   issues, bring them to my attention by letter.  If you want the
22   assistance of the magistrate judge for possible settlement
23   discussions, let me know.  Otherwise, what's the date that you
24   anticipate discovery would be closed?
25         MS. PFEIFFER:  To be finished?

1      THE COURT:  Yes.

2      MS. PFEIFFER:  Let's see.  The final pretrial is
3  October 9.

4      THE COURT:  OK.

5      MS. PFEIFFER:  With dispositive motions done by the
6  14th, to be filed on the 14th of August.

7      THE COURT:  I will leave the July date on.  Move
8  forward.  If I don't hear from you, I will just assume that
9  discovery is moving efficiently to close out on that schedule.

10     If we don't need to have the conference, let me know
11  that you are going to file the motions.  Give me a letter to
12  that effect and tell me what the entire motion schedule is
13  going to be, when it will be fully submitted.  If you want to
14  be heard, I will put it down after it's fully submitted.

15     Is there anything else we need address today?  I
16  didn't want to hold you up any longer.

17     MS. HOFFMAN:  Just one issue.  My client understands
18  now that the project that's at issue in this case is
19  proceeding.  We would like to move for a preliminary injunction
20  pending the resolution of the case.

21     THE COURT:  All right. Both sides should talk and
22  figure out what the status is and whether or not it is
23  appropriate to move for that.  If you want to move for that,
24  then just lay it out to me and I'll consider it.  At this point
25  I don't really know enough about what's happening to know

7bknbroc

1  whether or not that is appropriate. Why don't you discuss that
2  and see if you want to do that. If you want to do that, then
3  I'll entertain it when you are in a position to give me the
4  facts to consider it.
5           MS. PFEIFFER:  Your Honor, if I may make two comments?
6           THE COURT:  Sure.
7           MS. PFEIFFER:  One, Ms. Hoffman's' motion, not only is
8  it greatly late, since the termination of her client took place
9  in March -- the complaint was filed in August and it is now
10 Thanksgiving -- but, as she is well aware, the only two images
11 produced by her client that were ever used by our client are no
12 longer on the Battery's website. We've ceased doing that.
13 There is no conduct that involves anything that Ms. Broughel
14 has done that can be enjoined. So we would think that a motion
15 would be ill advised. We will, of course, discuss that with
16 her. But we wish to bring that to your attention.
17          THE COURT:  OK.
18          MS. PFEIFFER:  Secondly -- I'm sorry.
19          THE COURT:  Go ahead.
20          MS. PFEIFFER:  We have yet to receive a proper 26(a)
21 statement from the plaintiffs. The one that we received
22 yesterday, which was due last week, was not signed and contains
23 no computation of damages. So we would like to ask the
24 plaintiff to send us a proper 26(a) statement promptly, if that
25 would be agreeable.

1    THE COURT:  All right.

2    MS. HOFFMAN:  We fully intended to comply with the
3 rules.  I might add we have also not received a 26(a) statement
4 which I understood was sent to us by mail.  We sent ours via
5 e-mail twice.  We have no intent to not do it.

6    THE COURT:  Discuss these issues.  As I tell people
7 all the time, I am not the interpreter or translator for
8 lawyers.  The things you want to ask each other, don't ask me,
9 ask each other first.  Bring it to my attention if the other
10 side refuses.  Then you can lay it out for me as an issue, and
11 I will issue the appropriate order depending on whether or not
12 it's a valid or invalid refusal to comply or respond to a
13 request.

14    Why don't you see if you can work those issues out.
15 If you can't, just give me a letter and I will address it right
16 away so you can move forward.

17    MS. PFEIFFER:  Thank you, your Honor.

18    MS. HOFFMAN:  Thank you very much.  Have a good
19 holiday.

20    THE COURT:  You, too.

21    (Adjourned)