BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York  10023
(212) 873-6200  (phone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA BROUGHEL

                Plaintiff,

       v.

THE BATTERY CONSERVANCY, WARRIE
PRICE, CLAIRE WEISZ AND MARK YOES,
"DBA" WEISZ + YOES

              Defendants.

No. 07 Civ. 7755 (GBD)

ECF Case

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS BATTERY CONSERVANCY AND WARRIE PRICE'S MOTION FOR JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF PLAINTIFF' S MOTION FOR A PRELIMINARY INJUNCTION

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF THE FACTS ..................................................................................3

ARGUMENT...............................................................................................................5

I.    LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS PURSUANT
      TO FED. R. CIV. PROC. RULE 12(c).................................................................5

II.   Defendants' 12(c) Motion must be Dismissed.........................................................5

      A.    PLAINTIFF HAS PLED THE ELEMENTS OF COPYRIGHT
            INFRINGEMENT AS REQUIRED BY RULE 8 (a)(2)..........................8

      B.    PLAINTIFF'S ALLEGATIONS FOR BREACH OF CONTRACT
            AND THE IMPLIED COVENANT OF GOOD FAITH
            AND FAIR DEALING SATISFY RULE 8 AND DEFEAT
            A 12(c) MOTION....................................................................10

      C.    CLAIMS OF PROMISSORY ESTOPPEL AND QUANTUM
            MERIUT MEET THE STANDARD FOR PLEADING
            UNDER RULE 8....................................................................16

      D.    PLAINTIFF'S CLAIM OF THE TORT OF MISAPPROPRIATION
            OF IDEAS MEETS FED. R. CIV. P. 8 AND NEW YORK
            COMMON LAW....................................................................17

      E.    PLAINTIFF'S ALLEGED VIOLATION OF § 14.03 OF THE
            NEW YORK ARTIST'S AUTHORSHIP RIGHTS ACT
            ("AARA") IS NOT PREEMPTED BY VARA..........................................18

      F.    PLAINTIFF'S CLAIM VI AND VII ALLEGE SUFFICIENT
            FACTS TO STATE A CLAIM FOR RELIEF WHICH IS
            "PLAUSIBLE." ....................................................................19

III.  LEGAL STANDARD FOR A PRELIMINARY INJUNCTION....................20

CONCLUSION .......................................................................................21

# TABLE OF AUTHORITIES

Page(s)

**CASES**

AD/SAT a Div. of Skylight, Inc. v. Associated Press, 885 F. Supp. 511, 514 (S.D.N.Y. 1995) ............................................................................................ 6

Aquilio v. Police Benevolent Ass'n of New York State Troopers, Inc., 857 F. Supp. 190, 199 (N.D.N.Y. 1994) ...................................................... 17

ATSI Commc'ns. Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) ............... 2, 11

Barnett v. Etheridge 2008 U.S. Dist. Lexis 23088 ............................................ 7

Bd. of Managers of SoHo Int'l Arts Condo v. City of New York, 2003 U.S. Dist. Lexis 13201 No. 01 Civ. 1226 (S.D.N.Y. June 17, 2003) ........................... 18

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (May 21, 2007) ....................................................................................... passim

Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) .................................. 6

Brenntag Int'l Chems. Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999) ............. 20

Carr v. St. John's University, 17 A. D. 2d 632, 231 N.Y.S.2d 410, 413 (2d Dept. aff'd 12 N. Y. 2d 802 (1962) ........................................................ 12

Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002) ................................... 6

Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) ....................................... 5

Cobble Hill Nursing Home v. Henry & Warren Corp., 74 N.Y.2d 475, 548 N.E.2d 203, 548 N.Y.S.2d 920 (1989) ..................................................... 13

Conley v. Gibson 355 U.S. 41 (1957) ............................................................................ 1, 7

Cramer Krasselt v. Joseph E. Seagram & Sons ............................................................... 9

Cyberchron Corporation v. Calldata Systems Development, Inc., 47 F. 3d 39 (2nd Cir. 1995) ............................................................................. 17

Erickson v. Paradus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) .......................... 7

Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 113 L. Ed. 2d 358, 111 S. Ct. 1282 (1991) ................................................................. 9

Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144,
    149 (2d Cir. 1999)................................................................................... 20

Franklin Elec. Publishers, Inc. v. Unisonic Products Corp., 763 F.
    Supp. 1, 3-4 (S.D.N.Y. 1991) ................................................................ 10

Gally v. Columbia University, 22 F. Supp. 2d 199 (1998 U. S. Dist. Lexis 15101) ........ 12

Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) ................................. 6

Great American Fun Corp. v. Hosung New York Trading Inc., 935 F.
    Supp. 488, 489 (S.D.N.Y. 1996)................................................................ 10

Hangzhou Silk Import and Export Corp. v. P. C. B. Intern Industries,
    2002 U. S. Dist. Lexis 16578, No. 00 Civ. 6344 (RLC)........................... 7, 15

