UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BARBARA BROUGHEL,                                  :
                                                   :
                Plaintiff,                    :    Case No. 07-cv-7755 (GBD)
                                                   :
   -against-                                      :
                                                   :
THE BATTERY CONSERVANCY, WARRIE                    :
PRICE, CLAIRE WEIZ AND MARK YOES,                  :
"DBA" WEISZ + YOES,                                :
                                                   :
                Defendants                    :
-------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT
# OF MOTION FOR JUDGMENT ON THE
# PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)


SINNREICH & KOSAKOFF LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
(631) 650-1200

Attorneys for Defendants
*Claire Weisz and Mark Yoes d/b/a Weisz + Yoes Architecture*
*s/h/i as Claire Weisz and Mark Yoes "DBA" Weisz + Yoes*

## **Table of Contents**

Page

Table of Authorities ................................................................................................................... iii

Preliminary Statement ................................................................................................................. 1

Statement of Facts ....................................................................................................................... 2

Argument ..................................................................................................................................... 4

    POINT I

    LEGAL STANDARD ON A MOTION
    FOR JUDGMENT ON THE PLEADINGS ................................................................... 5

    POINT II

    PLAINTIFF HAS FAILED TO PLEAD
    ANY CAUSE OF ACTION AGAINST W+Y ............................................................... 5

    1.    The Pleadings Demonstrate that
        Plaintiff Cannot Allege a Breach
        of Contract Claim Against W+Y ........................................................................... 5

    2.    Plaintiff Has No Causes of Action for
        Breach of the Implied Covenant of
        Good Faith and Fair Dealing or
        Quantum Meruit Against W+Y Where
        the Parties Had a Contractual Relationship ............................................................ 6

    3.    Plaintiff Has Not Alleged a Copyright
        Infringement Claim Against W+Y ........................................................................ 6

    4.    Plaintiff Has Not Alleged and Cannot
        Allege a Claim for Tortious Interference With
        Prospective Economic Advantage Against W+Y ................................................. 7

    5.    Plaintiff Has Not Alleged and Cannot
        Allege a Claim for Commercial
        Interference with Contracts Against W+Y ............................................................ 8

      6.       Plaintiff's Claims for Immoral Trade Practices and Misappropriation of Ideas, and for Violation of New York Artist's Authorship Rights Act Fail to State a Claim Against W+Y ...................................................... 8

Conclusion ................................................................................................................. 9

## **Table of Authorities**

**Cases** **Page**

*Bear Creek Productions, Inc. v. Saleh*,
　643 F. Supp. 489 (S.D.N.Y. 1986) ................................................................................... 7

*Crowley v. VisionMaker, LLC*,
　512 F. Supp. 2d 144 (S.D.N.Y. 2007) .............................................................................. 5

*Kelly v. L.L. Cool J.*,
　145 F.R.D. 32 (S.D.N.Y. 1992) ........................................................................................ 6

*Marvullo v. Gruner & Jahr*,
　105 F. Supp. 2d 225 (S.D.N.Y. 2000) ........................................................................... 6, 7

**Rules**

Fed. R. Civ. P. 12(c) ................................................................................................................ 1, 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 6

**Preliminary Statement**

Defendants Claire Weisz and Mark Yoes d/b/a Weisz + Yoes Architecture s/h/i as Claire Weisz and Mark Yoes "DBA" Weisz + Yoes, ("W+Y") respectfully submit this memorandum of law in support of W+Y's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

As shown below, the eight claims contained in the First Amended Complaint that are asserted against W+Y fail to state a cause of action as a matter of law, either because they are not pled with the requisite level of specificity, or because the uncontroverted facts and documents contained in the pleadings conclusively demonstrate that plaintiff Barbara Broughel ("Plaintiff") is not entitled to relief.

Specifically, the documents annexed to the pleadings establish that W+Y and Plaintiff were parties to a contract that obligated Plaintiff to perform five distinct Phase I tasks. Approximately six months after the date of this agreement, Plaintiff entered into a superseding agreement with co-defendant The Battery Conservancy (the "Conservancy"), explicitly acknowledging that Plaintiff had failed to complete all of her contractual obligations to W+Y and, among other things, transferring Plaintiff's remaining obligations from W+Y to the Conservancy. As a result, the Plaintiff's admission of her failure to fully perform her contractual obligations to W+Y precludes a breach of contract cause of action against W+Y as a matter of law.

