# EXHIBIT 3

*executed 1/2016*

# AIA® Document C727™ – 1992

## Standard Form of Agreement Between Architect and Consultant for Special Services

AGREEMENT made as of the Twentieth day of January in the year of Two Thousand and Six
*(In words, indicate day, month and year)*

**BETWEEN** the Architect:
*(Name and address)*

Weisz + Yoes CWA, Sole Proprietorship
224 Centre Street, New York, NY 10013

and the Consultant:
*(Name and address)*

Barbara Broughel
303 East Eighth Street
apartment 5F
New York, NY 10009

The Architect has made an agreement dated January 20, 2006 with the Owner:

For the following Project:
*(Include detailed description of Project, location, address and scope.)*

Carousel
Battery Bosque
Based upon our initial work created since May 2003 for the carousel, we intend to provide architectural and consultant services for the design concept and development of the interior and exterior of the carousel as well as the concept design of the attraction systems, inclusive of the figures and the strategies for night and day lighting, enclosure, sound, movement, projections and the ticketing kiosk, plaza and entry sequence and to review concepts for branding.

The agreement between the Architect and the Owner is not incorporated in this Agreement by this reference. Unless specifically adopted, none of the terms of the agreement between the Architect and the Owner are incorporated in this Agreement.
The Architect and Consultant agree as set forth below.

**ADDITIONS AND DELETIONS:**
The author of this document has added information needed for its completion. The author may also have revised the text of the original AIA standard form. An *Additions and Deletions Report* that notes added information as well as revisions to the standard form text is available from the author and should be reviewed. A vertical line in the left margin of this document indicates where the author has added necessary information and where the author has added to or deleted from the original AIA text.

This document has important legal consequences. Consultation with an attorney is encouraged with respect to its completion or modification.

Recommended for use with the current editions of standard AIA agreement forms and documents.

AIA Document C727™ – 1992. Copyright © 1982 and 1992 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 15:43:59 on 01/20/2006 under Order No.1000215805_1 which expires on 1/16/2007, and is not for resale.
User Notes:                                                                                                                                    (3591248920)

1

ARTICLE 1  CONSULTANT'S SERVICES
*(Here list those services to be provided by the Consultant under the Terms and Conditions of this Agreement. Note under each service listed the method and means of compensation to be used, if applicable, as provided in Article 9, and the dates by which such services are to be completed.)*

| Service to be provided | Method and means of compensation | Completion date |
|---|---|---|
| Collaborate with Design Team to develop interior design elements of the Carousel | included in Phase 1 fee | |
| Overall Plan for Carousel Figures | included in Phase 1 fee | |
| Design for each of the individual Carousel Figures | included in Phase 1 fee | |
| Model of the Carousel + Figures @ small scale (physical model to be produced with Scenic Technologies) | included in Phase 1 fee | |
| Prototype of one Figure @ full scale (physical model to be produced with Scenic Technologies) | included in Phase 1 fee | |
| Document Design of Overall Figures and Individual Figure Details for Budget/Bid Pricing | included in Phase 2 fee | |

ARTICLE 2  CONSULTANT'S RESPONSIBILITIES
§ 2.1 The Consultant is an independent contractor, is responsible for methods and means used in performing the Consultant's services under this Agreement, and is not an employee, agent or partner of the Architect.

§ 2.2 The Consultant shall designate a representative authorized to act on the Consultant's behalf.

§ 2.3 The Consultant shall recommend to the Architect that appropriate investigations, surveys, tests, analyses and reports be obtained as necessary for the proper execution of the Consultant's services.

§ 2.4 The Consultant shall coordinate the Consultant's services with those of the Architect and the Architect's other consultants for the Project, and shall provide progress copies of drawings, reports, specifications and other necessary information to the Architect and the Architect's other consultants for coordination and review. All aspects of the Work designed by the Consultant shall be coordinated by the Consultant, and the Consultant shall also become familiar with the Work designed by the Architect and the Architect's other consultants as necessary for the proper coordination of the Consultant's services.

