Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy and Warrie Price

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                                           :

BARBARA BROUGHEL,                   :

                 Plaintiff,       :  No. 07 Civ. 7755 (GBD)
        v.                           :
                                        :  ECF Case
THE BATTERY CONSERVANCY,   :
WARRIE PRICE, CLAIRE WEISZ, AND  :
MARK YOES, "DBA" WEISZ + YOES,   :
                                        :
               Defendants.   :
-------------------------------------------------------x


**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
CROSS-MOTION FOR A PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT...................................................................................................................................3

I.      THE REMEDY THAT PLAINTIFF SEEKS IS NOT AVAILABLE. ....................3

II.     PLAINTIFF DOES NOT MEET THE TEST FOR A PRELIMINARY
INJUNCTION...................................................................................................................5

        A.     Legal Standard for a Motion for Preliminary Injunction............................5

        B.     Plaintiff Has Not Met Her Burden on any of the Requirements for
a Preliminary Injunction ..................................................................................5

              1.     Plaintiff Has Made No Showing of Irreparable Harm…………….6

        C.     Plaintiff Cannot Demonstrate Likelihood of Success on the Merits..........10

        D.     The Public Interest Decidedly Favors Defendants, a Non-Profit
Entity and its President, Who are Working to Build a Public
Carousel for Manhattan's Battery Park........................................................11

III.    PLAINTIFF'S MOTION IS BARRED BY LACHES. ........................................12

CONCLUSION..................................................................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abdul Wali* v. *Coughlin*,
   754 F.2d 1015 (2d Cir. 1985)..................................................................................10

*Anton/Bauer, Inc.* v. *Energex Sys. Corp.*,
   839 F. Supp. 243 (S.D.N.Y. 1993).............................................................................5

*Barcus* v. *Cooper*,
   171 N.Y.S. 654 (N.Y. App. Div. 1st Dept. 1918)......................................................4

*Breeden* v. *Hopkins*,
   206 N.Y.S. 282 (N.Y. App. Div. 1st Dept. 1924)......................................................4

*Brenntag Int'l Chemicals, Inc.* v. *Bank of India*,
   175 F.3d 245 (2d Cir. 1999).......................................................................................7

*Chambers* v. *Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002).....................................................................................11

*Citibank, N.A.* v. *Citytrust*,
   756 F.2d 273 (2d Cir. 1985).......................................................................................5

*Hangzhou Silk Imp. & Exp. Corp.* v. *P.C.B. Int'l Indus., Inc.*,
   00 Civ. 6344 (RLC), 2002 U.S. Dist. LEXIS 16578 (S.D.N.Y. Sept. 4, 2002)............4

*Hannex Corp.* v. *GMI, Inc.*,
   No. CV-89-0243, 1989 WL 23960 (E.D.N.Y. Mar. 10, 1989)..................................11

*In the Matter of Baby Boy C*,
   638 N.E.2d 963 (N.Y. 1994).......................................................................................4

*In re Feit & Drexler*, *Inc.*,
   760 F.2d 406 (2d Cir. 1985)...................................................................................4, 6

*Landis* v. *North America Co.*,
   299 U.S. 248 (1936)....................................................................................................3

*National Council of Arab Americans* v. *City of New York*,
   331 F. Supp. 2d 258 (S.D.N.Y. 2004)................................................................12, 13

*New Era Publications International, ApS* v. *Henry Holt & Co.*,
   873 F.2d 576 (2d Cir. 1989).....................................................................................13

Page(s)

*Patton* v. *Dole*,
 806 F.2d 24 (2d Cir. 1986)..........................................................................................5

*Proctor & Gamble* v. *Chesebrough-Pond's Inc.*,
 747 F.2d 114 (2d Cir. 1984)………………………………………………………..6

*S.E.C.* v. *Unifund Sal*,
 910 F.2d 1028 (2d Cir. 1990)………………………………………………....…10

*Tom Doherty Assocs., Inc.* v. *Saban Entertainment, Inc.*,
 60 F.3d 27 (2d Cir. 1995) ..............................................................................5, 9, 10

*Union Cosmetic Castle, Inc.* v. *Amorepacific Cosmetics USA, Inc.*,
 454 F. Supp. 2d 62 (E.D.N.Y. 2006) .......................................................................6, 10

**OTHER AUTHORITIES**

New York Artists' Authorship Rights Act, *N.Y. Arts & Cult. Aff. Law* § 14.03
 ("AARA")……………………………………………………………………..7

