BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York  10023
(212) 873-6200  (phone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BROUGHEL<br><br>               Plaintiff,<br><br>v.<br><br>THE BATTERY CONSERVANCY, WARRIE PRICE, CLAIRE WEISZ AND MARK YOES, "DBA" WEISZ + YOES<br><br>               Defendants. | No. 07 Civ. 7755 (GBD)<br><br>ECF Case |

**MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT WEISZ + YOES' MOTION FOR
JUDGMENT ON THE PLEADINGS AND IN SUPPORT OF
PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF THE FACTS ..................................................................................................2

ARGUMENT..................................................................................................................................4

I. LEGAL STANDARD ON A MOTION ON THE PLEADINGS PURSUANT TO FED. R. CIV. PROC. RULE 12(c).......................................................4

II. PLAINTIFF'S AMENDED COMPLAINT ("COMPLAINT") SATISFIES RULE 8 AND THE STANDARD IMPOSED BY TWOMBLY..................................................................................................................4

    A. THE COMPLAINT SETS FORTH FACTS SUFFICIENT TO DEFEAT A 12(c) MOTION ON THE BREACH OF CONTRACT CLAIM AND THE IMPLIED COVENANT OF GOOD FAITH AGAINST WEISZ + YOES..............................................................................4

    B. THE COMPLAINT AND THE COPYRIGHT REGISTRATION CERTIFICATE ATTACHED THERETO SETS FORTH A PRIMA FACIA CASE OF COPYRIGHT INFRINGEMENT AGAINST WEISZ + YOES ......................................................................7

    C. PLAINTIFF'S CLAIM OF THE TORT OF MISAPPROPRIATION OF IDEAS MEETS FED. R. CIV. P. 8 AND NEW YORK COMMON LAW..............................................................................................7

    D. PLAINTIFF'S ALLEGED VIOLATION OF § 14.03 OF THE NEW YORK ARTIST'S AUTHORSHIP RIGHTS ACT ("AARA") IS NOT PREEMPTED BY VARA...................................................8

    E. PLAINTIFF'S CLAIM VI AND VII ALLEGE SUFFICIENT FACTS TO STATE A CLAIM FOR RELIEF WHICH IS "PLAUSIBLE." ....................................................................................9

III. PLAINTIFF WILL SUFFER IRREPARABLE HARM IF DEFENDANTS WEISZ + YOES ARE NOT ENJOINED FROM COMPLETING THE BATTERY CAROUSEL PROJECT WITH PLAINTIFF'S WORK AND WITHOUT CREDITING THE PLAINTIFF..................................................................................................................9

    A.    PLAINTIFF IS ENTITLED TO AN INJUNCTION ON HER CLAIM FOR COPYRIGHT INFRINGEMENT ........................................... 9

    B.    THE INJURY TO PLAINTIFF'S REPUTATION CANNOT BE COMPENSATED BY MONEY DAMAGES ....................................... 10

    C.    PLAINTIFF IS ENTITLED UNDER THE ARTIST'S AUTHORSHIP RIGHTS ACT TO AN INJUNCTION ........................... 11

**CONCLUSION** ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

Twombly v. Atlantic Corp.
  127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (May 21, 2007)..........................................1, 4

AD/SAT a Div. of Skylight, Inc. v. Associated Press
  885 F. Supp. 511, 514 (S.D.N.Y. 1995).........................................................................4

Katz v. Image Innovations Holdings
  2008 U.S. dist. Lexis 22975 (JGK)..................................................................................4

Joseph Scott Co. v. Scott Swimming Pools, Inc.
  764 F.2d 62, 67 (2d Cir. 1985) ........................................................................................9

Pen-America, Inc., v. Sunham Home Fashions, Lexis 25127.............................................10

Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.
  25 F.3d 119, 124 (2d Cir. 1994)......................................................................................10

De Laurentis Cinematogrfica 366 F2d 373 (2nd Cir. 1966) ...............................................11

**STATUTES**

AIA Article 5 § 5.1 and 5.2 ----------------------------------------------------------------------------7

New York Artists' Authorship Right Act, *N.Y. Arts & Cult. Aff. Law* §14.03
  ("AARA") -----------------------------------------------------------------------------------------8, 11

**OTHER AUTHORITIES**

Fed. R. Civ. Proc. Rule 8 -----------------------------------------------------------------------1, 4, 7

Fed. R. Civ. Proc. Rule 12(b)(6)---------------------------------------------------------------------4

Fed. R. Civ. Proc. Rule 12(c) ------------------------------------------------------------------------4

Plaintiff Barbara Broughel ("Plaintiff") through her undersigned counsel respectfully submits this Memorandum of Law in Opposition to Defendants Weisz + Yoes' ("W+Y") Motion for Judgment on the Pleadings and in support of Plaintiff's Motion for a Preliminary Injunction.

