BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York  10023
(212) 873-6200  (phone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BROUGHEL<br><br>    Plaintiff,<br><br>  v.<br><br>THE BATTERY CONSERVANCY, WARRIE PRICE, CLAIRE WEISZ AND MARK YOES, "DBA" WEISZ + YOES<br><br>    Defendants. | No. 07 Civ. 7755 (GBD)<br><br>ECF Case<br><br>**DECLARATION OF BARBARA BROUGHEL IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

  BARBARA BROUGHEL hereby declares, pursuant to the penalties of perjury under 28 U.S.C. 1746 that the following statements are true and correct.

  1.  I am the Plaintiff in this action, am fully familiar with the facts stated herein and make this declaration in support of Plaintiff's Motion for a Preliminary Injunction and in opposition to Defendant Weisz + Yoes' motion for judgment on the pleadings.

  2.  I am a visual artist practicing for over twenty-five years.  I have been the recipient of numerous highly competitive awards and residencies, including a Fulbright, Asian Cultural Council and Bunting Fellowships, and artist-in-residence at Harvard University.  I hold degrees from SUNY and The University of California, with additional academic training from The Hartford Art School, The Whitney Museum Independent Study Program and The Institute for Semiotics and Structural Studies, Toronto.  I have taught at several well known institutions including, MIT from 1994-2000, UNC Chapel Hill and Wesleyan University.

3. In my Declaration dated March 28, 2008 in support of my motion for a preliminary injunction and in opposition to the Defendants' Battery Park and Warrie Price's Motion for judgment on the pleadings, I set forth in detail the facts in support of the motion for a preliminary injunction and in opposition to the judgment on the pleadings. That Declaration is incorporated herein by reference.

4. I address in this Declaration specific misstatements made by Weisz + Yoes with respect to my particular claims against Weisz + Yoes and with respect to my motion to enjoin their continued use of my designs, as expressed in my original and novel ideas and my registered copyrighted designs.

5. I have alleged in my Amended Complaint that the Defendant Weisz + Yoes did not want to have the involvement of the Artist on a design team and as matters developed, Claire Weisz in particular did not wish to share credit for the design of the interior of the Carousel.

6. I am a believer that a picture is worth a thousand words.

7. Attached hereto as Exhibit A is the initial design of the interior carousel space before I was selected to design the interior of the Carousel.

8. Following my selection, "sea creatures" were displayed on posters and announcements of the coming Carousel Project at the site. Photographs of the billboards are attached as Exhibit B.

9. Sometime after I had made my presentation and proposal, which was accepted as the winning competition, Weisz + Yoes did a rendering of the interior of the Carousel in which I was not identified, which rendering appeared on the internet, more specifically and without limitation, on the website of The Battery Conservancy, dated 10/28/2007. A copy of the rendering is attached hereto as Exhibit C. The imagery is based on original and novel ideas presented in my proposal

and in my copyrighted designs. A comparison of Exhibit A and Exhibit B illustrates my ideas and my copyrighted expression as appropriated for the Carousel by Weisz + Yoes. Attached to my original Amended Complaint is my 1/12 scale model. Depicted in the scale model one finds the sea anemone and other sea creatures which are a part of the application entitled "SeaGlass Group" registered on March 22, 2007.

    10. As I have already stated in my prior Declaration, not only have The Battery Conservancy and the other Defendants utilized my copyrighted designs, but they have misappropriated my original and novel ideas. As seen on the website of Battery Conservancy, on October 28, 2007 and as depicted in Exhibit C, Defendant Weisz + Yoes have appropriated the idea of the cinema and total environment, the interior lighting of the sea creatures and the going from light to dark as an underwater experience. The entire look and feel of the Carousel Project is the one that was presented in my proposal, which won the competition and was developed by me.

    11. Defendants in their Memorandum of Law claim that I have breached the agreement with Defendant Weisz + Yoes. As set forth in my prior Declaration and in the Amended Complaint, the letter of agreement that has been referred to by the Defendants and characterized as an indication of my breach of agreement, represents in fact the contrary. As I stated in my Amended Complaint, the "letter agreement" of April 2006 was an acknowledgement of both the breach by The Battery Conservancy and Defendant Price of the RFP as well as an acknowledgement of the breach of the AIA consultant agreement by Weisz + Yoes who by their actions prevented my performance and failed to honor their obligation to let me appropriately participate as a member of the design team.

