Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy & Warrie Price

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

BARBARA BROUGHEL,

                Plaintiff,

      v.

THE BATTERY CONSERVANCY,
WARRIE PRICE, CLAIRE WEISZ,
AND MARK YOES, "DBA" WEISZ + YOES,

              Defendants.

------------------------------------------------------------ x

No. 07 Civ. 7755 (GBD)

ECF Case

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS**

# TABLE OF CONTENTS

Page

ARGUMENT ...................................................................................................................1

I.   PLAINTIFF HAS NOT STATED CLAIMS THAT ARE PLAUSIBLE
     ON THEIR FACE, AND THE NEW MATERIALS PLAINTIFF HAS
     SUBMITTED CANNOT CURE THE DEFICIENCIES IN HER
     AMENDED COMPLAINT ..........................................................................................1

II.  PLAINTIFF'S CLAIMS STILL DO NOT MEET THE REQUIRED
     PLEADING STANDARDS...........................................................................................3

     A.   Claim I:  Copyright Infringement ....................................................................3

     B.   Claim II:  Breach of Contract...........................................................................4

     C.   Claim V:  Promissory Estoppel ........................................................................7

     D.   Claim VIII:  Misappropriation of Ideas ............................................................7

     E.   Claim IX:  Violation of the New York Artists' Authorship Rights Act
          ("AARA") ........................................................................................................8

     F.   Claims III, IV, VI, and VII:  Breach of the Implied Covenant of Good
          Faith and Fair Dealing, Quantum Meruit, Tortious Interference with
          Prospective Economic Advantage and Pre-Contractual Relations, and
          Commercial Interference with Contracts ...........................................................8

III. ALLOWING PLAINTIFF TO AMEND HER PLEADINGS AGAIN
     WOULD BE FUTILE...................................................................................................9

CONCLUSION..............................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

*Bell Atlantic Corp.* v. *Twombly*,
127 S. Ct. 1955 (2007) .......................................................................................... passim

*Chambers* v. *Time Warner, Inc.*,
282 F.3d 147 (2d Cir. 2002) .................................................................................2, 3

*Cincinatti Ins. Co.* v. *E. Atl. Ins. Co.*,
260 F.3d 742 (7th Cir. 2001) .................................................................................5

*Cortec Indus., Inc.* v. *Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991) .....................................................................................9

*Douglas* v. *Victor Capital Group*,
21 F. Supp. 2d 379 (S.D.N.Y. 1998) .................................................................. passim

*Elektra Entm't Group, Inc.* v. *Schwartz*,
No. CV-06-3533 (DGT), 2008 WL 906737 (E.D.N.Y. Apr. 1, 2008) .................................3

*Harris* v. *Provident Life & Accident Ins. Co.*,
310 F.3d 73 (2d Cir. 2002) .....................................................................................8

*Hayden* v. *County of Nassau*,
180 F.3d 42 (2d Cir. 1999) .....................................................................................2

*I.A.E., Inc.* v. *Shaver*,
74 F.3d 768 (7th Cir. 1996) ...................................................................................4

*Keane Dealer Servs., Inc.* v. *Harts*,
968 F. Supp. 944 (S.D.N.Y. 1997) ...........................................................................4

*Kelly* v. *L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992) ..............................................................................3, 4

*Krasselt* v. *Joseph E. Seagram & Sons, Inc.*,
No. 01 CV 28221 (RCC), 2002 WL 1997926 (S.D.N.Y. Aug. 29, 2002) ..........................3

*Lighthouse Solutions, LLC* v. *Connected Energy Corp.*,
No. 03-CV-6275 CJS(P), 2004 WL 1811391 (W.D.N.Y. Aug. 13, 2004) ..........................4

*Marbi Corp. of New York* v. *Puhekker*,
9 F. Supp. 2d 425 (S.D.N.Y. 1998) ..........................................................................2

*McCalla* v. *SUNY Downstate Med. Ctr.,*
    No. 03-CV-2633, 2006 WL 1662635 (E.D.N.Y. June 8, 2006) ............................... passim

