UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
BARBARA BROUGHEL,                              :
                                               :
                 Plaintiff,         :   Case No. 07-cv-7755 (GBD)
                                               :
    -against-                                :
                                               :
THE BATTERY CONSERVANCY, WARRIE                :
PRICE, CLAIRE WEIZ AND MARK YOES,              :
"DBA" WEISZ + YOES,                            :
                                               :
                 Defendants         :
-------------------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION FOR JUDGMENT ON THE PLEADINGS
PURSUANT TO FED. R. CIV. P. 12(c), AND IN OPPOSITION TO
<u>PLAINTIFF'S CROSS-MOTION FOR A PRELIMINARY INJUNCTION</u>**


SINNREICH & KOSAKOFF LLP
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
(631) 650-1200

Attorneys for Defendants
*Claire Weisz and Mark Yoes d/b/a Weisz + Yoes Architecture
s/h/i as Claire Weisz and Mark Yoes "DBA" Weisz + Yoes*

## **Table of Contents**

Page

Table of Authorities ................................................................................................................ ii

Preliminary Statement ............................................................................................................. 1

Argument ................................................................................................................................ 2

    POINT I

    PLAINTIFF CANNOT ALLEGE A BREACH
    OF CONTRACT CLAIM AGAINST W+Y ...................................................................... 2

    POINT II

    PLAINTIFF CANNOT ALLEGE A COPYRIGHT
    INFRINGEMENT CLAIM AGAINST W+Y ................................................................... 4

    POINT III

    PLAINTIFF CANNOT ALLEGE
    ANY OTHER CLAIM AGAINST W+Y ........................................................................... 5

    POINT IV

    PLAINTIFF'S CROSS-MOTION FOR A
    PRELIMINARY INJUNCTION SHOULD BE DENIED ................................................ 6

Conclusion ............................................................................................................................... 7

## **Table of Authorities**

**Cases**   **Page**

*Crowley v. VisionMaker, LLC*,
  512 F. Supp. 2d 144 (S.D.N.Y. 2007) ................................................................................ 2

*Kelly v. L.L. Cool J.*,
  145 F.R.D. 32 (S.D.N.Y. 1992) ........................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(c) ................................................................................................................ 1

**Preliminary Statement**

W+Y[1] respectfully submit this reply memorandum of law in further support of W+Y's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c) (the "W+Y Motion"), and in opposition to Plaintiff's cross-motion for a preliminary injunction against W+Y.

Plaintiff's opposition to the W+Y Motion is almost entirely based on misreadings and misinterpretations of the plain language contained in the various documents annexed to the pleadings and declarations, and the Moving Brief submitted to this Court.  These documents, most of which Plaintiff submitted to the Court herself, definitively demonstrate that:  (1) Plaintiff had a contractual relationship with W+Y; (2) Plaintiff entered into the superseding Letter Agreement with the Conservancy acknowledging her failure to complete her obligations under the W+Y Contract; and (3) Plaintiff has not identified and cannot identify any infringement of her copyright by W+Y.  Despite Plaintiff's brazen attempts, she cannot change the plain meaning of the documents she admits to duly executing, and which are annexed to the pleadings in this case.  Because these documents conclusively demonstrate that Plaintiff has no claim against W+Y as a matter of law, the W+Y Motion should be granted.

In addition, Plaintiff's belated cross-motion for a preliminary injunction, made more than one year after her termination by the Conservancy, should also be denied for the reasons put forth by the Conservancy in the Memorandum of Law in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction, dated April 14, 2008, filed on behalf of the Conservancy and Ms. Price (Docket No. 41).  As any injunction issued against the Conservancy with respect to the carousel project would obviously bind W+Y as the Project Architect, W+Y respectfully relies on the Conservancy's arguments stated therein.

---

[1] The Court is respectfully referred to W+Y's Memorandum of Law in Support of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), dated April 4, 2008 (Docket No. 39) (the "Moving Brief"), for the definition of all capitalized terms used herein.

