Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy & Warrie Price

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
BARBARA BROUGHEL,                                             :
                                                              :
                              Plaintiff,                      :
                                                              :  No. 07 Civ. 7755 (GBD)
            v.                                                :
                                                              :  ECF Case
THE BATTERY CONSERVANCY,                                      :
WARRIE PRICE, CLAIRE WEISZ,                                   :
AND MARK YOES, "DBA" WEISZ + YOES,                            :
                                                              :
                              Defendants.                     :
                                                              :
------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Defendants The Battery Conservancy (the "Conservancy") and Warrie Price (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum in support of their motion to exclude Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for a Preliminary Injunction ("Reply").

**PRELIMINARY STATEMENT**

In her Reply, Plaintiff has completely changed the basis on which she seeks a preliminary injunction against Defendants. Rather than relying on the termination of her employment,[1] she now claims -- for the first time -- that the injunction she seeks is justified because Defendants are infringing her copyright -- although she still fails to identify *which* copyright is allegedly infringed -- and misappropriating unspecified novel ideas. Plaintiff bases these new claims on certain exhibits to new declarations accompanying her Reply. Although these exhibits form the crux of Plaintiff's new claims, she has not filed them with the Court, or served them on Defendants, or even provided Defendants a copy of these materials. To their knowledge, Defendants are not using *any* of Plaintiff's intellectual property and have not done so since last fall. Thus seeing and being able to analyze these exhibits is crucial to Defendants, who are prejudiced both by Plaintiffs' change of theory (again) and her default in filing and making available her papers to Defendants.

Before the deadline for filing the Reply passed on May 9, Plaintiff filed with the Court only the first eight pages of the Reply. (*See* Ex. F to the Declaration of Rita M. Carrier in Support of Defendants' Motion to Exclude Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for a Preliminary Injunction ("Carrier Decl.").) Plaintiff's counsel then had the effrontery to fax her

---

[1] *See* Plaintiff's Memorandum of Law in Opposition to Defendants Battery Conservancy and Warrie Price's Motion for Judgment on the Pleadings and in Support of Plaintiff's Motion for a Preliminary Injunction, at 20 ("The graveman [sic] of Plaintiff's complaint is that she was wrongfully terminated . . . Plaintiff will suffer irreparable harm if she is not able to complete the commission."); letter dated December 12, 2007, from Ms. Hoffman to the Court, attached as Ex. A to the Carrier Decl. at 3 ("The request for injunctive relief is not based on Plaintiff's copyright claim under 17 U.S.C., but upon claims for breach of contract, failure to adhere to the proper process and procedures implicit in Plaintiff's selection and made part of the contract, and the New York Artist's Authorship Rights Act.").

sixteen-page brief and two new declarations (*see* Ex. B to Carrier Decl.) -- with no exhibits -- a day late to the only lawyer for Defendants who is not in the country, and to have done so at 8 a.m. on Saturday morning, May 10, "apologizing" that her "assistant" failed properly to file the pages by the May 9 deadline[2] -- a deadline that reflected a three-week extension granted to Plaintiff by the Court, over Defendants' objections. (*See* letter dated April 25, 2008, from Mrs. Pfeiffer to this Court, attached as Ex. C to Carrier Decl.) Although she was aware that Mrs. Pfeiffer was not in the United States (*see* transcript of hearing on April 8, 2008, attached as Ex. D to Carrier Decl. at p. 7, ll. 4-5), Plaintiff's counsel did not send a facsimile to any of the other lawyers on the team representing Defendants. This tactic culminates a series of maneuvers by Plaintiff to try to avoid the fatal weaknesses of her Amended Complaint by delays, obfuscations, and outright misrepresentations to the Court in order to obtain extensions and shorten the rule-allotted time Defendants have to prepare and present this case to the Court. Plaintiff's multiple and repeated violations of the rules of this Court,[3] the new theories

---

[2] (Facsimile cover sheet dated May 10, 2008, from Ms. Hoffman to Mrs. Pfeiffer, attached as Ex. G to Carrier Decl.) Under this Court's Guidelines for Electronic Case Filing, the attorney is responsible for meeting the filing deadline: "[a] filing will be deemed to be the sole responsibility of the filing user whose log-in and password were used to file the document."

[3] Plaintiff failed to follow the rules concerning the length of reply memoranda. Rule 2(C) of this Court's Individual Practices provides that no reply memoranda may exceed ten pages without an express grant of prior permission. Plaintiff's counsel clearly recognized this rule, as she wrote to the Court on May 5 "respectfully request[ing] leave to file a Memorandum of Law in Reply of twenty pages." However, after having asked for permission and not having received it, Plaintiff's counsel decided, *sua sponte*, to file a sixteen-page Reply (although since only eight pages were actually timely filed, Plaintiff has not yet violated this rule).

Moreover, Plaintiff learned on May 2 that W+Y would be relying "on the arguments stated in the Memorandum of Law in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction, dated April 14, 2008, filed on behalf of the Conservancy and Ms. Price." (W+Y's Reply Memorandum of Law in Further Support of Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c), and in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction ("W+Y's Opposition") at 9). On May 5, however, Plaintiff's counsel requested, without mentioning the fact that Defendants and W+Y were relying on a single opposition, that the Court allow her to file a reply of twice the normal length. (*See* letter dated May 5, 2008, from Ms. Hoffman to the Court, attached as Ex. E to Carrier Decl.) As if such an
(footnote continued)

and new facts that Plaintiff is trying to assert on the eve of oral argument, combined with a greatly delayed schedule in filing her Reply and her failure to meet even that date -- prejudice Defendants significantly.

