BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200 (phone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BROUGHEL<br><br>            Plaintiff,<br><br>v.<br><br>THE BATTERY CONSERVANCY, WARRIE PRICE, CLAIRE WEISZ AND MARK YOES, "DBA" WEISZ + YOES<br><br>            Defendants. | No. 07 Civ. 7755 (GBD)<br><br>ECF Case |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

## TABLE OF CONTENTS

                                                              Page

PRELIMINARY STATEMENT..................................................................................................1

ARGUMENT...................................................................................................................................2

I.    PLAINTIFF MEETS THE TEST FOR A PRELIMINARY INJUNCTION ON HER CLAIM FOR COPYRIGHT INFRINGEMENT..............................................2

      A.    THE STANDARD ..........................................................................................2

      B.    PLAINTIFF HAS MADE A SHOWING OF IRREPARABLE HARM ......................................................................................4

      C.    PLAINTIFF HAS SHOWN A PROBABILITY OF SUCCESS ON THE MERITS OF HER COPYRIGHT INFRINGEMENT CLAIM....................5

            1.    Plaintiff's Pleadings Meets the Standard of Fed. R. Civ. P.8..................5

            2.    The Merits ...............................................................................................5

II.    A PRELIMINARY INJUNCTION IS WARRANTED ON THE CLAIM FOR SUBMISSION AND MISAPPROPRIATION OF IDEAS.........................................9

      A.    THE MERITS ................................................................................................9

III.   PLAINTIFF WILL SUFFER IRREPARABLE HARM TO HER REPUTATION AND CAREER IF ANY INJUNCTION DOES NOT ISSUE................10

IV.   LOCAL LAW 65 (1982) REQUIRES THAT A PRELIMINARY INJUNCTION BE GRANTED.............................................................................................................11

      A.    THE SELECTION OF TSYPIN WAS MADE IN VIOLATION OF THE REQUIREMENTS OF LOCAL LAW 65...................................................11

V.    PLAINTIFF'S BREACH OF CONTRACT CLAIM.....................................................12

      A.    PLAINTIFF'S CONTRACT OR IMPLIED IN FACT CONTRACT............12

      B.    SPECIFIC PERFORMANCE AS AN EQUITABLE REMEDY....................14

      C.    IRREPARABLE HARM AND UNIQUENESS..............................................15

VI.     THE PUBLIC INTEREST DECIDEDLY FAVORS PLAINTIFF ................................... 15

CONCLUSION ................................................................................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*ABC v. Warner Wolf, et al.*
  76 A.D.2d 162; 430 N.Y.S.2d 275 (1st Dept. 1980) .................................................. 12

*Apfel v. Prudential-Bache Securities, Inc.*
  81 N.Y.2d 470, 600 N.Y.S.2d 433, 616 N.E2d 1095 (1993) ....................................... 9

*Arthur Guinness & Sons, PLC v. Sterling Pub. Co.*
  732 F.2d 1095, 1099 (2d Cir. 1984) .............................................................................. 3

*Bourne Co. v. Tower Records*
  976 F.2d 99, 101 (2d Cir. 1992) .................................................................................... 4

*Brenntag Int'l Chems., Inc. v. Bank of India*
  175 F.3d 245, 249 (2d Cir. 1999) .................................................................................. 3

*Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*
  150 F.3d 132, 137 (2d Cir. 1998) .................................................................................. 8

*Christie-Spencer Corp. v. Hausman Realty Co.*
  118 F. Supp. 2d 408, 417 (S.D.N.Y. 2000) ................................................................... 2

*Clifford Ross Co. v. Nelvana, Ltd.*
  710 F. Supp. 517, 521 (S.D.N.Y. 1989) ........................................................................ 4

*Elektra Entertainment Group In v. Rae Schwartz*
  2008 U.S. Dist. Lexis 26183 ......................................................................................... 5

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*
  499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991) ................................... 6

*Filner v. Shapiro*
  633 F.2d 139, 143 (2d Cir. 1980) ................................................................................ 13

*Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*
  443 F.2d 1159, 1162 (2d Cir. 1911) ............................................................................. 8

*Grand Union Co. v. Cord Meyer Dev. Co.*
  761 F.2d 141, 147 (2d Cir. 1985) .................................................................................. 3