Iqbal v. Dennis Hasty, 490 F. 3d 143, 2007 U. S. App. Lexis 13911 (2nd Cir. 2007).... 6, 7

James Miller Marine Serves. Inc. v. V.I.P. Yacht Cruises, Inc., 2002 U.S.
    Dist. LEXIS 13530, 01 CV 2938, 2002 WL 1467705 *2  (E.D.N.Y. Apr. 30, 2002).. 13

Joseph Martin Jr. Delicatessen Inc. v. Schumacher, 52 N. Y. 2d 105, 109 (N. Y. 1981). 13

Katz v. Image Innovations Holdings, 2008 U.S. dist. Lexis 22975 (JGK).................... 5, 6

Kelly v. L. L. Cool J, 145 F.R.D. 32 (1992 U. S. Dist. Lexis 17502) ............................ 10

McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007)........................ 6

McGhan v. Ebersol, 608 F. Supp. 277, 284 (S.D.N.Y. 1985) ......................................... 18

MONY Group, Inc. v. Highfields Capital Mgmt, L.P., 368 F.3d 138,
    143(2d Cir. 2004)....................................................................................... 20

Mun. Consultants & Publishers v. Town of Ramapo, 47 N.Y.2d 144, 148-49, 417
    N.Y.S.2d 218, 390 N.E.2d 1143 (1979) .................................................. 15

Phillips v. Pembroke Real Estate Inc., 459 F.3d 128 (1st Cir. 2006) .............................. 18

R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 75-76 (2d Cir. 1984) ................. 15

Ringgold v. Black Entertainment TV, 126 F. 3d 70 2d Cir. (1997) ................................ 19

Roth v. Jennings, 489 F. 3d 499 (2nd Cir. Ct. Appeals 2007) ........................................ 4

Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).................................................... 10

Sellers v. M. C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988)............................ 5

Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) ................................................... 5

Tangorre v. Mako's, Inc., 2002 U. S. Dist. Lexis 1658, 2002 WL 313156,
   *2 (S.D.N.Y. Jan. 30, 2002)............................................................................................. 9

Tin Pan Apple v. Miller Brewing Co., 737 F. Supp. 826, 828 (S.D.N.Y. 1990).............. 10

## STATUTES

15 U.S.C. § 1 Sherman Act ------------------------------------------------------------------------1

17 U.S.C. § 101 et seq.------------------------------------------------------------------------------8

17 U.S.C. § 106A (2000), Visual Artists Rights Act of 1990 ("VARA") ------------------18

17 U.S.C. § 504 -------------------------------------------------------------------------------------- 11

New York Artists' Authorship Right Act, *N.Y. Arts & Cult. Aff. Law* §14.03
   ("AARA") ------------------------------------------------------------------------------------------18

## OTHER AUTHORITIES

F.R. Civ. P 8------------------------------------------------------------------------------------- passim

Fed. R. Civ. P. 10(c) ------------------------------------------------------------------------------5

Fed. R. Civ. P. 8 -----------------------------------------------------------------------------------9

*Fed. R. Civ. P. App. Form 9*----------------------------------------------------------------------7

Fed. R. Civ. Proc. Rule 12(b)(6)-------------------------------------------------------------5, 6

Fed. R. Civ. Proc. Rule 12(c) ---------------------------------------------------------------5, 6

Fed. R. Civ. Proc. Rule 12(e) -------------------------------------------------------------- 10

Edward J. Damich, The Visual Artists Rights Act of 1990: Toward a Federal
   System of Moral Rights Protection for Visual Art, 39 CATH. U.L. REV.
   945, 947-48 (1990)-------------------------------------------------------------------------- 19

Plaintiff Barbara Broughel ("Plaintiff") through her undersigned counsel respectfully submits this Memorandum of Law in Opposition to Defendants Battery Conservancy ("Conservancy") and Ms. Warrie Price's ("Price") (collectively, "Defendants") Motion for Judgment on the Pleadings and in support of Plaintiff's Motion for a Preliminary Injunction.

## PRELIMINARY STATEMENT

*The lady doth protest too much, me thinks.*

(W. Shakespeare, Hamlet)

Defendants Conservancy and Price rely principally in support of their motion on the recent case of <u>Bell Atlantic Corp. v. Twombly</u> 127 S. Ct. 1955, 1965 (2007). <u>Twombly</u> purported to change the time honored rule of <u>Conley v. Gibson</u> 355 U.S. 41 (1957) (that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.") and seemed to overturn the fifty years old notice pleading standard interpreting Federal Rule of Civil Procedure 8(a).