Moreover, based on Plaintiff's contractual relationship with W+Y, she cannot state causes of action for breach of the implied covenant of good faith and fair dealing and quantum meruit as a matter of law.

Plaintiff's claim against W+Y for copyright infringement fails because she has not identified and cannot identify any specific infringing act committed by W+Y. Her vague, conclusory allegations in this regard are insufficient to plead a copyright infringement cause of action against W+Y, even under liberal pleading standards.

Finally, plaintiff's claims for tortious interference with prospective economic advantage, commercial interference with contract, immoral trade practices and misappropriation of ideas, and violation of the New York Artists' Authorship Rights Act are all either insufficiently pled, non-existent under New York law, or preempted by federal law.

As a result, the Court should grant W+Y judgment on the pleadings dismissing the First Amended Complaint.

## Statement of Facts

W+Y was the architect hired by the Conservancy in connection with the Conservancy's installation of an aquatic-themed carousel in Manhattan's Battery Park. *See* First Amended Complaint (Docket No. 13) ¶ 14. On or about January 20, 2006, Plaintiff and W+Y entered into an AIA Standard Form of Agreement Between Architect and Consultant for Special Services (the "W+Y Agreement"). *See* Answer and Counterclaim of the Conservancy and Warrie Price (the "Conservancy Counterclaim") (Docket No. 8), Ex. 3; First Amended Complaint ¶ 17. Claire Weisz executed the W+Y Agreement on behalf of W+Y, and Plaintiff executed the W+Y Agreement on behalf of herself individually. *See* Conservancy Counterclaim, Ex. 3 at p. 5.

The W+Y Agreement specifically states that Plaintiff is obligated to provide the following Phase I services:

    1.      "Collaborate with Design Team to develop interior design elements of the Carousel;"

    2.      "Overall Plan for Carousel Figures Design for each of the individual Carousel Figures;"

    3.      "Design for each of the individual Carousel Figures;"

    4.      "Model of the Carousel + Figures @ small scale (physical model to be produced with Scenic Technologies);" and

    5.      "Prototype of one Figure @ full scale (physical model to be produced with Scenic Technologies)."

*Id.* at Article 1, p. 2; First Amended Complaint ¶ 17.

On or about July 12, 2006, Plaintiff entered into a superseding letter agreement with the Conservancy (the "Letter Agreement"). *See* Answer and Counterclaim, Ex. 4; First Amended Complaint ¶ 30. Plaintiff executed the Letter Agreement on behalf of herself individually. *See* Answer and Counterclaim, Ex. 4.

The Letter Agreement explicitly acknowledges that Plaintiff only completed four of the five Phase I tasks that she was responsible for pursuant to the W+Y Agreement. *See id.* Specifically, Plaintiff failed to complete the "Design for each of the individual Carousel Figures." *Id.* In addition, the Letter Agreement states that "[a]s part of your involvement on the project you produced work for Weisz + Yoes. We have now agreed that you will, from today forward, be working directly for the Conservancy." *Id.*

Ultimately, on March 21, 2007, the Conservancy terminated the Letter Agreement with Plaintiff. *See* First Amended Complaint ¶ 30. On or about April 12, 2007, the Conservancy sent Plaintiff a letter confirming its prior termination of the Letter Agreement, and explaining its reasons therefor. *See id.* ¶ 31. Plaintiff subsequently commenced this action on August 31, 2007 (Docket No. 1), and amended her Complaint on or about November 20, 2007 to include W+Y as defendants (Docket No. 13). The Conservancy and Warrie Price filed an Answer to the

3

original Complaint and a Counterclaim against Plaintiff on September 25, 2007 (Docket No. 8). W+Y filed an Answer to the First Amended Complaint on December 11, 2007 (Docket No. 16), and the Conservancy and Warrie Price filed an Answer to the First Amended Complaint on December 21, 2007 (Docket No. 20).