§ 2.5 The Consultant shall not be responsible for the acts or omissions of the Architect, Architect's other consultants, Contractor, Subcontractors, their agents or employees, or other persons performing services related to the Project.

§ 2.6 The Consultant's services shall be performed as expeditiously as is consistent with professional skill and care and the orderly progress of the Work.

ARTICLE 3  ARCHITECT'S RESPONSIBILITIES
§ 3.1 The Architect shall be the general administrator of the professional services for the Project, and shall facilitate the exchange of information among the consultants retained by the Architect.

§ 3.2 The Architect shall designate a representative authorized to act on the Architect's behalf.

§ 3.3 Prompt written notice shall be given by the Architect to the Consultant if the Architect observes or otherwise becomes aware of any fault or defect with respect to the Consultant's services for the Project.

AIA Document C727™ – 1992. Copyright © 1982 and 1992 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 15:43:59 on 01/20/2006 under Order No.1000215805_1 which expires on 1/16/2007, and is not for resale.
User Notes:                                                                                                                                  (3591248920)

2

## ARTICLE 4  PAYMENTS TO THE CONSULTANT
### § 4.1 DIRECT PERSONNEL EXPENSE
§ 4.1.1 Direct Personnel Expense is defined as the direct salaries of the Consultant's personnel engaged on the Project, and the portion of the cost of their mandatory and customary contributions and benefits related thereto, such as employment taxes and other statutory employee benefits, insurance, sick leave, holidays, vacations, pensions and similar contributions and benefits.

### § 4.2 REIMBURSABLE EXPENSES
§ 4.2.1 Reimbursable Expenses are in addition to compensation for the Consultant's Services and include expenses incurred by the Consultant and the Consultant's employees in the interest of the Project as identified in the following Clauses 4.2.1.1 through 4.2.1.3.

§ 4.2.1.1 Expense of transportation in connection with the Project; expenses in connection with authorized out-of-town travel; long-distance communications; and fees paid for securing approvals of authorities having jurisdiction over the Project.

§ 4.2.1.2 Expense of reproductions and postage and handling of documents.

§ 4.2.1.3

### § 4.3 PAYMENTS ON ACCOUNT OF SERVICES
§ 4.3.1 Payments for the Consultant's services and for Reimbursable Expenses shall be made on the basis set forth in Article 9.

§ 4.3.2 The Consultant shall submit invoices for the Consultant's services and Reimbursable Expenses. The Architect shall review such invoices and, if they are considered incorrect or untimely, the Architect shall review the matter with the Consultant and confirm in writing to the Consultant within ten days from receipt of the Consultant's billing the Architect's understanding of the disposition of the issue.

### § 4.4 CONSULTANT'S ACCOUNTING RECORDS
§ 4.4.1 Records of Reimbursable Expenses and expenses pertaining to services performed on the basis of a Multiple of Direct Personnel Expense shall be available to the Architect or Architect's authorized representative at mutually convenient times.

## ARTICLE 5  USE OF CONSULTANT'S DRAWINGS, SPECIFICATIONS AND OTHER DOCUMENTS
§ 5.1 Except for reference and coordination purposes, documents prepared by the Consultant are instruments of the Consultant's service for use solely with respect to this Project and, unless otherwise provided, the Consultant shall be deemed the author of these documents and shall retain all common law, statutory and other rights, including the copyright. The Architect shall be permitted to retain copies, including reproducible copies, of the Consultant's documents for information and reference. The Consultant's documents shall not be used by the Architect or others on other projects, or for completion of this Project by others, , except by agreement in writing and with appropriate compensation to the Consultant.

§ 5.2 The Architect and Consultant shall not make changes in each other's documents without written consent of the other party.

§ 5.3 Submission or distribution of Consultant's documents to meet official regulatory requirements or for similar purposes in connection with the Project is not to be construed as publication in derogation of the Consultant's reserved rights.