22 NYCRR § 1200.21; Disciplinary Rules 5-102 (2003).....................................................8

24 Richard A. Lord, *Williston on Contracts* § 66:1 (4th ed. 2002) ....................................4

Fed. R. Civ. P. 12(c) ...........................................................................................................11

Fed. R. Civ. P. 15(a)(2)........................................................................................................8

Fed. R. Civ. P. 26(a) ........................................................................................................7, 8

Fed. R. Civ. P. 65(c) ..........................................................................................................11

Fed. R. Evid. 602 .................................................................................................................8

Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel.:  (202) 956-7500
Fax:  (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy and Warrie Price

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
:
BARBARA BROUGHEL, :
:
                Plaintiff, : No. 07 Civ. 7755 (GBD)
        v. :
: ECF Case
THE BATTERY CONSERVANCY, :
WARRIE PRICE, CLAIRE WEISZ, AND :
MARK  YOES, "DBA" WEISZ + YOES, :
:
                Defendants. :
:
-------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR A PRELIMINARY INJUNCTION

       Defendants The Battery Conservancy (the "Conservancy") and Warrie Price (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction.

### PRELIMINARY STATEMENT

       Two weeks ago, Plaintiff moved to enjoin Defendants from proceeding with the construction of the aquatic-themed carousel that the Conservancy proposes to

build and operate in lower Manhattan's Battery Park (the "Carousel Project"). The stated goal of the injunction is to put Plaintiff back on the design team for the Carousel Project, despite her termination by the Conservancy over a year ago for non-performance.

It has been settled law for more than a century that such relief -- in essence, the ordering of specific performance of a personal services contract -- is rarely, if ever, granted by New York courts. Because Plaintiff cannot succeed in obtaining the relief she wants, the injunction she seeks cannot accomplish its goal and cannot, therefore, be granted -- even if her Amended Complaint were not dismissable for failing to state any claim for relief. *See* Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, dated March 3, 2008 ("Defs.' Rule 12(c) Motion").[1]

Furthermore, even if no doubt existed about the availability of the relief that Plaintiff requests, she would still not be rehired to work on the Carousel Project, because Plaintiff has not satisfied the showing required to obtain a preliminary injunction. No irreparable harm appears from her papers; indeed, Plaintiff's delay of more than a year in seeking injunctive relief is a positive bar to her application for an injunction. Nor do her pleadings and motion papers (including the declarations, affidavit, and appended documents) provide the facts establishing the other requisites of preliminary injunctive relief.

---

[1] If this Court dismisses Plaintiff's breach of contract claim, as requested in Defendants' Motion for Judgment on the Pleadings, dated March 3, 2008, and the supporting Memorandum of Law ("Defs.' Rule 12(c) Motion"), then Plaintiff's motion for a preliminary injunction would also be unattainable, as moot.

**ARGUMENT**

**I.     THE REMEDY THAT PLAINTIFF SEEKS IS NOT AVAILABLE.**

Plaintiff seeks a preliminary injunction[2] based on her termination by the Conservancy on March 21, 2007, more than a year ago (First Amended Complaint ("Am. Compl.") ¶ 30).[3]  Plaintiff asserts that "Defendant should be preliminarily enjoined from proceeding with the Carousel Project" (Memorandum of Law in Opposition to Defendants Battery Conservancy and Warrie Price's Motion for Judgment on the Pleadings and in Support of Plaintiff's Motion for a Preliminary Injunction ("Pl.'s Mem. of Law"), at 20) so that, if she prevails on the merits of her claims, she may "be permitted to complete the commission" she was awarded by the Conservancy.  (Declaration of Barbara Broughel in Support of Plaintiff's Motion for Preliminary Injunction, dated March 28, 2008 ("Broughel Decl.") ¶ 28; *see also* Pl.'s Mem. of Law, at 20.)  Enjoining Defendants from continuing work on the Carousel Project, however, would not help Plaintiff attain a spot on the Carousel Project design team, because, assuming *arguendo*

---

[2]   Plaintiff disregarded this Court's explicit instructions on the procedure to follow to request a preliminary injunction.  On November 20, 2007, this Court directed that "[b]oth sides should talk and figure out what the status is and whether or not it is appropriate" for Plaintiff to move for a preliminary injunction. (Initial Pre-Trial Conference Transcript, Nov. 20, 2007 ("Tr."), pp. 4-5.)  Plaintiff's counsel, however, ignored these instructions, and never discussed the propriety of a preliminary injunction with Defendants prior to filing her Cross-Motion.  *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936) (recognizing the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