### PRELIMINARY STATEMENT

Defendant W+Y rely extensively on the Memorandum of Law submitted in support of Defendants Battery Conservancy and Warrie Price in support of their motion for judgment on the pleadings. Defendant W+Y claim that all claims asserted against them fail to state a cause of action as a matter of law based on Twombly. The same argument applied to Plaintiff's claims against W+Y, to an even greater extent than that made of the other Defendants, requests this Court to apply a legal standard to Rule 8 which is nowhere found in the jurisprudence of the federal courts. Their wholesale attack on the First Amended Complaint ("Complaint") with conclusionary mantras meant to support their motion is nothing more than sophistry. A careful reading of the Complaint with the applicable presumptions in favor of the Plaintiff shows utterly no foundation to the mantra "uncontroverted facts." Plaintiff's allegations not only set forth facts sufficient to support her claim but clearly demonstrate that there is a significant difference in both the factual and legal arguments presented by the Plaintiff and the Defendants.

Defendants seek to conduct an entire evidentiary trial with bold, unsworn to assertions and speculation contrary to the Federal Rules of Civil Procedure which govern this stage of the proceedings.

Because of the extensive reliance of Defendant Weisz + Yoes on the Defendants Battery Conservancy and Warrie Price's memorandum of law, Plaintiff's Memorandum of Law in Support of its Preliminary Injunction and in opposition to Defendants' motion will also be relied on as the primary Memorandum of Law. However, because there are significant differences in the facts as alleged against Weisz + Yoes to substantiate several of the claims, where there is are differences. Plaintiff has submitted additional briefing.

## STATEMENT OF THE FACTS

Plaintiff respectfully requests that the Court refer to the Complaint and the Declarations of Barbara Broughel dated March 28, 2008 and April 17, 2008, Frederieke Taylor dated March 28, 2008, the Affidavit of Theodore Berger dated March 12, 2008 and of Barbara Hoffman dated March 31, 2008.

Plaintiff further requests that the Court consider the facts as set forth in the Memorandum of Law in support of her motion for a preliminary injunction and in opposition to Defendant Conservancy.

As Plaintiff's March 17, 2008 Declaration makes clear, Plaintiff further objects to defendant Weisz + Yoes recitation of the facts, more specifically and not by way of limitation to the claim that Plaintiff did not perform under the contract. Defendants fail to provide specifications for rideable figures for each of the individual figures. Such specifications however were never a part of the Phase 1 contracted work. For the Plaintiff to provide specifications for each of the individual rideable figures would have required clarification of the ride-type mechanism and the movement patterns (up/down, sideways, speeds etc) of the individual figures. This information would in turn inform the exact

postures of the sea-life forms Plaintiff would design, as well as any City-mandated safety-code requirements (seat belts, handrests, footrests) and their specifications. In addition, such specifications would have required final production of a 1:1 prototype to work out any technical design issues, and we needed to settle on a final material for the figures (its code, weight, fabrication and engineering requirements) and a final budget, before final designs could be determined. (Broughel Decl.)

In anticipation of Plaintiff Broughel's Phase 2 design work, Plaintiff several times requested from both The Battery Conservancy and Weisz + Yoes that we move forward on establishing clarification in these areas. The Defendants responded that due to budget limitations, and/or the fact that we 'weren't there yet", that information was on hold. (Broughel Decl.)

Sometime after Plaintiff had made her presentation and proposal, which was accepted as the winning competition, Weisz + Yoes did a rendering of the interior of the Carousel in which Plaintiff was not identified, which rendering appeared on the internet, more specifically and without limitation, on the website of The Battery Conservancy, dated 10/28/2007. A copy of the rendering is attached to the Broughel Declaration as Exhibit C. The imagery is based on original and novel ideas presented in Plaintiff's proposal and her copyrighted designs. A comparison of Exhibit A and Exhibit B illustrates Plaintiff's ideas and her copyrighted expression as appropriated for the Carousel by Weisz + Yoes. Attached to Plaintiff's original Amended Complaint is Plaintiff's 1/12 scale model. Depicted in the scale model one finds the sea anemone and other sea creatures which are a part of the application entitled "SeaGlass Group" registered on March 22, 2007. (Broughel Decl.)