    12. Defendants now argue that I failed to provide specifications for rideable figures for each of the individual figures. Such specifications however were never a part of the Phase 1

contracted work, and were clearly intended as the work of Phase 2, referred to in that contract. For me to provide specifications for each of the individual rideable figures would have required clarification of the ride-type mechanism and the movement patterns (up/down, sideways, speeds etc) of the individual figures. This information would in turn inform the exact postures of the sea-life forms I would design, as well as any City-mandated safety-code requirements (seat belts, handrests, footrests) and their specifications. In addition, such specifications would have required final production of a 1:1 prototype to work out any technical design issues, and we needed to settle on a final material for the figures (its code, weight, fabrication and engineering requirements) and a final budget, before final designs could be determined.

    13. In anticipation of my Phase 2 design work, I several times requested from both The Battery Conservancy and Weisz + Yoes that we move forward on establishing clarification in these areas. In general, they would respond that due to budget limitations, and/or the fact that we 'weren't there yet", that information was on hold. Budgetary concerns were always first and foremost to The Battery Conservancy. As they well knew, for me to proceed on detailed design work and renderings for the sea-life forms without this information would have been both illogical and irresponsible, as that work would then have had to be reproduced a second time, nearly doubling the cost, once that information was available. In addition, that work was to be performed under a paid contract... which contract The Battery Conservancy refused to negotiate, instead requesting that I surrender my intellectual property rights.

    14. The fact that I was paid for the Phase 1 services in the agreement provides support for my position that I successfully completed Phase 1 and an acknowledgement that services, if any, not completed were prevented by the Defendants' actions.

15. At no time did The Battery Conservancy complain about my performance. Rather, both of the Defendants prevented my performance, and then, in order to correct the problems caused by Defendant Weisz + Yoes, the Defendant Conservancy entered into an interim agreement with me to produce a second prototype, which I understood as a letter of intent to enter into the Phase 2 agreement to which I as entitled.

16. It was my understanding with the Defendants that I would produce designs of individual figures and figure details based on ride typology/code requirements and a budget to be finalized at the end of Phase 1 and negotiated in a Phase 2 agreement.

17. The harm and injury I will suffer to my reputation are obvious and they will be irreparable. Everyone knows that Public Art is where both the money and the access to large audiences is for artists. Percent for Art and other public art commissions are designed to create real financial opportunities and audience opportunities for artists from publicly commissioned projects… out of an understanding that even recognized artists far too often are underpaid and unable to reach the audiences they should. To get to the point in one's career to be considered for such well-paid and highly visible projects requires decades of hard work.

18. As an artist I have always prided myself on giving 110% to all that I undertake to do, and the patently false claims of "non-performance" (after 3 years of barely-paid work) put forth by The Battery Conservancy and their wrongful termination will unquestionably impact on my ability to be considered in the future for similar opportunities.

19. The community of people associated with commissioning artworks is very small and very tightly knit. The visibility of the Carousel Project is unquestioned. For 3 years The Battery Conservancy promoted in every way possible, myself as a prominent design presence on the project. For years to come, perhaps, the remainder of my career, thousands of people aware of the

project now, will wonder why I had been terminated and why I was not able to follow the project through to its completion, and I certainly believe the defamatory accusations of The Battery Conservancy and Weisz + Yoes will interfere with my selection for these projects in the future.

20. I will have lost an audience of several million people a year who would have otherwise been exposed to my work, as well as lost opportunities for future projects.

21. I lost three plus years of my career to the Carousel Project. It co-opted my studio, my resources, my time, my creativity and my focus toward other projects and other paid opportunities, in good faith and reliance on the proposition that I was creating a work that would have a great public presence for decades to come.

22. I will suffer unrepairable harm and professional injury if Weisz + Yoes are not prevented from using my work. In addition, I request that the status quo be maintained until it is determined whether my termination was unlawful.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 17, 2008, Westport, Connecticut.

_____
BARBARA BROUGHEL