*O'Brien* v. *Nat'l Prop. Analysts Partners,*
    719 F. Supp. 222 (S.D.N.Y. 1989) ........................................................................... passim

*Rapoport* v. *Asia Elecs. Holding Co.,*
    88 F. Supp. 2d 179 (S.D.N.Y. 2000) ................................................................................ 1, 2

*Ringgold* v. *Black Entm't Television, Inc.,*
    126 F.3d 70 (2d Cir. 1997) ................................................................................................ 8

*Wojtas* v. *Capital Guardian Trust Co.,*
    477 F.3d 924 (7th Cir. 2007) ..................................................................................... passim

## OTHER AUTHORITIES

Fed. R. Civ. P. 8 ................................................................................................................... 1

Fed. R. Civ. P. 12 ................................................................................................................. 1

S.D.N.Y. Civ. R. 7.1(a) ....................................................................................................... 5

Local Laws of the City of New York, No. 65 (1982) .......................................................... 6

17 U.S.C. § 106A (2000), Visual Artists Rights Act of 1990 ("VARA") ........................... 8

New York Artists' Authorship Rights Act, N.Y. Arts & Cult. Aff. Law § 14.03
    ("AARA") ........................................................................................................................ 8

24 Richard A. Lord, *Williston on Contracts* § 66:1 (4th ed. 2002) .................................... 5

Defendants The Battery Conservancy (the "Conservancy") and Warrie Price (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings.

## ARGUMENT

### I.    PLAINTIFF HAS NOT STATED CLAIMS THAT ARE PLAUSIBLE ON THEIR FACE, AND THE NEW MATERIALS PLAINTIFF HAS SUBMITTED CANNOT CURE THE DEFICIENCIES IN HER AMENDED COMPLAINT.

Plaintiff's Memorandum of Law in Opposition to Defendants Battery Conservancy and Warrie Price's Motion for Judgment on the Pleadings and in Support of Plaintiff's Motion for a Preliminary Injunction ("Opposition") merely confirms what the Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings ("Defendants' Memorandum") demonstrated:  Plaintiff has failed to plead the factual basis of any of her claims, despite the requirements of Fed. R. Civ. P. 8.

Plaintiff agrees, albeit reluctantly, that the pleading standard set out in *Bell Atlantic Corp.* v. *Twombly*, 127 S. Ct. 1955, 1965 (2007), controls here:  on a motion for judgment on the pleadings, the plaintiff must "state a claim to relief that is plausible on its face."  (Opp. at 6 (citing *Twombly*).)  In her discussion of the applicable standard of review of Defendants' Motion, however, Plaintiff repeatedly -- and wrongly -- asserts that this Court must always "accept the allegations contained in the complaint as true."  (Opp. at 4, 6, 11, 12; Broughel Decl. ¶ 12.)  That is not the case where, as here, her allegations and the inferences she asks the Court to draw from them are inconsistent with the documentary materials that the Court can consider under Fed. R. Civ. P. 12(c).  In this situation, the documents control, not Plaintiff's version of the facts,[1] "and this Court need not accept as

---

[1] Plaintiff has discussed in her Opposition "facts" not pleaded in the Amended Complaint, in another attempt to bolster her deficient claims.  These have the added vice of being contrary to the documents that the Court may consider on this Motion.  For example, Plaintiff's assertion that she completed Phase I of her contract with the architects Weisz + Yoes ("W + Y") is directly contradicted by her signed writing, dated July 12, 2006, acknowledging that she did not complete the work specified in Article I of that contract.  (Letter Contract dated July 12, 2006, between the Conservancy and Plaintiff ("Letter Contract"), attached as Ex. II.4 to the Declaration

(footnote continued)

true the allegations in the amended complaint." *Rapoport* v. *Asia Elecs. Holding Co.*, 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000).