## Argument[2]

### POINT I

### PLAINTIFF CANNOT ALLEGE A BREACH OF CONTRACT CLAIM AGAINST W+Y

Plaintiff does not contest that she cannot assert a breach of contract claim against W+Y unless she can allege that she has fully performed her obligations under the W+Y Contract. *See Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 151 (S.D.N.Y. 2007) (citations omitted). Being unable to do so, Plaintiff attempts to misconstrue the nature of her failure to perform in a futile attempt to avoid dismissal. This should be rejected, and Plaintiff's breach of contract claim against W+Y should be dismissed.

Plaintiff disingenuously claims that W+Y argues that she failed to perform her obligations by failing "to provide specifications for each of the individual figures," which was "never a part of the Phase I contracted work, and were clearly intended as the work of Phase 2, referred to in that contract." Declaration of Barbara Broughel, dated April 17, 2008, ¶ 12 (the "April Broughel Declaration") (Docket No. 47).

In fact, Article 1 of the W+Y Contract provides five distinct Phase 1 tasks and one Phase 2 task that Plaintiff was obligated to perform. S*ee* Answer and Counterclaims, Ex 3, Article 1 at p. 2. The subsequent and superseding Letter Agreement lists four tasks that Plaintiff completed under the W+Y Contract prior to entering into the Letter Agreement. *See id.*, Ex. 4. As a result, Plaintiff failed to perform the omitted fifth Phase 1 task "Design for each of the individual

---

[2] To refrain from burdening the Court with duplicative argument, to the extent possible, W+Y will rely on the legal arguments set forth in the Reply Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, filed on behalf of the Conservancy and Warrie Price on April 21, 2008 (Docket No. 48) (the "Conservancy Reply Brief").

Carousel Figures," which is clearly indicated as a Phase 1 task in the W+Y Contract. *See id.*, Ex. 3, Article 1 at p. 2.

As a result, Plaintiff's claim that she fully performed her obligations under the W+Y Contract is completely contradicted by the documentary evidence and should be rejected. Similarly, Plaintiff's claim that W+Y breached sections 5.1 and 5.2 of the W+Y Contract "by misuse of her intellectual property" -- stated for the first time in the Plaintiff's Opposition Brief (at p. 7 (Docket No. 46)) -- fails for the same reason that Plaintiff cannot state a copyright infringement claim against W+Y, as discussed in the Moving Brief at p. 6-7 (Docket No. 39) and in Point II below. As a result, Plaintiff cannot state a cause of action for breach of contract against W+Y.

Moreover, Plaintiff's attempt to first disavow the Letter Agreement as "never 'intended' as a contract" (Declaration of Barbara Broughel, dated March 28, 2008, ¶ 25 (Docket No. 37)), and then alter the plain meaning of the Letter Agreement by claiming it represents "an acknowledgement of both the breach" by the Conservancy, Ms. Price and W+Y (Declaration of Barbara Broughel, dated April 17, 2008, ¶ 11 (Docket No. 47), are completely and conclusively belied by true and actual terms of the Letter Agreement. *See* Answer and Counterclaim, Ex. 4.

The Letter Agreement has all of the terms that would normally be contained in an enforceable agreement, and is duly executed by the Plaintiff individually, as well as on behalf of the Conservancy. The Letter Agreement, read together with the W+Y Contract, conclusively demonstrates that Plaintiff failed to perform all of her obligations under the W+Y Contract, and that her remaining obligations to W+Y were being transferred to the Conservancy. As a result, Plaintiff's breach of contract claim against W+Y should be dismissed.

## POINT II

### PLAINTIFF CANNOT ALLEGE A COPYRIGHT INFRINGEMENT CLAIM AGAINST W+Y

It appears from Plaintiff's opposition papers that her sole allegation of copyright infringement against W+Y is based on the rendering of the Carousel that appeared on the Conservancy website. *See* Amended Complaint, Ex. A; April Broughel Declaration, Ex. C. However, a review of this rendering fails to demonstrate any use of the material contained in Plaintiff's copyright registrations. *See* Amended Complaint, Ex. B.

As Plaintiff's copyright registration states on its face, her registration is for "3-Dimensional Sculpture." *Id.* Pictures of the sculptures are then annexed to the registrations; however, these sculptures are not nearly identical to the sea creatures depicted in the rendering. *See* Amended Complaint, Ex. A and B; April Broughel Declaration, Ex. C.