It is well-settled that new matter raised in a reply is properly stricken. *Thomas* v. *Roach*, 165 F.3d 137, 146 (2d Cir. 1999). The eight pages that Plaintiff timely filed are replete with new grounds for a preliminary injunction, new claims, and new factual assertions. Accordingly, Defendants request that all of the material that Plaintiff filed on May 9, 2008, as her Reply be excluded. Nor should Plaintiff evade the consequences of her failure to meet the Court's filing deadline; she should not be permitted to file the remaining pages of her Reply and the declarations that Plaintiff faxed to Defendants on May 10, as well as the exhibits that allegedly accompany them.

## ARGUMENT

**I.    Plaintiff's New Arguments on Reply Must be Excluded.**

It is well established that arguments raised for the first time in a reply need not be considered. *Thomas*, 165 F.3d at 146.

Before filing her Reply, Plaintiff represented to the Court and Defendants that her "request for injunctive relief is *not based on Plaintiff's copyright claim* under 17 U.S.C., but upon claims for breach of contract, failure to adhere to the proper process and procedures implicit in Plaintiff's selection and made part of the contract, and the New York Artist's Authorship Rights Act." (Letter dated Dec.12, 2007, from Ms. Hoffman to the Court, attached as Ex. A to Carrier Decl. at 3) (emphasis added). Defendants having

---

implicit misrepresentation were not sufficient, when she did not receive the required advance permission to file a reply in excess of ten pages, Plaintiff's counsel did so anyway. The Court should not, and need not, tolerate Plaintiff's disregard for its explicit instructions as to the procedure to follow with respect to a reply brief. *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936).

demolished her contract claims in the Defendants' Memorandum of Law in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction ("Opposition"), Plaintiff now claims that copyright infringement and misappropriation of ideas provide grounds for a preliminary injunction. To their knowledge, however, Defendants are not using any of Plaintiff's copyrights or ideas and, due to her non-filing and non-service of papers, Plaintiff has not identified any such use. She certainly has not done so in her Amended Complaint, and her failure to properly plead any cognizable claims is the subject of Defendants' Motion for Judgment on the Pleadings. (*See* Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings, at 7-10.)

Because it is Plaintiff's obligation to timely file a proper Reply that joins issue with Defendants' Opposition, it is appropriate to strike all of Plaintiff's Reply papers where, as here, Plaintiff has defaulted in filing her Reply and, that Reply, moreover, as partially and unofficially provided to Defendants, raises new issues.

**II.    The Entire Reply Should Be Excluded Because it Was Not Timely Filed.**

Plaintiff has had Defendants' Opposition since April 14, 2008. Over Defendants' well-based objections (*see* letter dated April 25, 2008, from Mrs. Pfeiffer to the Court, attached as Ex. C to Carrier Decl.), the Court gave Plaintiff not one, but two extensions of time in which to file her Reply. On May 2, Plaintiff was served with W+Y's Opposition, which informed her that W+Y was relying entirely upon the Opposition filed on April 14, 2008, on behalf of The Battery Conservancy and Warrie Price. (W+Y Opposition at 9). In short, Plaintiff has had four-and-a-half weeks to prepare a response to all of the defendants' arguments.

Yet all that Plaintiff timely filed was a cover sheet, a table of contents, a table of authorities, and eight of the sixteen pages of her Reply.[4] Also omitted were the two new declarations with exhibits that purportedly provide the factual basis for these new claims. As noted above, Plaintiff faxed some, but not all of these missing papers to the only one of the Defendants' lawyers she knew is out of the country, claiming that the exhibits could "not be faxed." Thus, with three days remaining before oral argument on her cross-motion for a preliminary injunction, Defendants have not even seen the most important parts of these papers. To expect Defendants' counsel to prepare effectively to address these materials at a morning oral argument on May 15 would be fundamentally unfair.

This Court may -- and should -- exercise its discretion to prevent that result, by ordering the exclusion of the filed portion of the Reply from consideration on Plaintiff's cross-motion for a preliminary injunction, and prohibiting the filing of the remainder of the Reply and any declarations and exhibits thereto. *Knoll* v. *Equinox Fitness Clubs*, No. 02 Civ. 9120 (SAS), 2007 WL 4526596, at *1 n.5 (S.D.N.Y. Dec. 20, 2007) ("[P]laintiff's opposition to [defendants' Motion to Strike] was one day late. This delay, albeit slight, serves as an alternate basis to strike plaintiff's Bill of Costs in its entirety."). There is also ample basis for the Court to exclude the Reply because of Plaintiff's failure to file and make available to Defendants all of the materials on which she purports to rely. *See Landis*, 299 U.S. at 254 (recognizing the "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").

---

[4] Attached hereto as Ex. F to Declaration of Rita Carrier dated May 11, 2008.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff be ordered to Show Cause, on or before May 14, as to why the Court should not grant this motion.

Dated: Washington, D.C.
May 12, 2008

Respectfully submitted,

_____/s/_____
Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy & Warrie Price