*Hamil Am., Inc. v. GFI*
  193 F.3d 92, 99 (2d Cir. 1999) ...................................................................................... 6

*Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*
  780 F.2d 189, 192 (2d Cir. 1985)..................................................................... 6

*Home Box Office, Inc. v. Northland Communications Corporation et al.*
  1987 U.S. Dist. Lexis 16715 ........................................................................... 2

*Jorgensen v. Epic/Sony Records*
  351 F.3d 46, 51 (2d Cir. 2003)......................................................................... 6

*Joseph Scott Co. v. Scott Swimming Pools*
  764 F.2d 62, 67 (2d Cir. 1985)......................................................................... 2

*King v. Innovation Books*
  976 F.2d 824, 831 (2d Cir. 1992)..................................................................... 4

*Leberman v. John Blair & Co.*
  880 F.2d 1555, 1560 (2d Cir. 1989)................................................................ 13

*Louis Vuitton Malletier v. Dooney & Bourke*
  Inc. 454 F.3d 108, 114 (2d Cir. 2006) ......................................................... 2, 3

*Metro-Goldwyn-Mayer Studios Inc v. Grokster, Ltd.*
  545 U.S. 913, 924 2005 .................................................................................. 7

*N US v. Blue Circle, Inc.*
  793 F.Supp. 52 (N.D.N.Y. 1992).................................................................. 14

*Nadel v. Play by Play Toys and Novelties, Inc.*
  208 F.3d 368 (2d Cir. 2000)............................................................................ 9

*Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*
  166 F.3d 65, 70 (2d Cir. 1999)......................................................................... 8

*Playboy Enters. v. Chuckleberry Publishing*
  486 F. Supp. 414, 434-35 (S.D.N.Y. 1980)..................................................... 4

*Porter v. Lee*
  328 U.S. 246, 251 (1946) ................................................................................ 2

*Reuters Limited v. UPS International*
  903 F.2d 904 (2d Cir. 1990).......................................................................... 11

*See Random House, Inc. v. Rosetta Books LLC*
  283 F.3d 490, 491 (2d Cir. 2002).................................................................... 4

*Shapiro, Bernstein & Co. v. H.L. Green Co.*
    316 F.2d 304, 307 (2d Cir. 1963)..................................................................................... 7, 8

*Softel, Inc. v. Dragon Medical and Scientific Communication*
    118 F.3d 959, 971 (2d Cir. 1997)........................................................................................ 7

*Sony Corp of America v. Universal Studies*
    464 U.S. 417 (1983)............................................................................................................. 7

*Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*
    118 F.2d 89, 92 (2d Cir. 1985)............................................................................................ 8

*Time Warner Cable v. Bloomberg L.P.*
    118 F.3d 917, 923 (2d Cir. 1997)........................................................................................ 3

*Tom Doherty Assoc. v. Saban Entm't*
    60 F.3d 27, 34 (2d Cir. 1995)........................................................................................ 3, 11

*Tough Traveler, Ltd. v. Outbound Products*
    60 F.3d 964, 967-68 (2d Cir. 1995)..................................................................................... 4

*Yurman Design, Inc. v. PAJ, Inc.*
    262 F.3d 101, 110 (2d Cir. 2001)........................................................................................ 6

**STATUTES**

Local Law 65 (1982)............................................................................................................... 11

Fed. R. Civ. Proc. Rule 12(c)................................................................................................... 2

Fed. R. Civ. P.8 ........................................................................................................................ 4

New York Artist's Authorship Rights Act Article 14 ............................................................ 15

**OTHER AUTHORITIES**

Bryan A. Garner, Black's Law Dictionary 1448 (8th ed. 2004)................................................ 3

Plaintiff Barbara Broughel ("Plaintiff") by and through her undersigned counsel, respectfully submits this Memorandum of Law in Reply to the Opposition to the Motion for a Preliminary Injunction submitted by the Defendant Battery Conservancy, Defendant Warrie Price and Defendant Weisz + Yoes (collectively, the "Defendants").