In <u>Bell Atlantic v. Twombly</u>, <u>supra</u>, representatives of a putative class of local telephone and internet service subscribers sued a group of local telephone line operators for antitrust violations under Sec. 1 of the Sherman Act 15 USC § 1. The United States Supreme Court in May 2007, reversing a Second Circuit decision, held that antitrust conspiracy allegations must be "plausible" to survive a motion to dismiss. Clearly influenced by the tremendous burden of discovery in complex antitrust cases, the

Court refused to sustain the complaint based on unpleaded facts conjured up by the imaginations of counsel or reviewing courts.  The Supreme Court held that the "plausibility" of the complaint's allegations must be assessed in the context in which they arise.

While Twombly did not make clear whether this change from traditional pleading standards applies outside the antitrust context, the Second Circuit has "declined to read Twombly's flexible 'plausibility standard' as relating only to "antitrust cases." ATS Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 n.2 (2d Cir. 2007).  Where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed."  Id.  The line, however, is not bright and the contours of its application and effect on Rule 8, indeterminable.  Notwithstanding, Plaintiff's factual allegations meet the heightened pleading standards, if any, of Twombly, as applied in the context of public art commission agreements for claims of breach of contract and other claims alleging violation of intellectual property rights including copyright infringement and misappropriation of ideas.

Only the myopic vision and arrogant manipulation of Twombly as applied to the First Amendment Complaint by a team of lawyers from Sullivan and Cromwell would sustain this broadside attack on Plaintiff's Amended Complaint.

Stripped of the semantics, technical distortions, conclusory out of context quotations, and obfuscation in the Defendant Price and Conservancy's Memorandum of Law, Plaintiff's case is simple:  The Artist was awarded a commission based on a proposal which, in response to a Request for Proposals ("RFP"), included original and novel designs for carousel figures, floor lighting, cinematic elements, sounds and

enclosures (the "Proposal").  The Artist claims that the Defendants wrongfully terminated her participation on the design team and the Sea Glass, the Carousel at the Battery ("Battery Carousel Project") with the intent and effect of preventing her from completing the commission she had been awarded, and misappropriating, without payment, her copyrighted designs, other intellectual property and services without compensation to her or authorization.

In what is becoming unfortunately a familiar story in the field of public art, architects who see themselves as artists are resentful of an artist's participation on a design team, establish a hierarchal rather than the anticipated and expected collaborative relationship, and then appropriate the artist's ideas and contributions.  Sometimes, as in this case, after years of walking a tightrope between the client and the architect, the Artist is wrongfully terminated from the project.

After payment of the $1,000 honorarium in April 2004, Plaintiff worked fulltime on the Battery Carousel Project until she received one payment of $5,000 in April 2005.  No other payments were made to her until February 2006.  Although Phase I work under the AIA contract was completed months before, she was not paid until July 2006.  (Broughel Declaration.)

## STATEMENT OF THE FACTS

Plaintiff respectfully requests that the Court refer to the Amended Complaint and the Declarations of Barbara Broughel and Frederieke Taylor, and the Affidavit of Theodore Berger for the facts as set forth therein.

Plaintiff disputes the facts as set forth in Defendants Battery Conservancy and Warrie Price's Memorandum of Law (p.6).  More specifically, and not by way of

limitation, Ms. Broughel was selected on the basis of her Proposal (Exhibit A, Decl. Broughel; Aff. Berger) to participate on a Design Team as the "Artist" for the interior of the Battery Carousel Project.  She was not selected solely to design "rideable carousel figures and a chariot."  (See Artist Orientation Outline; Hoffman Decl., Broughel Decl.)

In another paragraph in Defendants' answer (P. 8), the Defendants Price and Conservancy state that the only amount Ms. Broughel has claimed from the conservancy is costs and expenses of $2,250.85.  This despite the allegations in the complaints substantiating claims of Ms. Broughel solely for work performed and remaining unpaid far in excess of fifty thousand dollars, not including claims for damages for willful copyright infringement, injury to reputation and other claims alleged in her complaint.

Further, Defendants' specious claims that the "Conservancy paid Ms. Broughel $20,000 in advance, is totally unsupported by any factual allegations that any of the Defendants paid Ms. Broughel any of the monies admitted by them to be due and owing such as the $5,000 for the second fish model and the $38,000 on the first phase contract attached as Exhibit 3 to Defendants Price and Conservancy's Answer and Exhibit B of the Broughel Declaration.

As the Court stated in <u>Roth v. Jennings</u>, 489 F. 3d 499 (2nd Cir. Ct. Appeals 2007), "a court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the  light most favorable to plaintiff, and construe the complaint liberally." <u>Id.</u> (internal quotation marks omitted). And whatever documents may properly be considered in connection with the Rule

4

12(b)(6) motion, the bottom-line principle is that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 2007 WL 1461066, at *11 (U.S. May 21, 2007) ("Twombly").

The last paragraph on page 9 of Defendants' Memorandum is yet another example of Defendants' team of attorneys' arrogance and efforts to malign Plaintiff's counsel. Defendants' counsel is well aware that service was erroneously made on Price and the Conservancy. Plaintiff's attorney's assistant clarified and apologized for any errors in service, most of which in the end were the fault of Defendants' counsel.