While Plaintiff alleges that W+Y has removed Plaintiff's "name from any and all credits related to the Project and deleted her name from the official Carousel website and the Weisz + Yoes website. (Exhibit A)," nothing in Exhibit A to the First Amended Complaint actually supports such an allegation. *See* First Amended Complaint ¶ 33; Ex. A. Similarly, while Plaintiff also alleges that W+Y has "reproduced, transmitted and displayed images of Plaintiff Broughel's copyrighted artwork on [its] website[] without authorization," no specific examples or printouts with respect to W+Y are included in or attached to the First Amended Complaint. *Id.* ¶ 54.

## **Argument**[1]

As detailed in the Conservancy Brief, Plaintiff's First Amended Complaint either fails to plead her various causes of action with the requisite specificity or fails to state a claim as a matter of law. This is especially true with respect to W+Y, which had an approximately six month contractual relationship with Plaintiff that ended in Plaintiff signing a superseding agreement with the Conservancy that explicitly acknowledged that Plaintiff did not fully perform her obligations under the W+Y Agreement. As a result, Plaintiff has not stated and cannot state a claim against W+Y and, as such, the First Amended Complaint should be dismissed as to W+Y.

---

[1] To refrain from burdening the Court with duplicative argument, to the extent possible, W+Y will rely on the legal arguments set forth in the Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, filed on behalf of the Conservancy and Warrie Price on March 3, 2008 (Docket No. 23) (the "Conservancy Brief").

4

## POINT I

### LEGAL STANDARD ON A MOTION
### FOR JUDGMENT ON THE PLEADINGS

W+Y relies on, and respectfully refers the Court to Section I of the Conservancy Brief (p. 5-6) with respect to the legal standard on a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

## POINT II

### PLAINTIFF HAS FAILED TO PLEAD
### ANY CAUSE OF ACTION AGAINST W+Y

**1.  The Pleadings Demonstrate that
Plaintiff Cannot Allege a Breach
of Contract Claim Against W+Y**

Plaintiff's second cause of action for breach of contract against all defendants fails as against W+Y because the pleadings conclusively demonstrate that Plaintiff cannot allege all required elements of such a claim. As a result, this cause of action should be dismissed as against W+Y.

It is blackletter law that, to successfully allege a cause of action for breach of contract, Plaintiff must be able to state that she has fully performed her obligations under that contract. *See Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 151 (S.D.N.Y. 2007) (citations omitted). The pleadings demonstrate that, pursuant to the Letter Agreement, Plaintiff acknowledged that she had only completed four of her five Phase I obligations under the W+Y Agreement. *See* Conservancy Counterclaim, Ex. 4. As such, Plaintiff cannot allege this essential element of a breach of contract claim against W+Y, and this claim should be dismissed.

**2.    Plaintiff Has No Causes of Action for
Breach of the Implied Covenant of
Good Faith and Fair Dealing or
Quantum Meruit Against W+Y Where
the Parties Had a Contractual Relationship**

As noted above, Plaintiff and W+Y were parties to the W+Y Agreement, which was superseded by the Letter Agreement between Plaintiff and the Conservancy after Plaintiff failed to fully perform her obligations under the W+Y Agreement. *See* Conservancy Counterclaim, Ex. 3 and 4; First Amended Complaint ¶¶ 17, 30. Based on this contractual relationship between Plaintiff and W+Y, W+Y relies on Sections II(C) and (D) of the Conservancy Brief (p. 13-16), for the legal arguments stated therein, including that Plaintiff cannot allege claims for breach of the implied covenant of good faith and fair dealing or quantum meruit where a contractual relationship existed between the parties.

**3.    Plaintiff Has Not Alleged a Copyright
Infringement Claim Against W+Y**

To successfully plead a cause of action for copyright infringement, Plaintiff is required to allege, *inter alia*, by "what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). As noted above, the First Amended Complaint is completely deficient in describing any specific infringing act on the part of W+Y or when any alleged acts took place. *See* First Amended Complaint ¶¶ 33-42, Ex. A.