## ARTICLE 6  ARBITRATION
§ 6.1 In the event that payment is made it will not be deemed to be a waiver of any rights to pursue claim against the consultant including the right to seek reimbursement of fees as appropriate. It is understood that the design documentation work of the artist and fabrication work of the fabricators executing the artist's concept for the figures is being done for the benefit of the Owner. In the event that there is a lack or delay in performance, the Owner can pursue claims against the Artist **OR** the Fabricator directly.

AIA Document C727™ – 1992. Copyright © 1982 and 1992 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 15:43:59 on 01/20/2006 under Order No.1000215805_1 which expires on 1/16/2007, and is not for resale.
User Notes: (3591248920)

3

§ 6.2 Demand for arbitration shall be filed in writing with the other party to this Agreement and with the American Arbitration Association. A demand shall be made within a reasonable time after the claim, dispute or other matter in question has arisen. In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statutes of limitations.

§ 6.3 An arbitration between the Architect and Consultant may be joined with an arbitration between the Architect and any person or entity with whom the Architect has a contractual obligation to arbitrate disputes if the arbitrations involve common questions of fact or law. No other arbitration arising out of or relating to this Agreement shall include, by consolidation, joinder or in any other manner, an additional person or entity not a party to this Agreement except by written consent containing a specific reference to this Agreement and signed by the Architect, Consultant and any other person or entity sought to be joined. Consent to arbitration involving an additional person or entity, other than a person or entity with whom the Architect has a contractual obligation to arbitrate disputes, shall not constitute consent to arbitration of any claim, dispute or other matter in question not described in the written consent or with a person not named or described therein. The foregoing agreement to arbitrate and other agreements to arbitrate with an additional person or entity duly consented to by the parties to this Agreement shall be specifically enforceable in accordance with applicable law in any court having jurisdiction thereof.

§ 6.4 The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

### ARTICLE 7  MISCELLANEOUS PROVISIONS
§ 7.1 Unless otherwise provided, this Agreement shall be governed by the law of the principal place of business of the Architect.

§ 7.2 Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than the date final payment is due the Consultant pursuant to Article 4.

§ 7.3 The Architect and Consultant, respectively, bind themselves, their partners, successors, assigns and legal representatives to the other party to this Agreement and to the partners, successors, assigns and legal representatives of such other party with respect to all covenants of this Agreement. Neither Architect nor Consultant shall assign this Agreement without the written consent of the other.

§ 7.4 This Agreement represents the entire and integrated agreement for the Project between the Architect and Consultant and supersedes all prior negotiations, representations or agreements, either written or oral. This Agreement may be amended only by written instrument signed by both Architect and Consultant.

### ARTICLE 8  TERMINATION OF AGREEMENT
§ 8.1 This Agreement is terminated if and when the Project is suspended or abandoned, or if the Architect's involvement with the Project is suspended or terminated. The Architect shall promptly notify the Consultant of such termination.

§ 8.2 This Agreement may be terminated by either party upon seven days' written notice should the other party fail substantially to perform in accordance with its terms through no fault of the party initiating the termination.

§ 8.3 In the event of termination ~~not the fault of the Consultant,~~ the Consultant shall be compensated for services performed prior to termination, together with Reimbursable Expenses then due.