[3]   (*See* Memorandum of Law in Opposition to Defendants Battery Conservancy and Warrie Price's Motion for Judgment on the Pleadings and in Support of Plaintiff's Motion for a Preliminary Injunction ("Pl.'s Mem. of Law"), at 20.)  Although Plaintiff has alleged that "Defendants have used without her permission or authorization her novel and original ideas" (First Amended Complaint ("Am. Compl.") ¶ 75), Plaintiff has never provided evidence of any current use of any such property by Defendants, and there is none.  Plaintiff, in relying on her termination of employment as the basis for a preliminary injunction, apparently recognizes that her allegations of misappropriation cannot provide any basis for this requested relief.

that Plaintiff were able to establish an entitlement to relief on her contract claims, all she could receive is money damages.[4]

This is so because an order that the Conservancy put Plaintiff back on the Carousel Project design team is precisely the type of remedy that New York courts "will rarely if ever grant." *In the Matter of Baby Boy C*, 638 N.E.2d 963, 967 (N.Y. 1994). As the New York Court of Appeals has summed up more than a century of case law:

> [C]ourts will rarely if ever grant specific performance of a contract for personal services. It has long been a principle of equity that the performance of contracts for personal services depends upon skill, volition and fidelity of the person who was engaged to perform such services and that it is impractical, *if not impossible*, for a court to supervise or secure the proper and *faithful* performance of such contracts. One scholar has concluded that the underlying basis for the equitable principle denying specific performance of personal service contracts is the rightful reluctance of courts in a society valuing freedom of association to impose a personal relationship upon an unwilling party.

*Id.* (internal citations omitted). Given this rule,[5] it is not surprising that Plaintiff cites no authority supporting the relief she seeks.

---

[4] "As a general rule, of course, a party may not obtain injunctive relief where it is claiming a loss that can be adequately remedied by an award of money damages." *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985). The basis of Plaintiff's request for a preliminary injunction is her alleged wrongful termination, which is typically remediable by money damages. (Pl.'s Mem. of Law, at 20 (the "graveman [sic] of Plaintiff's complaint is that she was wrongfully terminated").) *See generally* 24 Richard A. Lord, *Williston on Contracts* § 66:1 (4th ed. 2002). Even Plaintiff herself admits that, with respect to intangible damages, such as injury to reputation, such injury may be remedied as "consequential damages for a breach of contract" under New York law. (Pl.'s Mem. of Law, at 15, citing *Hangzhou Silk Imp. & Exp. Corp.* v. *P.C.B. Int'l Indus., Inc.*, 00 Civ 6344 (RLC), 2002 U.S. Dist. LEXIS 16578, at *22 (S.D.N.Y. Sept. 4, 2002)). *See infra* note 8.

[5] *See Breeden* v. *Hopkins*, 206 N.Y.S. 282, 283 (N.Y. App. Div. 1st Dept. 1924) ("Where the contract is one establishing business relations between the parties, containing mutual covenants to be performed by each, and having several years to run, the court will not undertake to supervise its performance by enjoining its violation by one party at the instance of the other."); *see also Barcus* v. *Cooper*, 171 N.Y.S. 654, 659 (N.Y. App. Div. 1st Dept. 1918) ("As to the breach of the employment contract, it will suffice to say that the case falls within the well-settled rule that a court of equity will not compel an employer to continue the services of an employ[ee] by preliminary injunction, where there is substantial evidence to the effect that the employ[ee] has failed to perform the duties of his position in good faith and with diligence, and that the continuation of his services is detrimental to the business of the employer.").

## II. PLAINTIFF DOES NOT MEET THE TEST FOR A PRELIMINARY INJUNCTION.

### A. Legal Standard for a Motion for Preliminary Injunction

A preliminary injunction is "an extraordinary remedy and should not be routinely granted." *Patton* v. *Dole*, 806 F.2d 24, 28 (2d Cir. 1986). Because of the extraordinary nature of injunctive relief, the party seeking a preliminary injunction bears a heavy burden to demonstrate: "(a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) a likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc.* v. *Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). "Public interest is also a relevant element in connection with an application for interim relief." *Anton/Bauer, Inc.* v. *Energex Sys. Corp.*, 839 F. Supp. 243, 246 (S.D.N.Y. 1993).