## ARGUMENT

I.  **Legal Standard for Judgment on the Pleadings Pursuant to Fed. R. Civ. Proc. Rule 12(c).**

The Rule 12(c) standard is the same as that applied under Rule 12(b)(6). See e.g., Katz v. Image Innovations Holdings, 2008 U.S. Dist. Lexis 22975 (JGK). "Therefore, in reviewing a motion for judgment on the pleadings a court must assume the facts by the plaintiff to be true and must liberally construe them in the light most favorable to the plaintiff." AD/SAT a Div. of Skylight, Inc. v. Associated Press, 885 F. Supp. 511, 514 (S.D.N.Y. 1995).

As Judge Koetl recently observed in Katz, "The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Twombly v. Atlantic Corp., 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

II.  **Plaintiff's Amended Complaint ("Complaint") Satisfies Rule 8 and the Standard Imposed by Twombly.**

A.  **The Complaint Sets Forth Facts Sufficient To Defeat a 12(C) Motion on the Breach of Contract Claim and the Implied Covenant of Good Faith against Weisz + Yoes.**

The Battery Conservancy finally provided a written contract to the Plaintiff Barbara Broughel. However, despite the clear language of the RFP, for reasons set forth in the Complaint and in the Broughel Declarations, Broughel was asked to and agreed to enter into a contract for the first two phases with the Defendant W+Y. On January 20, 2006, after she had already been working on the Carousel Project since her selection in April 2004, with minimal compensation, Plaintiff signed an AIA consultant contract with the Defendant W+Y.

Rather, Defendant Weisz + Yoes argue that Plaintiff has failed to allege a breach of contract claim against W+Y because she has not fully performed her obligations under the contract. Quite the contrary is set forth in the Complaint.

Specifically, the Complaint states as follows:

Plaintiff Broughel provided all services as required for Phase 1 in a timely manner, and eventually was paid for her contract Phase I services but not for Phase 1 costs, disbursements and other extra services not required within the scope of Phase 1 but requested by the Defendants with the mutual understanding that Plaintiff Broughel would be compensated for the extra services, costs and disbursements.

Despite the terms of the Phase 1 Contract which required that Plaintiff Broughel work with the fabricator and granted to Plaintiff Broughel the right to supervise and approve the prototype to give effect to her aesthetic vision, Defendant Warrie Price and the Defendant Architects, in part on information and belief, for expediency, in part for motives not entirely obvious, prevented the Artist's input. The result was a $75,000 debacle.

Defendant Price invited Plaintiff Broughel Artist to a meeting in which she apologized to the Plaintiff Broughel and avowed she had made a terrible mistake in not honoring the Artist's contractual role as a member of the design team.

At that same meeting, Defendant Warrie Price agreed that she would adhere to the RFP terms and conditions, including entering into an agreement, as required by the RFP, directly between The Battery Conservancy and the Artist. Plaintiff Broughel agreed to assemble a new team to produce a second prototype, on condition that all future contracts would be between, as required by the RFP, the Defendant Conservancy and Plaintiff Broughel.

The understanding of the Plaintiff Broughel and the Defendant Conservancy was that she would produce designs of individual figures and figure details based on ride typology/code requirements/budget to be determined at the end of Phase 1 and negotiated in a Phase 2 agreement.

On or about January 17, 2006 and again on April 3, 2006, the Plaintiff Broughel presented to the Defendant Conservancy an outline of Phase 2 tasks, timeline and budget, as well as an invoice

for payment of $20,000 due and owing to her for services performed under the Phase 1 Contract.

On or about April 28, 2006, the Defendant Conservancy agreed to pay the Artist $20,000 for past due work completed on the Phase 1 Contract, but only on the condition that Plaintiff Broughel agree to sign over all intellectual property rights to her designs. In the summer, 2006, the Defendant Conservancy repeated its offers to pay the Artist for past due invoices, but only in exchange for assignment of her intellectual property rights to the Project to the Defendant Conservancy. Plaintiff Broughel rejected the offer since all services had been provided in accordance with the terms and conditions of the Phase 1 Contract which permitted the Artist to retain all intellectual property rights and the Defendant Conservancy offered the Artist no additional compensation for surrender of her rights.