Although Plaintiff has submitted various attachments with the Opposition (including the Declarations of Barbara Hoffman, Barbara Broughel, and Frederieke Taylor, the Affidavit of Theodore Berger, and the attached exhibits (collectively, the "Supporting Materials")) and has styled them "In Support of Plaintiff's Motion for Preliminary Injunction,"[2] she attempts to rely on them to amend her pleadings to avoid dismissal. (*See* Broughel Decl. ¶ 13; Opp at 3.) The Amended Complaint cannot be amended in this manner, for "it is axiomatic that a Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien* v. *Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989). Moreover, the Supporting Materials do not begin to fill the lacunae in the Amended Complaint. Thus, even if the Court could consider them, they add none of the facts necessary for Plaintiff to state a claim for relief. The Supporting Materials demonstrate, instead, that allowing Plaintiff to replead again would be futile.

It is also the well-settled rule that submissions such as the Supporting Materials cannot be considered by a District Court in deciding a motion for judgment on the pleadings. *Hayden* v. *County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). Indeed, Plaintiff admits that, "[i]n deciding the [Defendants' Rule 12(c)] motion, the Court may consider documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or the plaintiffs knew of when

---

of Rita Carrier ("Carrier Decl."), dated March 3, 2008.) (*See* Standard Form of Agreement Between Architect and Consultant, executed January 20, 2006, between W + Y and Plaintiff ("W + Y Contract"), attached as Ex. II.3. to the Carrier Decl.) Plaintiff's assertion that her "copyrighted designs" were misappropriated is contradicted by the terms of the materials that Plaintiff received as a finalist in the competition to select an artist to design the Carousel figures (Battery Carousel Finalist's Proposal Package, dated February 2, 2004 ("Orientation Outline"), attached as Ex. II.2. to the Carrier Decl., at 4), and her acknowledgement that she was paid the $1,000 honorarium for submitting her proposal in the competition. (Opp. at 3.) *See infra* n.4.

[2]  The Court should not convert this motion into a summary judgment motion because it would be inappropriate at this early stage of the litigation. *See Marbi Corp. of New York* v. *Puhekker*, 9 F. Supp. 2d 425, 428 (S.D.N.Y. 1998) ("[A]t this early stage of the proceedings . . . there is no sound reason to convert the instant motion into a motion for summary judgment.").

bringing suit, or matters of which judicial notice may be taken." (Opp. at 6 (citing *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).) Based on these permissible materials, as set out in Defendants' Memorandum and as further set out below, the Amended Complaint fails to plead facts sufficient to state any claim against Defendants and should be dismissed with prejudice.

## II.    PLAINTIFF'S CLAIMS STILL DO NOT MEET THE REQUIRED PLEADING STANDARDS.

### A.    Claim I:  Copyright Infringement

As discussed in Defendants' Memorandum, Plaintiff fails to allege all of the elements of a copyright claim. Her Amended Complaint did not state "which specific original works are the subjects of the copyright claim." *Kelly* v. *L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Although Plaintiff now claims that the works "registered as a group with a the [sic] 'Sea Glass'" (Opp. at 9) are the subjects of the copyright claim, her Amended Complaint cannot be amended by her Opposition papers. *See O'Brien*, 719 F. Supp. at 229.

Even if the Amended Complaint could be bolstered in this manner, Plaintiff's allegations would still be insufficient. She has specifically identified only the "Fish Model,"[3] which she submitted to the Conservancy as her entry in the competition, as the subject of her copyright allegations. (Opp. at 9.) Plaintiff expressly agreed that the Conservancy could use the Fish Model pursuant to a license, as set out in documents pursuant to which Plaintiff received her honorarium, as well as in the W + Y Contract. (S*ee* Orientation Outline, at 4, 5;