This fact is best demonstrated by reference to the pictures of the two billboards annexed to the April Broughel Declaration, which contain pictures of the Fish Model (as defined in the Conservancy Brief), and which fail to mention W+Y. While a picture of the Fish Model is annexed to the Plaintiff's copyright registration, it is conspicuously absent from the carousel rendering that Plaintiff claims constitutes W+Y's instance of copyright infringement. *See* Amended Complaint, Ex. A; April Broughel Declaration, Ex. C.

Similarly, Broughel's copyright simply does not encompass "the idea of the cinema and total environment, the interior lighting of the sea creatures and the going from light to dark as an underwater experience," as claimed in paragraph 10 of the April Broughel Declaration. Instead this seems to be an amalgam of trademark and patent concepts that Plaintiff has neither asserted nor pled.

Based on the foregoing, Plaintiff has not alleged and cannot allege by "what acts during what time [W+Y] infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Accordingly, Plaintiff's first cause of action for copyright infringement fails to state a cause of action against W+Y, and should be dismissed.

## POINT III

### PLAINTIFF CANNOT ALLEGE ANY OTHER CLAIM AGAINST W+Y

Plaintiff's claim that W+Y somehow interfered with Plaintiff's "contractual advantage" is not sufficiently alleged simply by stating that W+Y was "opposed to putting an artist on the design team and believed they could do the Carousel Project without an artist team member." Plaintiff Opposition Brief (Docket No. 46) at p. 7-8. As noted in the Moving Brief (Docket No. 39), and the Conservancy Brief, Plaintiff has not alleged that W+Y actually: (1) interfered with any commercial relationship between Plaintiff and the Conservancy; or (2) acted for the sole purpose of harming the Plaintiff. Moreover, a review of the email correspondence between Plaintiff and W+Y, which Plaintiff claims "are indicative of [W+Y's] efforts to eliminate me from the Project and to interfere with my completion of the commission I had been awarded," actually fails to support such an allegation. *See* Declaration of Barbara Broughel, dated March 28, 2008, ¶ 14, Ex. C (Docket No. 37). As a result, Plaintiff's claim for tortious interference with prospective economic advantage against W+Y fails as a matter of law.

With respect to Plaintiff's remaining claims against W+Y, she has either failed to oppose the grounds for dismissal detailed in the Moving Brief, or they are further subject to dismissal for the reasons set forth in the Conservancy Reply Brief.

## POINT IV

## PLAINTIFF'S CROSS-MOTION FOR A
## PRELIMINARY INJUNCTION SHOULD BE DENIED

W+Y is merely the Project Architect with respect to the carousel project, and has no independent involvement with the project other than pursuant to its contractual relationship with the Conservancy. As a result, the Conservancy is in a better -- and more appropriate -- position to oppose Plaintiff's belated requested for a preliminary injunction. Accordingly, W+Y relies on the arguments stated in the Memorandum of Law in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction, dated April 14, 2008, filed on behalf of the Conservancy and Ms. Price (Docket No. 41).

**Conclusion**

For the reasons set forth above, in the Moving Brief, in the Conservancy Brief, and in the Conservancy Reply Brief, defendants W+Y respectfully request that the Court grant their motion for judgment on the pleadings dismissing the First Amended Complaint, and deny Plaintiff's cross-motion for a preliminary injunction, together with such additional and further relief as the Court deems just and proper.

Dated: Central Islip, New York
      May 2, 2008

SINNREICH & KOSAKOFF LLP

By:    /s/ Jarrett M. Behar
    Jarrett M. Behar (JB-4983)
267 Carleton Avenue, Suite 301
Central Islip, New York 11722
(631) 650-1200

Attorneys for Defendants
*Claire Weisz and Mark Yoes d/b/a Weisz + Yoes Architecture s/h/i as Claire Weisz and Mark Yoes "DBA" Weisz + Yoes*

F:\Data\1358-05\Reply Memorandum of Law in Further Support of Motion for Judgment on Pleadings.doc