## PRELIMINARY STATEMENT

Barbara Broughel is a widely recognized professional visual artists practicing for over twenty-five years. In 2004, she was awarded a commission on the basis of her "novel concepts and original designs" (the "Proposal") to participate as a member of the design team to design the interior of the Sea Glass Carousel at the Battery (the "Project"). In April 2007, she was terminated. The Defendants have removed her name from the Project; notwithstanding, they continue to display and reproduce her copyrighted expressions and in February 2008 entered into a schematic design contract with George Tsypin Opera Factory for the production and design of the ride expressive of her artistic vision. Her arbitrary and capricious termination threatens her first class reputation as an artist and the professional credibility she has established over the years (See Broughel Declaration in Further Support and Declaration of Dale M. Lanzone.)

Plaintiff will suffer irreparable harm not compensable in money damages if Defendants are allowed to continue using her novel ideas and the public believes she was terminated from the Project for cause. Plaintiff is entitled to a preliminary injunction (i) enjoining the Defendants from using Plaintiff's copyrighted designs, (ii) proceeding to complete the Project until a trial on the merits or a dispositive motion, (iii) contracting with Tsypin or another artist who exploits Plaintiff's novel ideas and original designs, and (iv) proceeding with the Project without appropriate credit to Plaintiff.

Plaintiff's papers, including the Declarations of Barbara Broughel, Barbara Hoffman, Theodore Berger, Frederieke Taylor and Dale M. Lanzone, submitted in support or in further support of the motion, the Memorandum of Law and the documents attached thereto and the pleadings when viewed in the light most favorable to Plaintiff establish that Plaintiff has met the standards for preliminary injunctive relief.

As for Defendants' claim of laches, it is well settled that a mandatory injunction is appropriate to restore the status quo ante when, as here, a party with notice of a pending claim for an injunction performs an action sought to be restrained in those proceedings, e.g., *Porter v. Lee* 328 U.S. 246, 251 (1946); *Home Box Office, Inc. v. Northland Communications Corporation et al.* 1987 U.S. Dist. Lexis 16715.

A preliminary injunction is a specific equitable remedy and thus must be framed in such a way as to strike a delicate balance between competing interests" *Louis Vuitton Malletier v. Dooney & Bourke*, 454 F 3rd 108 (2d. Cir 2006). See *Joseph Scott Co. v. Scott Swimming Pools*, 764 F.2d 62, 67 (2d Cir. 1985). Plaintiff's motion is not barred by laches.

## ARGUMENT

**I. Plaintiff Meets the Test for A Preliminary Injunction on Her Claim For Copyright Infringement.**

**A. The Standard.**

A preliminary injunction is "an extraordinary and drastic remedy that will not be granted absent a clear showing that the [moving party] has met its burden of proof." *Christie-Spencer Corp. v. Hausman Realty Co.*, 118 F. Supp. 2d 408, 417 (S.D.N.Y. 2000). To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a threat of irreparable injury and (2) either (a) a probability of success on the merits or (b) sufficiently serious questions going to the merits to make them fair grounds for litigation, as well as a

balance of hardships tipping decidedly in the moving party's favor. *See, e.g., Time Warner Cable v. Bloomberg L.P.*, 118 F.3d 917, 923 (2d Cir. 1997). *Louis* Vuitton, supra.(p.113-114). Irreparable injury exists where, but for the granting of the preliminary injunction, it would be difficult or impossible to return the parties to the positions they previously occupied. *See Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).

A trial court has discretion to fashion a preliminary injunction that will preserve the status quo pending a trial on the merits. *Arthur Guinness & Sons, PLC v. Sterling Pub. Co.*, 732 F.2d 1095, 1099 (2d Cir. 1984); *see also Grand Union Co. v. Cord Meyer Dev. Co.*, 761 F.2d 141, 147 (2d Cir. 1985).

The Defendants in their opposition papers argue that to the extent that they are being asked to do something, Plaintiff is not asking for the preservation of the status quo. The Second Circuit has repeatedly cautioned that "'[t]he distinction between mandatory and prohibitory injunctions is not without ambiguities or critics.'" *Louis Vuitton Malletier v. Dooney & Bourke, Inc.* 454 F.3d 108, 114 (2d Cir. 2006) (quoting *Tom Doherty Assoc. v. Saban Entm't*, 60 F.3d 27, 34 (2d Cir. 1995). Black's Law Dictionary defines the term "status quo" simply as "[t]he situation that currently exists." Bryan A. Garner, Black's Law Dictionary 1448 (8th ed. 2004).