## ARGUMENT

**I.   Legal Standard for Judgment on the Pleadings Pursuant to Fed. R. Civ. Proc. Rule 12(c)**

Federal Rule of Civil Procedure 12(c) provides for judgment on the pleadings "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." Sellers v. M. C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. See Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.")

The Rule 12(c) standard is the same as that applied under Rule 12(b)(6). See e.g., Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994). Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006), Katz v. Image Innovations Holdings, 2008

U.S. Dist. Lexis 22975 (JGK).  "Therefore, in reviewing a motion for judgment on the pleadings a court must assume the facts by the plaintiff to be true and must liberally construe them in the light most favorable to the plaintiff."  AD/SAT a Div. of Skylight, Inc. v. Associated Press, 885 F. Supp. 511, 514 (S.D.N.Y. 1995).

   As Judge Koetl recently observed in Katz v. Image Innovations Holdings, 2008 U.S. Dist. Lexis 22975, in deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true and all reasonable inferences  must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007); Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Bell Atlantic Corp., 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); see also Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007). In deciding the motion, the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or the plaintiffs knew of when bringing suit, or matters of which judicial notice may be taken.  Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir.2002); see also Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).

   In this circuit applying Twombly, the courts have stated that the plaintiff must satisfy "a flexible 'plausibility standard.'" Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (May 21, 2007). The Court, therefore, does not

require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  See Barnett v. Etheridge 2008 U.S. Dist. Lexis 23088.

Without question, considerable uncertainty concerning the adequacy of pleadings has recently been created by the Supreme Court's decision in Bell Atlantic v. Twombly.  The Court's explanation suggested that it intended to make some alteration in the regime of pure notice pleading that had prevailed in the federal courts ever since Conley v. Gibson, 355 U. S. 41, 78 S. Ct. 93 (1957).  However, as the Second Circuit recently observed in Iqbal v. Dennis Hasty, 490 F. 3d 143, 2007 U. S. App. Lexis 13911 (2nd Cir. 2007), "The nature and extent of that alteration is not clear because the Court's explanation contains several, not entirely consistent signals, which we consider (not necessarily in that order)."

The Second Circuit then explained,

"First, the Court explicitly disclaimed that it was "requir[ing] heightened fact pleading of specifics," id. At 1974, and emphasized the continued viability of Swierkiewicz, see id. At 1973-1974, which had rejected a heightened pleading standard.  See also Erickson v. Paradus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing Bell Atlantic's citation of Swierkiewicz."

"Second, although the Court failed the plaintiffs' complaint for alleging "merely legal conclusions" of conspiracy, Bell Atlantic, 127 S. Ct. at 1970, it explicitly noted with approval Form 9 of the *Federal Civil Rules*, Complaint for Negligence, which, with respect to the ground of liability, alleges only that the defendant "negligently drove a motor vehicle against plaintiff who was then crossing [an identified] highway," *Fed. R. Civ. P. App. Form 9*.  See Bell Atlantic, 127 s. Ct. at 1970 n. 10."

"The Court noted that Form 9 specifies the particular highway the plaintiff was crossing and the date and time of the accident, see id., but took no notice of the total lack of an allegation of the respects in which the defendant is alleged to have been negligent, i.e., driving too fast, crossing the center line, running a traffic light or stop sign, or even generally failing to maintain a proper lookout.  The adequacy of a generalized allegation of negligence in the approved Form 9 seems to weigh heavily against reading

Bell Atlantic to condemn the insufficiency of all legal conclusions in a pleading, as long as the defendant is given notice of the date, time, and place where the legally vulnerable conduct occurred."

"Third, the Court placed heavy emphasis on the "sprawling, costly, and hugely time-consuming" discovery that would ensure in permitting a bare allegation of an antitrust conspiracy to survive a motion to dismiss."

"Fourth, leaving <u>Leatherman</u> and <u>Crawford-El</u> undisturbed (compared to the explicit disavowal of the "no set of facts" language of Conley) further suggests that Bell Atlantic, or at least its full force, is limited to the antitrust context."

"Fifth, just two weeks after issuing its opinion in Bell Atlantic, the Court cited it for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies *Rule 8(a)(2)*]; the statement need only '''give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'''

As in <u>Iqbal</u>, defendants may probe for amplification of a Plaintiff's claims by a Rule 12(e) motion.

Quite simply stated, Defendants Price' and the Conservancy's statement that "the amended complaint's allegations fail to specify the grounds of the claims against Defendants contrary to Rule 8(a)(2) is simply false, mean spirited and obnoxious.

## II.    Defendants' 12(c) Motion must be Dismissed.

## A.    Plaintiff Has Pled the Elements of Copyright Infringement as Required by Rule 8 (a)(2).

The Copyright Act guarantees the owner of a registered copyright the "exclusive rights . . . (1) to reproduce the copyrighted work in copies . . .; [and] (2) to prepare derivative works based upon the copyrighted work." 17 U.S.C. @ 106.  A "derivative work" is defined as "a work based upon one or more preexisting works, such as an . . . art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. @ 101.