"'A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).'" *Marvullo v. Gruner & Jahr*, 105 F. Supp. 2d 225, 228-29 (S.D.N.Y. 2000) (quoting *De Jesus v. Sears, Roebuck & Co, Inc.*, 87 F. 3d 65, 70 (2d Cir. 1996)). As such, a purported copyright claim lacking "any factual support, merely states

6

a legal conclusion insufficient to withstand a motion to dismiss." *Id.* at 228.; *see also Bear Creek Productions, Inc. v. Saleh*, 643 F. Supp. 489, 493 (S.D.N.Y. 1986) (where plaintiff failed to provide "a single factual allegation to support this vague allegation" of intent to commit infringement, it failed to state a claim for copyright infringement) (citing *T.B. Harms Co. v. Eliscu*, 226 F. Supp. 337, 339 (S.D.N.Y.), *aff'd* 339 F. 2d 823 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S. Ct. 1534, 14 L. Ed. 2d 435 (1965)).  Based on the foregoing, Plaintiff's first cause of action for copyright infringement fails to state a cause of action against W+Y.  As a result, this claim should be dismissed.

4. **Plaintiff Has Not Alleged and Cannot Allege a Claim for Tortious Interference With Prospective Economic Advantage Against W+Y**

W+Y relies on, and respectfully refers the Court to, Section II(F) of the Conversancy Brief (p. 18-21) with respect to the legal arguments supporting Plaintiff's failure and inability to allege a cause of action for tortious interference with prospective economic advantage.  These legal arguments equally apply to W+Y, which, as noted above, had a contractual relationship with Plaintiff.  Moreover, the First Amended Complaint fails to allege any specific facts demonstrating that W+Y: (1) interfered with any commercial relationship between Plaintiff and the Conservancy; or (2) acted for the sole purpose of harming the Plaintiff.  Finally, the First Amended Complaint specifically admits that Plaintiff entered into the Letter Agreement with the Conservancy, which explicitly transferred her contractual obligations from W+Y to the Conservancy.  As a result, Plaintiff's claim for tortious interference with prospective economic advantage against W+Y fails as a matter of law.

**5.   Plaintiff Has Not Alleged and Cannot
Allege a Claim for Commercial
<u>Interference with Contracts Against W+Y</u>**

While Plaintiff's seventh cause of action for commercial interference with contracts is denominated as against defendants Price and W+Y, this claim appears to solely allege that defendant Price somehow intentionally procured the breach of the W+Y Agreement.  *See* First Amended Complaint ¶¶ 68-72.  Despite the fact that this claim does not exist under New York law, and -- even if considered as a claim for tortious interference with contract -- fails to state a claim against defendant Price (Conservancy Brief § II(G) at p. 21-22), there can be no claim against W+Y for procuring the breach of its own contract with Plaintiff.  As a result, to the extent that this claim is asserted against W+Y, it should be dismissed.

**6.   Plaintiff's Claims for Immoral Trade Practices
and Misappropriation of Ideas, and for
Violation of New York Artist's Authorship
<u>Rights Act Fail to State a Claim Against W+Y</u>**

W+Y relies on, and respectfully refers the Court to, Section II(H) of the Conservancy Brief (p. 22-23) demonstrating that Plaintiff has not alleged and cannot allege a claim for immoral trade practices and misappropriation of ideas as a matter of law.

Similarly, W+Y relies on, and respectfully refers the Court to, Section II(I) of the Conversancy Brief (p. 23-24) demonstrating that the New York Artists' Authorship Rights Act is pre-empted by federal law.

As a result, these two claims should be dismissed as against W+Y.

8

**Conclusion**

For the reasons set forth above, and in the Conservancy Brief, defendants W+Y respectfully request that the Court grant their motion for judgment on the pleadings dismissing the First Amended Complaint, together with such additional and further relief as the Court deems just and proper.

Dated: Central Islip, New York
April 4, 2008

                                       SINNREICH & KOSAKOFF LLP

                                       By:     /s/ Jarrett M. Behar
                                              Jarrett M. Behar (JB-4983)
                                     267 Carleton Avenue, Suite 301
                                     Central Islip, New York 11722
                                     (631) 650-1200

                                     Attorneys for Defendants
                                     *Claire Weisz and Mark Yoes d/b/a Weisz + Yoes*
                                     *Architecture s/h/i as Claire Weisz and Mark*
                                     *Yoes "DBA" Weisz + Yoes*

F:\Data\1358-05\Memorandum of Law in Support of Motion for Judgment on Pleadings.doc