### ARTICLE 9  BASIS OF COMPENSATION
The Architect shall compensate the Consultant for the services provided, in accordance with Article 4, Payments to the Consultant, and the other Terms and Conditions of this Agreement, as follows:

§ 9.1 COMPENSATION FOR THE CONSULTANT'S SERVICES, as described in Article 1, Consultant's Services, shall be computed as follows:
*(Insert basis of compensation, including stipulated sums, multiples or percentages, and identify the services to which particular methods of compensation apply, if necessary.)*

AIA Document C727™ – 1992. Copyright © 1982 and 1992 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 15:43:59 on 01/20/2006 under Order No.1000215805_1 which expires on 1/16/2007, and is not for resale.
User Notes: (3591248920)

4

| Service(s) to be compensated | Basis of compensation |
|---|---|
| Phase 1 Services | $38,000 |
| Phase 2 Services | $14,000* |
| | *may be renegotiated after Phase 1 |

§ 9.2 FOR REIMBURSABLE EXPENSES, as described in Article 4, and any other items included in Article 10 as Reimbursable Expenses, a multiple of 1 ( one ) times the expenses incurred by the Consultant, the Consultant's employees and subconsultants in the interest of the Project.

§ 9.3 IF THE SCOPE of the Consultant's services is changed materially, the amounts of compensation shall be equitably adjusted.

§ 9.4 INSURANCE COVERAGES
*(After consultation with insurance counsel for the Architect and Consultant, insert the minimum limits of insurance required for each type of insurance required.)*

Type of insurance             Minimum limit ($ 0.00)

ARTICLE 10   OTHER CONDITIONS OR SERVICES

This Agreement entered into as of the day and year first written above.

ARCHITECT                                         CONSULTANT

_____                           _____
(Signature)                                       (Signature)
Claire Weisz, Principal                           Barbara Broughel
(Printed name and title)                          (Printed name and title)

AIA Document C727™ – 1992. Copyright © 1982 and 1992 by The American Institute of Architects. All rights reserved. WARNING: This AIA® Document is protected by U.S. Copyright Law and International Treaties. Unauthorized reproduction or distribution of this AIA® Document, or any portion of it, may result in severe civil and criminal penalties, and will be prosecuted to the maximum extent possible under the law. This document was produced by AIA software at 15:43:59 on 01/20/2006 under Order No.1000215805_1 which expires on 1/16/2007, and is not for resale.
User Notes:                                                                                                      (3591248920)

# EXHIBIT 4

Case 1:07-cv-07755-GBD    Document 20-6    Filed 03/03/2008    Page 7 of 10



July 12, 2006

Barbara Broughel
160 Hillspoint Road
Westport, CT 06880

Dear Barbara,

We are delighted to work with you to continue the development of the sea creature figures for the Battery Carousel.

As part of your involvement on the project you produced work for Weisz + Yoes. We have now agreed that you will, from today forward, be working directly for the Conservancy.

Services that you provided under contract with Weisz + Yoes were as follows:

1. Collaborated with Design Team to develop the interior design elements of the Carousel
2. Overall Plan for Carousel figures
3. Model of the Carousel and figures
4. Prototype of one full scale figure produced by PRG

In the near future, you will produce for the Conservancy a schematic, scalable design for each of the individual Carousel Figures showing human scale relationship and size. These sketches whether produced by hand or computer, will indicate color, scale, and pattern concepts.

You will be producing 10 - 12 initial experimental resin samples in the next 12 days with the goal of determining material direction for the Carousel figures. We expect this to cost ~ $250 and not to exceed $300.

We would like you to direct the production of a full scale prototype model of half a fish, overseeing the modeling, mold making, casting and finishing including lighting. Selection of the modelers and mold makers is up to you..

Your current guess of the costs to fabricate this model are as follows:

| | |
|---|---|
| Modeling | $10,000 |
| Mold making | $3,000 – $5,000 |
| Casting and armature | $4,500 |

Please note that you cannot proceed with the fabrication of this model until the Conservancy has secured the funding.

Please acknowledge by signing below and returning an original to the Conservancy. Thank you and we look forward a productive collaboration to move the figures to the next level.

_____    _____     _____ 7.12-06
Barbara Broughel       date              Pat Kirshner            date
Artist                                    The Battery Conservancy

The Battery Conservancy
1 New York Plaza, Concourse, New York, NY 10004  T. 212 344-3491  F. 212 344-3496
www.thebattery.org

# EXHIBIT 5