### B. Plaintiff Has Not Met Her Burden on any of the Requirements for a Preliminary Injunction.

#### 1. Plaintiff Has Made No Showing of Irreparable Harm.

"A district court should generally consider delay in assessing irreparable harm." *Tom Doherty Assocs.*, 60 F.3d at 39. "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiff's rights." *Citibank, N.A.* v. *Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). Accordingly, "[d]elay in seeking enforcement of those rights" is a factor that strongly "tends to indicate at least a reduced need for such drastic, speedy action." *Id.*

Plaintiff has delayed more than a year since her termination, and seven months since filing her initial complaint, to move for a preliminary injunction. This substantial delay contradicts Plaintiff's boilerplate assertion that she will suffer irreparable harm in the absence of an injunction, as does her failure to cite any *facts* that show irreparable harm. *See In re Feit & Drexler, Inc.*, 760 F.2d 406, 415 (2d Cir. 1985) (an applicant "must *show* that he is likely to suffer irreparable injury if [such] relief is denied") (emphasis added) (quoting *Proctor & Gamble Co.* v. *Chesebrough-Pond's Inc.*, 747 F. 2d 114, 118 (2d Cir. 1984)); *Union Cosmetic Castle, Inc.* v. *Amorepacific Cosmetics USA, Inc.*, 454 F. Supp. 2d 62, 68 (E.D.N.Y. 2006) (stating of preliminary injunctions that demonstrating the "propriety of such drastic judicial intervention . . . is a heavy burden of persuasion").

By letter dated March 21, 2007, the Conservancy terminated Plaintiff's participation in the Carousel Project for non-performance of her contractual obligations. (*See* Am. Compl. ¶¶ 30, 31.) In her original complaint, filed on August 31, 2007, Plaintiff expressed her belief that Defendants intended to proceed with the Carousel Project and claimed that she would "suffer irreparable harm if a temporary restraining order . . . [did] not issue to prevent Defendants from completing the Project and Carousel without Plaintiff." (Complaint ¶¶ 27, 63.) Despite this allegation, Plaintiff did not move for injunctive relief at that time. Although the Conservancy repeatedly re-confirmed that it would not agree to Plaintiff's returning to work on the Carousel Project,[6] Plaintiff did

---

[6] By letter dated October 24, 2007, Defendants made clear to Plaintiff that "under no circumstances will the Conservancy agree to have her involved in the Carousel Project, in any capacity." (Oct. 24, 2007 Letter to Barbara Hoffman, attached as Ex. A to the Declaration of Rita M. Carrier, dated Apr. 14, 2008 ("Carrier Decl.").) Then, by letter dated November 5, 2007, Defendants "confirm[ed] that the Conservancy is working on the development of a new design for the interior of the carousel to be
(footnote continued)

-6-

not move for injunctive relief, although she talked about doing so on more than one occasion.[7]  In the Amended Complaint, Plaintiff mentioned a temporary restraining order and a permanent injunction, but at no time sought any such relief; nor did she initiate the consultation with Defendants that the Court instructed her to have before moving for injunctive relief.  She remained mum on the subject, until she filed her Cross-Motion on March 31, 2008.  In the face of this year-long delay, Plaintiff's assertions of need for urgent action by this Court cannot be credited.

Having filed numerous court papers -- two complaints, three declarations, an affidavit, numerous exhibits and a memorandum of law -- Plaintiff has had ample opportunity to apprise the Court of facts constituting the irreparable harm that is the *sine qua non* of an injunction.[8]  She has utterly failed to make any showing that she will suffer "irreparable harm if she is not able to complete the commission she was awarded." (Pl.'s Mem. of Law, at 20.)  The Amended Complaint is devoid of anything other than the

---

(continued)

installed in the pavilion designed by Weisz + Yoes, and that that design does not make any use of Ms. Broughel's work."  (Nov. 5, 2007 Letter to Barbara Hoffman, attached as Ex. B to Carrier Decl.)

[7] During the initial pre-trial conference, held on November 20, 2007, Plaintiff's counsel raised the prospect of seeking a preliminary injunction.  "My client understands now that the project that's at issue in this case is proceeding.  We would like to move for a preliminary injunction pending the resolution of the case."  (Tr., 4:17-20.)