On or about July 12, 2006, the Defendant Conservancy and Defendant Price agreed to contract with the Plaintiff Broughel directly (not through the architect or any other 3rd party) in future phases. Plaintiff Broughel again presented to the Defendant Conservancy an outline of Phase 2 tasks ("Phase 2 Contract"), timeline and budget, in anticipation of the agreed to negotiation of the Phase 2 Contract. The Defendant Conservancy and the Plaintiff Broughel agreed to the scope of services in the immediate future and the Defendant Conservancy requested that the Plaintiff Broughel direct the production of a new second full-scale prototype as a "tax-deductible, pro-bono contribution" in order to permit the Project to move forward and in exchange for the Defendant Conservancy fully funding the production of the prototype and the reimbursing of all of the Plaintiff Broughel's out-of-pocket costs.

Plaintiff does not place the same interpretation on what Defendants refer to as the "Letter Agreement." Rather, the fact that she was paid in full and the letter starts, "We are delighted to work with you…" confirm Plaintiff's allegations. Only guided by their myopic, self-aggrandizing vision can W+Y construe this letter as confirming the Plaintiff's breach.

As Plaintiff alleged in her Complaint, Price acknowledged she had made a mistake. W+Y had committed a $75,000 debacle by excluding Plaintiff from the design team and more importantly, at this phase, from working with her fabricator.

Further support of the AIA agreement by virtue of the failure to invoke Article 8 of the AIA agreement with provides that "if the other party fails to perform" the agreement may terminate on seven days notice, except if the "fault of the party initiating the terminations."

In addition to he other breach of contract claims set forth above, Plaintiff has alleged that W+Y breached the AIA Article 5 § 5.1 and 5.2 by misuse of her intellectual property.

B.  **The Complaint and the Copyright Registration Certificate Attached Thereto Sets Forth a Prima Facia Case Of Copyright Infringement against Weisz + Yoes.**

Defendants' denial of the adequacy of Plaintiff's claim is equally flawed. The Court is respectfully referred to the Plaintiff's discussion of copyright infringement in its principal Memorandum against Defendants The Battery Conservancy and Warrie Price. Plaintiff's claim is not that of a "vague allegation of intent to commit infringement." Plaintiff alleged acts of infringement with the reproduction of her images on the internet. Since the renderings which appear on The Battery website have been produced by W+Y, the allegations are sufficient.

C.  **Plaintiff's Claim of the Tort of Misappropriation of Ideas Meets Fed. R. Civ. Proc. Rule 8 and New York Common Law.**

Contrary to the Defendant W+Y's assertions, the Complaint alleges specific facts that W+Y interfered with Plaintiff's contractual advantage.

Defendant Architects were the Carousel Project Architects. On information and belief they were from the inception of the Carousel Project opposed to putting an artist on the design team and believed they could do the Carousel Project without an artist team member.

Plaintiff Broughel had a business relationship with the Defendant Conservancy based on the award of the commission under the RFP and understood and relied upon the award to change her position and to take steps to create and develop the winning competition designs.

Defendants Price and Defendant Architects knew that the Artist was selected as the only artist member of the Design Team to execute her Project and influence and collaborate on the larger Carousel project.

Defendants Price and Defendant Architects knew of the terms of the RFP and intentionally interfered with the Artist's execution of the Project.

Defendants Price and Defendant Architects acted with malice, and used dishonest, unfair and improper means for their own personal gain.

Defendants Price's and Defendant Architects' interference caused injury to Artist's relationship with the Defendant Conservancy and prevented the completion of the Project, which actions and interferences were the proximate cause of significant harm to the Plaintiff Broughel's artistic reputation, caused of her severe emotional harm and monetary damages.

D.  **Plaintiff's Alleged Violation of § 14.03 of the New York Artist's Authorship Rights Act ("AARA") is not Preempted by VARA.**

Plaintiff respectfully refers the Court to her Memorandum of Law submitted in opposition to Defendants Battery Conservancy and Warrie Price's motion for the arguments set forth therein.