---

[3]  Plaintiff seems to assert, by way of extensive quotation to *Krasselt* v. *Joseph E. Seagram & Sons, Inc.*, No. 01-CV-2821 (RCC), 2002 WL 1997926 (S.D.N.Y. Aug. 29, 2002), a case decided before *Bell Atlantic Corp.* v. *Twombly*, 127 S. Ct. 1955 (2007), that she need not meet the first requirement of stating a claim for copyright infringement and need not identify the allegedly infringed works, even if she is able to. In *Elektra Entertainment Group, Inc.* v. *Schwartz*, No. CV-06-3533 (DGT), 2008 WL 906737, slip op. at *3 (E.D.N.Y. Apr. 1, 2008), the Court, however, applied *Twombly* and found sufficient facts pled when the complaint "*name[d]* the copyrighted recordings that were allegedly infringed and describe[d] the manner in which they were infringed." (Emphasis added.) Plaintiff, therefore, must name the infringed works and identify how they were allegedly infringed.

W + Y Contract § 5.1.)  Plaintiff was compensated for the grant of this license.[4]  Although Plaintiff declares that she "denies" the existence of a license (Opp. at 9), the documents themselves plainly establish that it existed; Plaintiff's denial cannot alter the facts on this Rule 12(c) Motion.

Nor does the Amended Complaint state "by what acts during what time the defendant infringed the copyright," *Kelly*, 145 F.R.D. at 36, alleging only that Defendants reproduced her "copyrighted artwork" on their websites (Am. Compl. ¶ 34) and "used" her unspecified "copyrighted designs" (*id*. ¶ 32).  In her Opposition, Plaintiff now states that she "alleges and claims" that "Defendants used and *intend to use* her copyrighted images in the Battery Carousel Project."  (Opp. at 10 (emphasis added).)  Again, she cannot amend her complaint in this way, but, in any event, any such amendment would suffer from the same deficiency -- she still does not say what images are involved nor does she set out any infringing acts with specificity.  Similarly insufficient is her bald assertion of "willful infringement."  (Opp. at 11.)  And Plaintiff's moving to enjoin the Conservancy from proceeding with the Carousel Project on the basis of an alleged breach of contract in terminating her employment (Opp. at 20) -- and not on a copyright infringement claim -- demonstrates her understanding that there is no current and no intended future use of any of the Plaintiff's copyrighted works to be enjoined.

**B.      Claim II:  Breach of Contract**

Plaintiff has failed to identify the most important element of her breach of

---

[4]  Under the Orientation Outline (at 4), the "Conservancy reserves the right to retain [Plaintiff's] proposal for up to one year for display purposes."  The Orientation Outline also specifically allows the use of Plaintiff's work at issue for approvals, fundraising, and fabrication among other uses.  (Orientation Outline at 3.)  The Conservancy possessed an implied license to use all of Plaintiff's copyrighted work, which Plaintiff did not terminate.  *See Keane Dealer Servs., Inc*. v. *Harts*, 968 F. Supp. 944, 947 (S.D.N.Y. 1997) ("'a nonexclusive license may be granted orally, or may even be implied from conduct . . . [i]n fact consent given in the form of mere permission or lack of objection is also equivalent to a nonexclusive license and is not required to be in writing.'") (quoting *I.A.E., Inc*. v. *Shaver*, 74 F.3d 768, 775 (7th Cir. 1996)); *Lighthouse Solutions, LLC* v. *Connected Energy Corp.*, No. 03-CV-6275 CJS(P), 2004 WL 1811391, at *6-7 (W.D.N.Y. Aug. 13, 2004) (an implied license for consideration found to be irrevocable).  Plaintiff has alleged no use of any copyrighted material that does not come within that license (to the extent she has alleged any use at all).

contract claim:  either an enforceable contract with the Conservancy or any material terms of such a contract.[5]  She denies that the single executed agreement between Plaintiff and the Conservancy -- the Letter Contract -- is a contract at all (Opp. at 16), so that Defendants and the Court cannot even guess at what contract she is claiming to have been breached.  Making no attempt to counter Defendants' showing that she has failed to allege essential elements of a breach of contract claim in the Amended Complaint, Plaintiff has acquiesced in the correctness of the arguments in Defendants' Memorandum.[6]  Instead of pointing to how the Amended Complaint meets Plaintiff's pleading obligations, she impermissibly includes in her Opposition *new* "facts" on which she relies to assert entirely new "contract" theories of liability, but even these belated, and completely improper claims, are devoid of any factual support.[7]  *See O'Brien*, 719 F. Supp. at 229 (declining to consider new factual assertions raised in opposition to motion to dismiss and dismissing claim).