The Defendants, therefore, argue that to the extent Plaintiff requests reinstatement, the elevated standard of "clear and substantial likelihood of success on the merits must apply. Assuming *arguendo*, the heightened standard is appropriate to reinstate Plaintiff, Plaintiff believes she meets this standard. However, it cannot be claimed that a prohibition on the use of Plaintiff's novel ideas, the hiring of a competing artist and the unauthorized use of her

copyrighted expression, "orders an affirmative act or mandates a specified course of conduct." Thus, the non-heightened standard applies to this part of Plaintiff's motion.

**B.      Plaintiff Has Made a Showing of Irreparable Harm.**

In the Second Circuit, a prima facie case of copyright infringement generally gives rise to a presumption of irreparable harm. *See Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002). ("When a plaintiff establishes a prima facie case of copyright infringement, irreparable harm is presumed."); *Tough Traveler, Ltd. v. Outbound Products*, 60 F.3d 964, 967-68(2d Cir. 1995) (same in trademark and trade dress context).

Thus, "the requirement of proof of irreparable harm can in such a case effectively be met by proof of a likelihood of success on the merits." This presumption exists because where illegal copying has occurred, the confusion created in the marketplace will often damage the copyright holder in incalculable and incurable ways. *See Bourne Co. v. Tower Records*, 976 F.2d 99, 101 (2d Cir. 1992).

A delay in filing suit will not rebut the presumption of irreparable harm if the plaintiff does not know how severe the infringement is. *See Clifford Ross Co. v. Nelvana, Ltd.*, 710 F. Supp. 517, 521 (S.D.N.Y. 1989), aff'd without opinion, 883 F.2d 1022 (2d Cir. 1989); *see also Playboy Enters. v. Chuckleberry Publishing*, 486 F. Supp. 414, 434-35 (S.D.N.Y. 1980) (noting that "parties should not be encouraged to sue before a practical need to do so has been clearly demonstrated"). Similarly, a delay caused by a plaintiff's good faith efforts to investigate an infringement does not rebut the presumption of irreparable harm. *See King v. Innovation Books*, 976 F.2d 824, 831 (2d Cir. 1992) (author's eight-month delay in filing claim did not rebut presumption of irreparable harm because he spent that time trying to obtain a copy of the infringing screenplay and movie).

C.  **Plaintiff Has Shown a Probability of Success On The Merits of Her Copyright Infringement Claim.**

   1.  **Plaintiff's Pleading Meets the Standard of Fed. R. Civ. P.8.**

Plaintiff believes the recent decision in *Elektra Entertainment Group In v. Rae Schwartz* 2008 U.S. Dist. Lexis 26183 is appropriately applied to the pleadings in this case.

> In particular, it was held that, the complaint's failure to describe specific individual instances of infringement is not fatal to plaintiffs' claim; such details are rightly the province of the discovery phase and summary judgment. Indeed it would be difficult, as a practical matter, for plaintiffs to allege the exact times at which Goldshteyn downloaded particular recordings. Goldshteyn, 2006 U.S. Dist. LEXIS 52422.
>
> In this case, it is clear that the complaint alleges enough facts to constitute a plausible claim of copyright infringement, and, thus, is distinguishable from the Twombly complaint. The complaint found insufficient in Twombly made allegations of conscious parallelism - from which an antitrust conspiracy could have been inferred - but lacked factual allegations in connection with a specific agreement or contract. By contrast, the complaint in this case names the copyrighted recordings that were allegedly infringed and describes the manner in which they were infringed. Indeed, if these allegations in the complaint are proven true, under no circumstances will Schwartz not have infringed plaintiffs' copyrights. Therefore, the complaint certainly raises a "reasonable expectation that discovery will reveal evidence" of infringement. See id. Accordingly, the copyright infringement claim alleged by the plaintiffs here is more plausible than the antitrust conspiracy claim alleged in Twombly. Plaintiffs were not required to allege specific, individual instances of infringement, which, as Goldshteyn held, is rightly the province of the discovery phase and summary judgment. At this stage of the litigation, it is sufficient that the plaintiffs have alleged enough facts to support a claim of copyright infringement that is at least plausible. Although Plaintiff in her pleadings and papers against the Defendants argued for a

preliminary injunction on her copyright claims, Defendants oppose in only the most general terms, Plaintiff's request for relief with respect to claims of copyright infringement.