The elements of a copyright infringement claim are: "(1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original." Tangorre v. Mako's, Inc., 2002 U. S. Dist. Lexis 1658, 2002 WL 313156, (S.D.N.Y. Jan. 30, 2002) (citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361, 113 L. Ed. 2d 358, 111 S. Ct. 1282 (1991)).

Under the case law of the Second Circuit, to plead the elements of a copyright infringement action sufficiently for purposes of Fed. R. Civ. P. 8, a complaint must allege (1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the works have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright.

Plaintiff has satisfied each and every one of these requirements (1) the original works produced for the Battery Carousel Project and registered as a group with a the "Sea Glass", (2) and (3) copies of the registration certificate are attached to the complaint listing Plaintiff as author. A registration certificate is prima facie evidence of the facts alleged therein. In fact, Defendants in their respective answers admit that they used the Fish model but claim it was with a license, which Plaintiff denies. Defendants also admit to reproducing Plaintiff's copyrighted designs on their web site until at least October 28, 2007. As the Court stated in Cramer Krasselt v. Joseph E. Seagram & Sons in denying defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b),

> "At this stage of litigation, Plaintiff is not required to specify exactly which individual elements of the Proposals are original in order to put Defendants on fair notice of the claims against them; nor is it necessary

that Plaintiff state exactly which of the thirty proposed advertisements that constitute the Proposals were infringed.  <u>See</u> <u>Great American Fun Corp. v. Hosung New York Trading Inc.</u>, 935 F. Supp. 488, 489 (S.D.N.Y. 1996) (refusing to dismiss complaint as insufficiently specific under Rule 8, even though plaintiff did not allege which of defendant's works infringed plaintiff's copyrights); <u>Franklin Elec. Publishers, Inc. v. Unisonic Products Corp.</u>, 763 F. Supp. 1, 3-4 (S.D.N.Y. 1991) (deciding that complaint met Rule 8's requirement for specificity, where complaint alleged that defendant's product contained "portions copied and/or derived from [plaintiff's] copyrighted works.:); and <u>Tin Pan Apple v. Miller Brewing Co.</u>, 737 F. Supp. 826, 828 (S.D.N.Y. 1990) (denying motion to dismiss where complaint alleged that defendants copied "one or more" of plaintiff's copyrighted works; "the precise meaning of 'one or more' may be explored on discovery . . .")  Defendants cannot really argue that they do not have notice of the claims against them because "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 42 (2d Cir. 1988).  The allegations therefore satisfy the Rule 8 requirements."  2002 U.S. dist. Lexis at 16136.

Ironically, the case cited by Defendants in their Memorandum, <u>Kelly v. L. L. Cool J</u>, 145 F.R.D. 32 (1992 U. S. Dist. Lexis 17502) does not stand at all for the proposition stated by Defendants.  The decision in that case granted the defendant's motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  Plaintiff registered and claims copyright in all the images registered as "Sea Glass."  Plaintiff alleges and claims that Defendants used and intend to use her copyrighted images in the Battery Carousel Project.

The Defendants had access to Plaintiff's copyrighted designs and other intellectual property.  As Barbara Broughel stated in a letter dated April 13, 2007 to Defendant Price:

> In anticipation of a second design phase . . . I have given you to date, an original prototype and designs for thirty five unique original sea life forms, all of which conformed to my initial submission . . . I have also you a lighting plan,

including lighted figures, chandeliers and sea anemones . . .
a floor design for a lighted floor.

(Decl. Broughel, Exhibit G, p. 4)

Once an act of infringement under the Copyright Act has been proven, a plaintiff may, in lieu of an award of actual damages and profits, request that statutory damages under 17 U.S.C. @ 504(c) be awarded. If a plaintiff so elects, the district court will grant anywhere between $750 and $ 30,000 for each copyright infringed. See 17 U.S.C. @ 504(c)(1). If the Defendant's infringement was willful, as alleged herein, however, the district court may also, in its discretion, enhance the statutory damages award to as much $150,000 per infringed work. 17 U.S.C. @ 504(c)(2).

## B.    Plaintiff's Allegations for Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing Satisfy Rule 8 and Defeat a 12(c) Motion.

While admittedly, the Second Circuit has extended <u>Twombly</u> beyond antitrust cases, nevertheless, courts must continue to accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. <u>ATSI Commc'ns. Inc. v. Shaar Fund, Ltd.</u>, 493 F.3d 87, 98 (2d Cir. 2007).

Plaintiff Broughel has alleged that the call for artists and the Artist's Orientation package taken together with the custom and usage in the field of public art created a contract with the Conservancy.