[8] Alleged monetary injury usually does not constitute irreparable harm.  *Brenntag Int'l Chems., Inc.* v. *Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999) ("because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm").  In the Amended Complaint, Plaintiff seeks monetary damages (including statutory damages) for alleged past infringements of her copyrighted artwork (Am. Compl. ¶¶ 39, 41), monetary damages for alleged breach of contract, promissory estoppel, and *quantum meruit* (*id.* ¶¶ 46, 56, 59), monetary damages for an alleged tort claim (*id.* ¶ 67), monetary damages for alleged misappropriation of her novel and original ideas (*id.* ¶ 75), and statutory damages under the New York Artists' Authorship Rights Act ("AARA") (*id.* ¶ 80).  To date, however, Plaintiff has failed to provide a satisfactory Rule 26(a) disclosure concerning her alleged damages.  *See infra* n. 11.

words "irreparable harm" (Am. Compl. ¶ 82), and Plaintiff's Memorandum of Law adds nothing. (Pl.'s Mem. of Law, at 20.)

Nor do the Hoffman, Broughel, and Taylor Declarations, and the Berger Affidavit or the documents appended to them supply the missing facts. The Declaration of Barbara Hoffman in Support of Plaintiff's Motion for a Preliminary Injunction, dated March 31, 2008 ("Hoffman Decl.") states nothing about harm;[9] it simply appends articles from various websites that relate to New York City's "Percent for Art" Program, which Plaintiff acknowledges does not apply to the Carousel Project (Pl.'s Mem. of Law, at 14), and three articles that mention Plaintiff in discussing plans for the Carousel Project. (Hoffman Decl. ¶¶ 2-3.)

The Broughel Declaration, which purports to "submit certain additional facts and additional documents to amplify [Plaintiff's] Amended Complaint" (Broughel Decl. ¶ 13),[10] alleges that Plaintiff will suffer irreparable harm to her reputation and career (*id.* ¶ 30), but contains no *facts* to support that allegation.[11] Were there any facts supporting the allegation of irreparable harm to Plaintiff's "reputation and professional

---

[9] Nor could a lawyer's affidavit properly do so in this instance. 22 NYCRR § 1200.21, D.R. 5-102 (2003); Fed. R. Evid. 602.

[10] Moreover, Plaintiff cannot amend her pleading in this way. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").

[11] Indeed, Defendants have yet to receive a Rule 26(a) disclosure from Plaintiff that complies with Fed. R. Civ. P. 26(a)(1)(A)(iii), which requires that Plaintiff provide "a computation of each category of damages" as well as the "documents or other evidentiary material . . . on which each computation is based." Plaintiff's Initial Disclosures Under Fed. R. of Civ. P. 26(a)(1), Supplement to Plaintiff's Initial Disclosure Under Fed. R. Civ. P. 26(a)(1) (Dec. 3, 2007) ("Pl.'s Supplement I"), and Supplement to Plaintiff's Initial Disclosure Under Federal Rules of Civil Procedure 26(a)(1)(C) (Dec. 10, 2007), which are attached as Exhibits C, D, and E, respectively, to the Carrier Declaration, are deficient on their faces. *See, e.g.*, Pl.'s Supplement I, at 2 ("Losses? Again, difficult to measure, but very real."). Plaintiff's inability to provide even the most basic of computations of her alleged harm illustrates the futility of her claims.

career as a result of the false allegations and wrongful termination of [her] commission" (*id.*), Plaintiff would certainly have been in the best position to state them.  By contrast, the Broughel Declaration appends documents regarding only alleged monetary damages. (*Id*. at Exs. D, E.)

The Declaration of Frederieke Taylor in Support of Plaintiff's Motion for a Preliminary Injunction, dated March 28, 2008 ("Taylor Decl."), signed by Plaintiff's agent (who also owns an art gallery) merely attaches a press release advertising Plaintiff's most recent exhibition of her artistic works.  (Taylor Decl., at Ex. A.)  Far from suggesting any harm -- irreparable or otherwise -- this declaration indicates that Plaintiff remains represented by an agent and continues to have showings in a gallery. Although Ms. Taylor does offer the unsubstantiated speculation that "the loss of this commission *invariably will* have a negative impact on [Plaintiff's] career," and that "[t]he loss of the opportunity to complete this commission . . . constitutes a significant loss of marketing *potential* for the Gallery as its agent for the Artist" (Taylor Decl. ¶ 9 (emphases added)), these are not facts.  They are merely suppositions that people may not frequent Ms. Taylor's gallery because Plaintiff is no longer associated with the Carousel Project.  *See, e.g.*, *Tom Doherty Assocs.*, 60 F.3d at 37 ("Irreparable harm is an injury that is not remote or speculative but actual and imminent.").  This lack of any facts showing harm is especially striking because Ms. Taylor, like Plaintiff, is in the best position to know any facts that would show harm to Plaintiff's reputation or career.