E.  **Plaintiff's Claim VI and VII Allege Sufficient Facts to State A Claim for Relief which is "Plausible."**

Plaintiff respectfully refers the Court to her Memorandum of Law submitted in opposition to Defendants Battery Conservancy and Warrie Price's motion for the arguments set forth therein.

III.  **Plaintiff Will Suffer Irreparable Harm If Defendants Weisz + Yoes Are Not Enjoined From Completing the Battery Carousel Project With Plaintiff's Work and Without Crediting the Plaintiff.**

A.  **Plaintiff Is Entitled To an Injunction on Her Claim for Copyright Infringement.**

The Court is respectfully referred to the legal standard set forth in its Memorandum of Law in support of its motion for a preliminary injunction to Defendants Battery Conservancy and Warrie Price. A preliminary injunction is a specific equitable remedy and thus, must be framed in such a way as to strike a delicate balance between competing interests. By necessity, the scope of the injunction must be drawn by reference to the facts of the individual case, reflecting a careful balancing of the equities. Joseph Scott Co. v. Scott Swimming Pools, Inc., 764 F.2d 62, 67 (2d Cir. 1985).

In this particular case, Plaintiff seeks to enjoin the use of her work product – her original and novel ideas and her copyrighted expression.

Plaintiff also seeks to receive credit for the reproduction of her Artwork and its use on the Carousel Project. Finally, Plaintiff seeks to preserve the status quo so that if she prevails on her claim of wrongful termination, she will be permitted to complete the commission she was awarded.

9

B.    the Injury to Plaintiff's Reputation Cannot Be Compensated By Money Damages.

A certificate of copyright registration generates a presumption that the copyright is valid. (See generally Pen-America, Inc., v. Sunham Home Fashions, Lexis 25127.)

When a copyright is infringed, irreparable harm normally is presumed, "because the confusion created in the marketplace will damage the copyright holder in incalculable and incurable ways." Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp., 25 F.3d 119, 124 (2d Cir. 1994).

There is no question that Defendant W+Y has captured the "total look and feel" of Plaintiff's copyrighted designs as well as the particular expression of Plaintiff's copyrighted figures. Plaintiff is likely to succeed on the merits of her claim.

Plaintiff submitted her novel and original ideas to the Defendants with the implicit and explicit understanding that Defendants would not use her novel and original ideas without contracting with her to complete the Project.

As the Affidavit of Theodore Berger explains, the proposal contained "novel and original ideas."

The Declarations of Barbara Broughel show that the Defendant misappropriated her original and novel ideas.

She will suffer irreparable harm if W+Y are able to remove her from the Project. An injunction is appropriate in this case.

As the Court stated in De Laurentis Cinematogrfica 366 F2d 373 (2nd Cir. 1966),

> It may be that as far as lost royalties are concerned, money damages are fully compensatory, although appellant contends that they would not be collectible. However, the damages claimed here are not limited to lost royalties. For, the defendant seeks also to recover losses resulting from denial of the opportunity to launch the D-150 process with "The Bible " and from any industry confusion, loss of reputation and credibility.  Certainly, this sum is not as readily calculable as lost royalties and issuance of a preliminary injunction may be called for when damages are difficult to compute.  Such difficulty is especially common when damage to reputation, credibility or good will is present.  (cit. omitted)

Ms. Broughel's Declaration shows a heavy dissemination of notice to the public of her participation as an artist on the design team, and irreparable damage to her reputation by the proposed unexplained abandonment, a damage not readily measurable only loss of compensation, is bound to affect her ability to get other public art commissions.

C.  **Plaintiff Is Entitled Under the Artist's Authorship Rights Act To An Injunction.**

Plaintiff is likely to proceed on the merits of her claim under the New York Artists Authorship Rights Act ("AARA") for the reasons set forth in support of her motion against the Defendants.

AARA § 14.03 4(a) provides that an artist aggrieved under subdivision one or subdivision (2) shall have a cause of action for legal and injunctive relief.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully request that Defendant Weisz + Yoes 12(c) motion be dismissed and that Plaintiff's cross-motion for a preliminary injunction be granted, and for such other and further relief as the Court deems just, fair and equitable.

Dated: New York, New York
      April 17, 2008

Respectfully submitted,

By: _____
Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200

*Attorney for Plaintiff Barbara Broughel*