        For the first time, the Opposition identifies, as a basis for Plaintiff's contract

---

[5]  Plaintiff "disputes" that the Letter Contract is a contract (Opp. at 16), but, again, the document controls, and it is clearly a contract pursuant to which Plaintiff was retained to perform specific tasks; for these tasks she was paid $20,000 in advance.  Her denial that the Letter Contract is a contract is inconsistent with her identification of it as "the prototype agreement of July 12, 2006" in her Amended Complaint (¶ 30).  The only contract that Plaintiff acknowledges to be a contract is the W + Y Contract, to which Plaintiff admits the Conservancy was not a party.  (Opp. at 16.)  In light of that admission, Plaintiff's apparent new allegation -- that the Conservancy somehow breached the W+Y Contract -- is baffling.  (*See* Opp. at 14.)  Plaintiff asserted *no facts* in the Amended Complaint to support any such allegation and cannot make a new claim in her Opposition.  *See O'Brien*, 719 F. Supp. at 229.

[6]  *See McCalla* v. *SUNY Downstate Med. Ctr.*, No. 03-CV-2633, 2006 WL 1662635, at *7 n.4 (E.D.N.Y. June 8, 2006) (plaintiff's failure in his opposition to address arguments in defendants' motion to dismiss resulted in Court deeming the claim abandoned);  *see Douglas* v. *Victor Capital Group*, 21 F. Supp. 2d 379, 393 (S.D.N.Y. 1998) (on motion for summary judgment finding plaintiff's claims abandoned when not addressed in opposition papers); Local Civil Rule 7.1(a) ("all oppositions . . . shall be supported by a memorandum of law, setting forth the points and authorities relied upon  . . . in opposition to the motion."); *see also Wojtas* v. *Capital Guardian Trust Co.*, 477 F.3d 924, 926 (7th Cir. 2007) ("A failure to oppose an argument permits an inference of acquiescence and 'acquiescence operates as a waiver'") (quoting *Cincinnati Ins. Co.* v.  *E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001)).

[7]  Plaintiff also argues, with an inapposite analogy to university enrollment, that somehow an implied contract arises from her award of the commission, such that she cannot be terminated.  (Opp. at 12; *see* W + Y Contract § 8.2 (contract may be terminated "upon seven days' written notice").)  There is absolutely no authority for such a far-fetched claim -- indeed, the relevant authority is to the contrary, it being hornbook law that employment contracts are "at will" unless they specify otherwise.  *See generally* 24 Richard A. Lord, *Williston on Contracts* § 66:1 (4th ed. 2002).

claim, the "call for artists" and the "Artist's Orientation package" (which Defendants understand to be the "Call to Artists" and the "Orientation Outline").[8]  Plaintiff now claims that these two documents,[9] "taken together with the custom and usage in the field of public art," as set out in the Percent for Art Law (Local Law of the City of New York No. 65 for 1982), created a contract with the Conservancy.  (Opp. at 11, 14.)  This law, however, does not salvage her contract claim because it cannot form a basis for a breach of contract, and, as *Plaintiff admits*, Local Law No. 65 does not apply to the Carousel Project.  (Opp. at 14.)

Plaintiff also newly alleges that this amorphous combination forms an oral contract (Opp. at 12, 15), for which Plaintiff rendered part performance.[10]  This allegation fails, for two reasons:  (1) it is merely a legal conclusion, unsupported by facts; and (2) Plaintiff provides no factual support, or even cursory description, of any alleged terms of any such agreement, including who entered into it on behalf of Defendants or when this supposed oral agreement arose.[11]  *See Twombly*, 127 S. Ct. at 1965 n.3.