   2.  **The Merits.**

To succeed on a copyright infringement claim, plaintiffs must establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are

original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *see Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985). The issuance of a certificate of registration for a copyright is prima facie evidence of the validity of the copyright. See id. The Plaintiff has submitted a certificate of registration for the Sea Glass Group.

To satisfy the second element, the copyright owner must demonstrate "'(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's.'" *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 110 (2d Cir. 2001) (quoting *Hamil Am., Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)). Actual copying may be established by either direct evidence of copying or circumstantial proof of copying, consisting of evidence that the alleged infringer had access to the protected work and "that there are similarities between the two works that are probative of copying." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). There is no dispute that Defendants had access to Plaintiff's copyrighted designs.

The Declaration of Barbara Broughel in support of the Motion and the Declaration of Barbra Broughel in Further Support of the Motion make it patently clear that Defendants' continue to use Plaintiff's copyrighted expression on their website, in marketing materials and on the YouTube video, despite Defendants' representation to the contrary. Defendants Weisz + Yoes claim that only the Conservancy has made unauthorized use of the Sea Glass Creatures which are included in the Registration Statement attached to the Amended Complaint and cannot be held to have infringed. Plaintiff disagrees.

It is respectfully submitted that even if the Court were to apply the more elevated standard of a showing of "clear or substantial likelihood of success on merits," the identical reproduction and display of Plaintiff's copyrighted designs meets this test.

The claim of license is specifically contradicted by the documents (See AIA contract prohibiting use of Plaintiff's designs and the Artist Orientation Outline which only provides for use for "documentation," not reproduction on the internet or on the Project.

Although 17 U.S.C. 101 et seq. 1976 (the "Copyright Act") does not by its explicit terms render anyone liable for infringement committed by another, the absence of such express language does not preclude the imposition of copyright infringements on certain parties who have not themselves engaged in the infringing activities, since vicarious liability is imposed in virtually all areas of the law and the concept of contributory infringement is merely a species in which it is just to hold one individual accountable for the actions of the other. *See Sony Corp of America v. Universal Studies* 464 U.S. 417 (1983); *See also Metro-Goldwyn-Mayer Studios Inc v. Grokster, Ltd.* 545 U.S. 913, 924 2005.

It is enough to state a claim against Defendants Warrie Price and Weisz + Yoes for vicarious or contributory liability for infringement of Plaintiff's copyrighted expression, as Plaintiff Broughel has done in her several Declarations and the allegations and documents attached to her Amended Complaint, that these Defendants had a "right and ability to supervise" the violations and that they had a strong financial interest in such activities. *Softel, Inc. v. Dragon Medical and Scientific Communication* 118 F.3d 959, 971 (2d Cir. 1997) (individual liability for copyright infringement); *See also Shapiro, Bernstein & Co. v. H.L. Green Co.* 316 F.2d 304, 307 (2d Cir. 1963).

A party may be liable for contributory copyright infringement if the party "induces, causes or materially contributes to the infringing conduct of another" with knowledge. *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1911). "All persons and corporations who participate in, exercise control over or benefit from an infringement are jointly and severally liable as copyright infringers." *Sygma Photo News, Inc. v. High Soc. Magazine, Inc.*, 118 F.2d 89, 92 (2d Cir. 1985).

A party may be held vicariously liable for copyright infringement "when the right and ability to supervise[] coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials .." *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963).

Plaintiff has shown a probability success on the merits of her infringement claim because Defendants have reproduced, displayed and created derivative works from Plaintiff's Sea Glass registered designs. The designs of Plaintiff which are reproduced and displayed are identical or "substantially similar" to the designs attached to the Registration Statement of Amended Complaint.

To prevail on a copyright infringement claim, a plaintiff must prove *inter alia* that "the second work bears ' substantial similarity' to protected expression in the earlier work." *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998). "The standard test in determining substantial similarity is the 'ordinary observer test': whether an average lay observer would overlook any dissimilarities between the works and would conclude that one was copied from the other." *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 70 (2d Cir. 1999. "The substantial similarity test is limited to the particular original selection or arrangement afforded protection and does not extend to the facts themselves."