In essence one of Plaintiff's claims is that Defendants breached their obligations to abide by policies and procedures customarily followed in percent for art and public art commissions in the City of New York. Just as New York courts have suggested that a student can sue a school for breach of contract, so too an artist awarded a commission through duly constituted selection procedures can sue a commissioning body

11

if that commission is wrongfully terminated.  As the Court stated in <u>Gally v. Columbia University</u>, 22 F. Supp. 2d 199 (1998 U. S. Dist. Lexis 15101),

> `When a student enrolls at a university, an implied contract arises: if the student complies with the terms prescribed by the university, she will obtain the degree she seeks.  <u>See Carr v. St. John's University</u>, 17 A. D. 2d 632, 231 N.Y.S.2d 410, 413 (2d Dept. <u>aff'd</u> 12 N. Y. 2d 802 (1962).

Critical material facts are in dispute which prevent resolution of the various issues at the pleading stage:  the meaning of various writings, the intent of the parties, the application of the parol evidence rule and the application of the statute of frauds are not available to the defendants if all allegations and documents are construed in the light most favorable to plaintiff.

The proper inferences to be drawn is that Plaintiff's performance was satisfactory and that if the statute of frauds is deemed to apply, Plaintiff's part performance created an exception to the statute of frauds.

Assuming <u>arguendo</u> that "the test for enforceability of an agreement is: (1) whether both or all parties . . . manifest objectively an intent to be bound by the agreement; (2) whether the essential terms of the agreements are sufficiently definite to be enforced; (3) whether there is consideration . . . "  The standard applied to breach of contract claims under 12(c) bears restating:

> "In other words, the court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant.  <u>Id.</u>
>
> When deciding a Rule 12(c) motion, the court shall consider "the pleadings and exhibits attached thereto, statements or documents incorporated by reference in the pleadings, matters subject to judicial notice, and documents submitted by the moving party, so long as such

documents either are in the possession of the party opposing the motion or were relied upon by that party in its pleadings."

"Judgment on the pleadings is rarely granted and is not  proper unless the movant clearly establishes that no material issue of fact  remains to be resolved." James Miller Marine Serves. Inc. v. V.I.P. Yacht  Cruises, Inc., 2002 U.S. Dist. LEXIS 13530, 01 CV 2938, 2002 WL 1467705 *2  (E.D.N.Y. Apr. 30, 2002) (citing 5A Wright, Miller & Kane, Federal Practice &  Procedure, Civil 2d @ 1368 (2d ed.1990)).

Plaintiff is also entitled to discovery on the Proposal Agreement referred to in the orientation outline but not produced by the Defendants and to submit expert testimony on the custom and usage in public art commission agreements which may be used to give meaning to the contract.

The Defendants rely on the seminal case of Joseph Martin Jr. Delicatessen Inc. v. Schumacher, 52 N. Y. 2d 105, 109 (N. Y. 1981). Delicatessen is of limited precedential value in this case. The majority opinion emphasized that the conclusion was "especially true" in relation to real property . . . Those qualifications undermine Delicatessen's applicability in contractual disputes related to this case and monetary damages.

In Cobble Hill Nursing Home v. Henry & Warren Corp., 74 N.Y.2d 475, 548 N.E.2d 203, 548 N.Y.S.2d 920 (1989), the Court of Appeals again faced the question of unspecified price terms. The contract in Cobble Hill gave the plaintiff a purchase option for a nursing home, but did not provide a specific price for the Department of [of Health] in accordance with the Public Health law and all applicable rules and that option and attempted to buy the nursing home at the price set by the Department of Health, defendants refused to honor the option, citing a perceived discrepancy between the property's fair market value and the Department of Health's assessment. Id. at 481.

13

Plaintiff filed suit for breach of contract, seeking specific performance at the price set by the Department. Id. Defendants claimed that the agreement was unenforceably vague because its four corners did not include a definite price term. Id. Evaluating these arguments, the Court of Appeals emphasized that "few principles are better settled in the law of contracts than the requirement of definiteness," and that under New York law "if an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract." Id. At 482 (citing Delicatessen, 52 N.Y.2d at 109). But it also noted that a price term is not necessarily indefinite because the agreement fails to specify a dollar figure, or leaves fixing the amount for the future, or contains no computational formula.

> "Where at the time of agreement the parties have manifested their intent to be bound, a price term may be sufficiently definitive if the amount can be determined objectively without the need for new expressions by the parties; a method for reducing uncertainty to certainty might, for example, be found within the agreement or ascertained by reference to an extrinsic event, commercial practice or trade usage. A price so arrived at would have been the end product of agreement between the parties themselves."

In this matter, commercial practice or trade usage in the area of public art fills in the blanks and provides the objective standard. New York City has adopted as Local Law 65, a percent for art ordinance. (See Hoffman Declaration.)

Plaintiff questions why in light of the million dollars of New York City funds allocated for the year 2007, the percent for art procedures were not mandatory for the Battery Carousel Project. Notwithstanding, it is the norm in public art commissions involving pubic agencies that the artist receive 20% as a design fee of the one percent allocated to the mandatory art budge. It is for this reason that the AIA Agreement

provided for a Phase II, with a question mark placed next to compensation in Phase II. Plaintiff was not only prevented from completing Phase II, but the asterick* clearly states that compensation for this Phase II was to be based on the budget.