Finally, the Affidavit of Theodore Berger in Support of Plaintiff's Motion for a Preliminary Injunction ("Berger Aff.") is notable for its irrelevance.  Mr. Berger's affirmations that he was "surprised to learn" that Plaintiff had been fired for non-

performance (Berger Aff. ¶ 13), and that he "know[s] her as a serious artist and a well respected artist" (*id.*), offer no support for Plaintiff's claim of ongoing, irreparable harm, or, indeed, of anything else of relevance.

**C.    Plaintiff Cannot Demonstrate Likelihood of Success on the Merits.**

To demonstrate likelihood of success on the merits,[12] Plaintiff must show that "the probability of [her] prevailing is better than fifty percent." *Abdul Wali* v. *Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985) (overruled on other grounds). As set out in Defendants' Rule 12(c) Motion at pp. 5-25, and as will be further demonstrated in the Reply Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings ("Defs.' Reply") that Defendants will file by April 21, 2008, Plaintiff has failed to state even one legally sufficient claim against Defendants. Defendants respectfully refer the Court to these papers. Specifically, Plaintiff cannot identify either a written contract, or the terms of any oral contract, that Defendants allegedly breached. (Pl.'s Mem. of Law, at 11.) Yet her motion for a preliminary injunction is premised upon the

---

[12] The Carousel Project has changed substantially in the thirteen months since Plaintiff's termination, *see infra* pp. 12-13, and a preliminary injunction, therefore, would not preserve the situation that existed in March 2007, but would, instead, significantly alter the *status quo,* which is defined as "'[t]he situation that *currently* exists.'"  *Union Cosmetic Castle, Inc*. v. *Amorepacific Cosmetics USA, Inc*., 454 F. Supp. 2d 62, 68 (E.D.N.Y. 2006) (emphasis added).  A movant for a preliminary injunction must meet an elevated standard of showing clear or substantial likelihood of success on the merits when the order, "[t]hough . . . prohibitory in form, rather than mandatory, . . . accomplishes significantly more than preservation of the status quo." *S.E.C.* v. *Unifund Sal*, 910 F.2d 1028, 1040 (2d Cir. 1990).  S*ee also Tom Doherty Assoc., Inc*. v. *Saban Entm't, Inc*., 60 F.3d 27, 34 (2d Cir. 1995) (noting that "many mandatory injunctions can be stated in seemingly prohibitory terms"). However, as detailed below, Plaintiff cannot satisfy even the lower standard of likelihood of success on the merits, having failed to allege any claim upon which relief may be granted.
Plaintiff has nowhere alleged that she meets the alternate test for a preliminary injunction, *see supra* p. 5. (*See* Pl.'s Mem. of Law, at 20.)  Indeed, Plaintiff's inability to state any legally sufficient claims against Defendants would contradict any assertion that serious questions exist about the merits, and, as explained *infra* pp. 11-12, the balance of hardships and the public interest weigh heavily in the Conservancy's favor, and Plaintiff has not argued otherwise.

termination of her employment. S*ee, e.g.*, *Hannex Corp.* v. *GMI, Inc.*, No. CV-89-0243, 1989 WL 23960, at *8 (E.D.N.Y. Mar. 10, 1989) ("Plaintiff's ability to maintain its breach of contract claim . . . is dependent upon its being able to assert rights under a contract").

Plaintiff implicitly admits her failure to state a claim by relying, not upon the Amended Complaint, but rather on unpleaded factual assertions found in Plaintiff's Memorandum of Law, and the declarations and affidavit discussed above, to argue a likelihood of success on the merits. As Defendants will discuss in Defendants' Reply, these items are not properly part of the materials that the Court may consider on a Rule 12(c) motion for judgment on the pleadings, because they are not pleadings, documents that the plaintiff relied on in bringing suit, or matters of which judicial notice may be taken. *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Even if the Court could consider them, however, they do not fill the gaps in the Amended Complaint or begin to approach a showing of likelihood of success. Indeed their insufficiency and irrelevance in *not* addressing the defects that have been pointed out by Defendants' Rule 12(c) Motion demonstrate that Plaintiff *cannot* satisfy her pleading obligations.