Finally, Plaintiff desperately tries to avoid dismissal by claiming that "[c]ritical material facts are in dispute which prevent resolution" at this time, but she --

---

[8]  In claiming that she is entitled to discovery concerning the "Proposal Agreement referred to in the orientation outline *but not produced by the Defendants*" (Opp. at 13 (emphasis added)), Plaintiff appears to suggest that Defendants possess information that she does not, when, in fact Plaintiff executed a Finalist Proposal Agreement on February 12, 2004.

[9]  As set out in Defendants' Memorandum (pp. 11-12 n.15), the Orientation Outline is not a contract, but was a package of information handed out to all of the finalists explaining the Carousel Project in preliminary, general terms and, if the Call to Artists could be considered a contract, which it cannot, all of its terms were performed (*id.* at p. 11 n.13).  Neither is identified as a basis of a contract claim in the Amended Complaint, despite the fact that Defendants attached both documents to their Counterclaim, which Defendants filed two months before Plaintiff filed the Amended Complaint.  Indeed, the suggestion that Plaintiff contracted with the Conservancy by responding to the Call to Artists and accepting the Orientation Outline is contradicted by her own admission that she contracted with W+Y, not the Conservancy.  (*See* Am. Compl. ¶ 17.)

[10]  Plaintiff has provided no substantive response to Defendants' showing that any oral contract would be barred by the Statue of Frauds, and has thereby waived any objection.  *See supra* n.6.  She does no more than claim that there is "part performance" that takes the claims out of the statute; of what this performance consisted, however, is nowhere alleged.  (Opp. at 12.)

[11]  Plaintiff's discussion concerning the lack of a price term is puzzling.  (Opp. at 13-14.)  The Orientation Outline informed her of a cap on the Artist's fee of $50,000 (Orientation Outline at 3), and, pursuant to the Finalist Proposal Agreement, the W + Y Contract, and the Letter Contract, Ms. Broughel has been paid over $39,000, as well as an additional $5,000 (Am. Compl. ¶¶ 16, 18; Opp. at 3).

typically -- fails to specify *any facts*.  Instead, she vaguely references:  "the meaning of *various writings*" that are not even identified, much less shown to be relevant; "the intent of the parties," without identifying what "intent" is at issue or relevant, whose intent, or to what it relates; "the application of the parol evidence rule," which has not been raised in the Amended Complaint and has no apparent bearing on this case; and the "application of the statute of frauds," although the only fact relevant to the latter is the existence of a writing, which she has not alleged or identified.  (*See* Opp. at 12 (emphasis added).)  This string of vague references to legal issues confirms that Plaintiff cannot cure the deficiencies of the Amended Complaint.[12]

### C.    Claim V:  Promissory Estoppel

As to Plaintiff's promissory estoppel claim, she has yet to identify an unambiguous promise, doing little more in her Opposition than restating the insufficient allegations of the Amended Complaint.  (*Id*. at 17-18.)[13]  She fails to address Defendants' argument that she has not stated the elements of a promissory estoppel claim, and has thereby waived the claim.  *See supra* n.6.

### D.    Claim VIII:  Misappropriation of Ideas

The Opposition admits that Plaintiff's claims are deficient by asking the Court to "infer the required legal relationship between the parties" -- which she has failed to plead -- without providing any facts that could form a basis for such an inference.  (Opp. at 18.) *See Twombl*y, 127 S. Ct. at 1965.  As for identifying any novel ideas, even if the Court could properly consider the allegations in the Declarations of Theodore Berger and of Ms. Broughel regarding Plaintiff's allegedly original ideas, neither could fill the holes in the

---

[12]  Plaintiff states that she "disputes" items in Defendants' Memorandum, but does not identify any such items, aside from Defendants' assertion that the Letter Contract is a contract.  (Opp. at 16.)

[13]  In the Opposition -- but not the Amended Complaint -- Plaintiff claims that there was an unambiguous promise that if she "fulfilled her services as set forth in the Proposal . . . Plaintiff would be entitled to complete the commission described in her Proposal."  (Opp. at 16.)  Plaintiff nowhere identifies the "services" in the "Proposal," but, in any event, this allegation seems merely to state that *if* she performed, she could continue working on the project.