Plaintiff's breach of contract claim cannot be resolved on a 12(c) motion based on Defendants' claim that there is no written agreement.  A contract can be formed under New York law without the execution of a written document, see Mun. Consultants & Publishers v. Town of Ramapo, 47 N.Y.2d 144, 148-49, 417 N.Y.S.2d 218, 390 N.E.2d 1143 (1979), and the binding nature of an oral agreement depends on (1) whether a party has made an "explicit statement that it reserves the right to be bound only when a written agreement is signed," (2) "whether one party has partially performed," (3) "whether there was literally nothing left to negotiate or settle, so that all that remained to be done was to sign what had already been fully agreed to," and (4) "whether the agreement concerns those complex and substantial business matters where requirements that contracts be in writing are the norm rather than the exception." R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 75-76 (2d Cir. 1984) (reciting New York law).

Defendants also state that plaintiff fails to plead damages properly: "injury to reputation for example is not cognizable as a form of contract damages."  P. 14, fn. 18. In fact, under New York law, consequential damages for a breach of contract can include loss of goodwill, including the loss of customers, future profits, and harm to business reputation.  Hangzhou Silk Import and Export Corp. v. P. C. B. Intern Industries, 2002 U. S. Dist. Lexis 16578, No. 00 Civ. 6344 (RLC), 2002 WL 2031591, (S.D.N.Y.) Sept. 5, 2002).

Plaintiff has stated in her declaration in support of her motion for a preliminary injunction that she agreed as an accommodation to Defendant Price and the Conservancy to enter into a Phase I contact with Defendant Architects.  Without diminishing her breach of contract claims against the Defendant Conservancy and Defendant Price, the A1A Document attached as Exhibit B to the Broughel Declaration sets forth an independent contract which Defendants breached ("AIA Contract").  Specifically, Defendants prevented Plaintiff from collaborating with the Design Team and with the fabricator as set forth in Article I.  The actions of Defendant Architects in using the drawings, specifications and documents provided by Plaintiff breached Article 5.1 and 5.2 of the AIA Contract.

Plaintiff disputes the conclusory allegations set forth in Defendants Memorandum on p. 11 and p. 12 and the footnotes thereto.  Plaintiff further disputes the characterization of the document dated July 12, 2006 as a "letter contract."  (See Broughel Decl.).

**C.**  **Claims of Promissory Estoppel and Quantum Meriut Meet the Standard For Pleading under Rule 8.**

Plaintiff has "plausibly" alleged facts to support claims under F.R. Civ. P 8 for quantum meriut, unjust enrichment and promissory estoppel based on the Defendants Conservancy and Price's failure to pay promised compensation and/or her termination without cause from the Design Team of the Battery Carousel Project.

Plaintiff's factual contention is evident.  The unambiguous promise of the Conservancy was that if Plaintiff fulfilled her services as set forth in the Proposal and as would be negotiated in good faith in future phases of the contract, Plaintiff would be entitled to complete the commission described in her Proposal.

16

The services provided by Plaintiff in working three years and in contributing pro bono work in excess of $20,000 dollars "were unequivocally referable" to the alleged promise of the Defendants Conservancy and Warrie Price as well as Defendant Architects that Plaintiff's pro bono contributions were made only to enable the Sea Glass Project to move forward and on condition that it move forward with the Plaintiff. As the employee of the Conservancy, Barbara Hertel, stated in a letter dated February 15, 2007, and referred to in the pleadings: "This letter acknowledges your donated work for the Conservancy from June 1, 2006 to December 31, 2006 with a total value of $19,368.75. Your work, including coordination of the three dimensional models and your drawings are integral to moving the project forward."

Moreover, the existence of an enforceable contract is not a necessary precondition to recovery under either quantum meriut or promissory estoppel.

> "In New York, promissory estoppel has three elements: 'a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made, and an injury sustained by the party asserting the estoppel by reason of the reliance.'"

> "An unconscionable injury is sometimes required to fulfill the third requirement. See 831 F. Supp. at 112; see also Aquilio v. Police Benevolent Ass'n of New York State Troopers, Inc., 857 F. Supp. 190, 199 (N.D.N.Y. 1994).

As in Cyberchron Corporation v. Calldata Systems Development, Inc., 47 F. 3d 39 (2nd Cir. 1995), Warrie Price kept insisting that "everything would be fine," "keep performing" (July 6 Letter of the Conservancy).

The Defendants' conduct in exerting pressure on Plaintiff to produce the prototypes without compensation "pro bono" and then abruptly terminating her contract and her role in the Carousel Project, using her designs on their website and removing her

17

name, was unconscionable.  The injury can only be remedied by invoking the doctrine of promissory estoppel.