**D.     The Public Interest Decidedly Favors Defendants, a Non-Profit Entity and its President, Who are Working to Build a Public Carousel for Manhattan's Battery Park.**[13]

As Plaintiff admits in her Amended Complaint, the Conservancy's work in designing, raising money, and building the Carousel Project is strongly in the public interest. (*See* Am. Compl. ¶72.) The public interest would be ill-served by an injunction

---

[13] If a preliminary injunction issued, Plaintiff would have to post a substantial security pursuant to Fed. R. Civ. P. 65(c).

-11-

that would add to the considerable delay to the Carousel Project already caused by Plaintiff's inability or unwillingness to provide workable models, drawings and other work for which she was originally hired.  Innumerable hours of work -- those donated *pro bono*, those paid for by the non-profit Conservancy, and those of city employees -- have been expended in furthering the Carousel Project since the Carousel Project was conceived in 2003.  (*See* Declaration of Patricia Kirshner, dated April 14, 2008 ("Kirshner Declaration"), ¶¶ 5-10.)  The public has been promised a Carousel, and any further delay deprives the public of the Carousel and threatens the Conservancy's larger goal of revitalizing Battery Park.  (*See id.* ¶¶ 11, 12.)  Losses to the Conservancy that would be caused by an injunction would directly affect the Conservancy's resources, its fundraising, and its ability to fulfill its mission of maintaining and rejuvenating Battery Park for the benefit of the City and people of New York.  (*See id.* ¶¶ 11-14.)

### III.    PLAINTIFF'S MOTION IS BARRED BY LACHES.

In addition to the role it plays in the irreparable harm analysis, Plaintiff's delay is itself a sufficient reason to deny her motion for a preliminary injunction.  Laches bars the grant of a preliminary injunction where a plaintiff "unreasonably and inexcusably delays in seeking an injunction, and the defendant is prejudiced by that delay."  *National Council of Arab Americans* v. *City of New York*, 331 F. Supp. 2d 258, 265 (S.D.N.Y. 2004) ("[I]t is appropriate to consider that issue [the doctrine of laches] in the preliminary injunction context.").

Plaintiff has delayed for over a year in asking for an injunction.  Far from preserving the *status quo* that existed over a year ago, when Plaintiff was terminated, her delay in seeking injunctive relief means that Plaintiff is asking the Court to undo a year of

work by the Conservancy, Ms. Price, the architectural firm of Weisz + Yoes and its consultants, and numerous others who have worked on the Carousel Project. (*See* Kirshner Decl. ¶¶ 5-10.)  In the year that has passed since Plaintiff's termination from the Carousel Project, work has been proceeding in the many areas involved in bringing such a project to completion.  (*Id*. ¶¶ 5-10.)  The Conservancy has engaged a new designer for the carousel figures (*id*. ¶ 6), and the new design has been approved by the New York City Department of Parks and Recreation.  (*Id*. ¶ 7.)  The Conservancy has also presented the new design to a committee of its local community board, Community Board 1.  (*Id*. ¶ 8.)

The Kirshner Declaration explains the numerous harmful effects that would result from enjoining the ongoing progress of the Carousel Project.  Halting the Carousel Project by issuing a preliminary injunction would threaten significant harm to its completion because certain City funds may no longer be available.  (Id. ¶¶ 13-14.)  Contractual obligations may be impeded, and other numerous difficulties may be injected into the Carousel Project.  (*See id.* ¶¶ 12-15.)  Defendants' investment of time, money, and resources in completing the Carousel Project over the past year would be put at risk were this Court to grant a preliminary injunction.  Plaintiff's delay thus bars her motion on the ground of laches.  *Cf. National Council*, 331 F. Supp. 2d at 265 (preliminary injunction barred by laches, based on a delay of one and a half months after Plaintiff knew of final decision from which it sought relief a mere fifteen days before event in question was to take place); *New Era Publ'n Int'l, ApS* v. *Henry Holt & Co.*, 873 F.2d 576, 584-85 (2d Cir. 1989).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's motion for a preliminary injunction be denied.

Dated:  April 14, 2008

Respectfully submitted,

　　/s/
Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)

1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006-5805
Tel.:  (202) 956-7500
Fax:  (202) 293-6330

*Attorneys for Defendants/ Counterclaimants*
The Battery Conservancy and Warrie Price