Amended Complaint because Plaintiff has never provided any facts as to how the
Conservancy used these ideas.

    **E.**    **Claim IX:  Violation of the New York Artists' Authorship Rights Act
("AARA")**

        Plaintiff has provided no authority for her contention that the federal Visual
Artists Authorship Rights Act ("VARA"), as it applies to attribution rights, does not pre-
empt the New York Artists' Authorship Rights Act ("AARA").  The Opposition misstates the
Second Circuit's action in *Ringgold* v. *Black Entertainment Television, Inc*., 126 F.3d 70 (2d
Cir. 1997).  Contrary to Plaintiff's statement that the Court "specifically rejected defendant's
argument that 'AARA' was preempted by 'VARA' on the appeal as it applied to both
attribution and integrity" [14] (Opp. at 19), the Court actually "express[ed] no view as to the
merits of this claim [the alleged violation of plaintiff's rights under VARA] or of defendants'
defenses."  *Ringgold*, 126 F.3d at 82.  Instead, it remanded the case to the District Court,
which had declined "to exercise supplemental jurisdiction over that state law claim."  *Id*.
at 73.

    **F.**    **Claims III, IV, VI, and VII:  Breach of the Implied Covenant of Good
Faith and Fair Dealing, Quantum Meruit, Tortious Interference with
Prospective Economic Advantage and Pre-Contractual Relations, and
Commercial Interference with Contracts**

        By either failing to address at all, or by providing no substantive response to,
Defendants' showing that she has failed to plead the elements of Claims III, IV, VI, and VII,
Plaintiff has waived these claims.  *See supra* n.6.  The Opposition completely ignores that
New York law precludes assertion of an independent claim for breach of the implied
covenant of good faith and fair dealing when "a breach of contract claim based upon the
same facts is also pled."  *Harris* v. *Provident Life & Accident Ins. Co.*, 310 F.3d 73, 81 (2d
Cir. 2002).  Plaintiff fails to provide a substantive response to Defendants' showing that she
has failed to plead the elements of *quantum meruit*.  Indeed, she essentially ignores the issue,

---

[14] The Opposition contains no pin citation to *Ringgold*.

conflating the argument on *quantum meruit* with that on promissory estoppel. (*See* Opp. at 16-17.) She merely repeats the conclusory statements that are insufficient to state a claim. As to her discussion regarding her *pro bono* work, the documents establish that she received a letter acknowledging that contribution -- just what she bargained for. Plaintiff completely fails to even respond to, much less dispute, Defendants' showing that she has not pleaded the elements of tortious interference with prospective economic advantage and commercial interference with contracts. By not contesting Defendants' showing regarding the insufficiency of Claims III, IV, VI, and VII, Plaintiff has waived all of them. *See supra* n.6.

## III.   ALLOWING PLAINTIFF TO AMEND HER PLEADINGS AGAIN WOULD BE FUTILE.

Plaintiff did not cure the defects of her Complaint with the Amended Complaint. By attempting to bolster her Opposition with the Supporting Materials, Plaintiff has admitted that it would be futile to allow her to file a Second Amended Complaint, for nothing in those materials, or the Opposition itself, cures the Amended Complaint's defects. Thus, these additional "facts" simply confirm that Plaintiff has no claims.

Plaintiff tries to minimize these failures by implying that her Amended Complaint suffers only from "pleading technicalities." (Opp. at 20.) But allegations that conflict with controlling documents suffer from fatal defects -- not technicalities. Since "[P]laintiff is unable to allege any fact sufficient to support [her] claim, [her] complaint should be dismissed with prejudice." *Cortec Indus., Inc.* v. *Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991).

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that their motion be granted, that Plaintiff's Amended Complaint be dismissed with prejudice in its entirety.

Dated:  April 21, 2008

Respectfully submitted,

_____/s/_____
Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy & Warrie Price

-10-