**D.      Plaintiff's Claim of the Tort of Misappropriation of Ideas Meets Fed. R. Civ. P. 8 and New York Common Law.**

Attached to Plaintiff's Declaration as Exhibit H are the novel and concrete ideas which Defendants have misappropriated from Plaintiff.  Theodore Berger in his Declaration refers to the novel ideas of Plaintiff in her Proposal.  The Court is respectfully requested to infer the required legal relationship between the parties:  a relationship based on an express contract, an implied – in fact contract or a quasi-contract."  McGhan v. Ebersol, 608 F. Supp. 277, 284 (S.D.N.Y. 1985).  Discovery is warranted on the issue of the novelty of Plaintiff's idea and their use by the Defendants.

**E.      Plaintiff's Alleged Violation of § 14.03 of the New York Artist's Authorship Rights Act ("AARA") is not Preempted by VARA.**

Far from being well settled that "AARA" as Defendants' claim, is preempted by the federal Visual Artists Rights Act of 1990 ("VARA"), only one district court in this circuit has found preemption.  In that case, Bd. of Managers of SoHo Int'l Arts Condo v. City of New York, 2003 U.S. Dist. Lexis 13201 No. 01 Civ. 1226 (S.D.N.Y. June 17, 2003) the issue was the destruction of a work of visual art which was protected under the subject matter of VARA.  See Phillips v. Pembroke Real Estate Inc., 459 F.3d 128 (1st Cir. 2006), is to the contrary.

In Phillips, the district court held—without ever mentioning the possibility of preemption—that although the Plaintiff had no claim under VARA for the removal by the Defendant of some of his sculptures from the park, the Plaintiff nonetheless could

assert a claim for that same alleged injury under the Massachusetts Art Preservation Act ("MAPA").  288 F. Supp 2d 89, 92-93 aff'd 459 F. 3d 128 (1st Cir. 2006).  A number of scholars have suggested that the limited scope of VARA's protections to certain types of work does not necessarily mean that Congress believed moral rights should not attach at any level to other works of authorship.  See also Edward J. Damich, The Visual Artists Rights Act of 1990: Toward a Federal System of Moral Rights Protection for Visual Art, 39 CATH. U.L. REV. 945, 947-48 (1990) ("It is important that the preemption provision of the Act be given a narrow reading to allow the more expansive protections of state moral rights statutes to continue to bring American law closer to the requirements of article 6bis.").

Bd. of Mgr. of SoHo should not be read more broadly than its facts.

In Ringgold v. Black Entertainment TV, 126 F. 3d 70 (1997), the Second Circuit remanded for consideration to the district court, the application of the AARA to the display of a poster of an artistic work that was used as set decoration for a television program.  The Court specifically rejected defendant's argument that "AARA" was preempted by "VARA" on the appeal as it applied to both attribution and integrity.

The Defendants have created posters and digital models of Plaintiff's "fine art" for display on websites without credit to Plaintiff in violation of her rights under AARA under New York law.

**F.     Plaintiff's Claim VI and VII Allege Sufficient Facts to State A Claim for Relief which is "Plausible."**

Movants have not demonstrated that there are no material issues of fact to be resolved.  The appropriate inquiry is not whether a plaintiff will ultimately prevail but whether plaintiff is entitled to offer evidence to support her claims.

Rule 12(c) does not mention leave to amend; however, courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on pleading technicalities.

## II.     Legal Standard for a Preliminary Injunction.

To secure a preliminary injunction in district court, the moving party must demonstrate (1) that it will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make it a fair ground for litigation, and a balance of hardships tipping decidedly in its favor. MONY Group, Inc. v. Highfields Capital Mgmt, L.P., 368 F.3d 138, 143(2d Cir. 2004) (quoting Forest City Daly Hous., Inc. v. Town of North Hempstead, 175 F.3d 144, 149 (2d Cir. 1999)).

Irreparable harm exists where, "but for the grant of equitable relief, there is a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied. Brenntag Int'l Chems. Inc. v. Bank of India, 175 F.3d 245, 249 (2d Cir. 1999).

The graveman of Plaintiff's complaint is that she was wrongfully terminated from the Battery Carousel Project Design Team.

As set forth above and more fully develop din the Declarations of Barbara Broughel and Frederieke Taylor, Plaintiff is likely to succeed on the merits of her claim. However, Plaintiff will suffer irreparable harm if she is not able to complete the commission she was awarded. For that reason, Defendant should be temporarily enjoined from proceeding on the Battery Park Carousel Project.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that Defendant Price and Conservancy's 12(c) motion be dismissed and that Plaintiff's cross-motion for a preliminary injunction be granted, and for such other and further relief as the Court deems just, fair and equitable.

Dated: New York, New York
       March 31, 2008

Respectfully submitted,

By: _____
Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York  10023
(212) 873-6200

*Attorney for Plaintiff Barbara Broughel*

21