THE HOFFMAN LAW FIRM

330 WEST 72ND STREET

NEW YORK, N.Y. 10023

TELEPHONE: 212 873 6200

FACSIMILE: 212 974 7245

BARBARA T. HOFFMAN

artlaw@mindspring.com

www.hoffmanlawfirm.org

December 12, 2007

VIA HAND DELIVERY

Honorable George B. Daniels
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 630
New York, NY 10007

Re:   Barbara Broughel v. The Battery Conservancy, et al., 1:07-cv-7755

Dear Judge Daniels:

I represent the Plaintiff Barbara Broughel in the above-captioned action.

The purpose of this letter is two-fold: (i) enclosed herein is a courtesy copy of the Plaintiff's First Amended Complaint, and (ii) as noted, at the initial conference, Plaintiff seeks a preliminary injunction and with this letter, seeks permission to move for a preliminary injunction.

This is an action for copyright infringement under the Copyright Act 17 U.S.C. § 101 et seq. (the "Copyright Act"), and ancillary state law causes of action *inter alia*, breach of contract, tortious interference with economic advantage and prospective contract, quantum meriut and the New York Artists Authorship Rights Act (NY CLS Art & Cultural Aff § 14.03 (2007)) brought by noted visual artist, Barbara Broughel (the "Artist" or "Plaintiff Broughel").

The Artist was awarded a commission based on a proposal which included original and novel designs for carousel figures, floor, lighting, cinematic elements, sounds and enclosures (the "Project"). The Artist claims that The Battery Conservancy (the "Conservancy") and Warrie Price, the President (collectively, the "Conservancy Defendants"), wrongfully terminated the Project with the intention of preventing the Artist from completing the commission she had been awarded, and misappropriating, without payment, the Artist's copyrighted designs, other intellectual property and services, and have, on information and belief, so used the Artist's intellectual property and services without payment to her or her authorization.

Plaintiff Broughel also alleges claims against Claire Weisz + Mark Yoes, "dba" Weisz + Yoes (collectively referred to as "Defendant Architects"), including copyright infringement and state law claims *inter alia*, breach of contract, and the New York

THE HOFFMAN LAW FIRM

Honorable George B. Daniels
December 12, 2007
Page 2

Artist's Authorship Rights Act. In what is becoming, unfortunately, a familiar story, Defendant Architects misappropriated the Artist's copyrighted designs and concepts. Unwilling to share the credit, the Defendant Architects succeeded in removing the Artist from the Project without cause, for their own personal gain and ambition.

On or about January 3, 2004, the Defendant Conservancy issued a Call to Artists to submit proposals for a carousel interior in Battery Park with an aquatic theme (the "RFP") for a new carousel to be built in Battery Park. The RFP provided in pertinent part as follows:

> Contracting: the selected artist (or team) will contract with the Battery Conservancy. The carousel will be owned by the City of New York therefore the deigns approval must follow the standard process that includes reviews by the City of New York Department of Parks & Recreation, Community Board 1, and the Art Commission.
>
> Gala Presentation: The Conservancy intends to unveil the project and boost the fundraising campaign at the June 7 Gala, which will have an aquarium theme. Creating one life-size figure is part of this plan, which will involve the selected artist's immediate participation.
>
> Design Development and Final Design: It is anticipated that the selected artist will adapt and adjust the design based on comments by the Advisory Committee and the Conservancy. The artist will also be part of the design team for the carousel and will contribute to the plans for the entire carousel. The design will also comply with specifications provided by the carousel fabricator.
>
> Fabrication and Installation: The carousel fabricator will be responsible to build and install the carousel. The artist and architect will advise on the fabrication, review test samples and the fabrication progress.

After working more than three years on the Project, Ms. Broughel was terminated, allegedly for cause. Until her termination, no criticisms were made of her work. She fully performed as required for the Project in its first phase. The "fault" was a newly minted pretext to terminate the Plaintiff. Statements expressing a desire not to have an artist on the Project despite the selection process and the requirement of an artist on the Carousel, voiced by Ms. Price after the Artist's selection, included "'cost' and the added difficulty of working with an artist."

THE HOFFMAN LAW FIRM

Honorable George B. Daniels
December 12, 2007
Page 3

Plaintiff's Amended Complaint has added the architects as parties. The architects also did not believe an artist should be included on the Carousel, despite the selection process. Attached to the Amended Complaint are copies of Plaintiff's copyrighted registration certificates and examples of Defendants' use of Plaintiff's copyrighted images without her authorization and without credit to her.

Plaintiff's name has been removed from all promotional literature.

The Battery Carousel will ultimately be owned by the City of New York. Thus, Ms. Broughel, the Plaintiff, was selected by procedures approved by the City of New York and her proposal was reviewed and accepted by various City agencies. Her arbitrary and capricious termination based on the whim of Ms. Price and the goal of the architects to "steal" the Project, violate the procedures implicit in her selection and made part of her contract with the Conservancy.

Plaintiff on several occasions was hopeful of a reasonable settlement of this matter which would have permitted the Plaintiff to continue on the Project and establish her contractual role as a member of the design team as provided for in the call for artists. For that reason and because she did not believe that the Project was going forward without her, she delayed in requesting permission to move for an injunction.

Based on communication with the Defendant Price and Battery Park attorneys, we learned at the initial conference that the Project was continuing without Plaintiff. Plaintiff seeks primarily the right to complete the Project for which she was selected, which was approved by the Parks Department, the Community Board and the Arts Commission. The injury to her reputation cannot be compensated by monetary damages alone and she will suffer irreparable harm if she is not permitted to complete the Project.

Therefore, Plaintiff Broughel requests leave to move for an injunction to prevent the Defendants from completing this Project without Plaintiff Broughel, even assuming *arguendo*, Defendants, as they claim, are not using Plaintiff's copyrighted designs. The request for injunctive relief is not based on Plaintiff's copyright claim under 17 U.S.C., but upon claims for breach of contract, failure to adhere to the proper process and procedures implicit in Plaintiff's selection and made part of the contract, and the New York Artist's Authorship Rights Act, which gives the Plaintiff right to claim authorship for the Project.

To obtain a preliminary injunction, a party . . . must demonstrate (1) the likelihood of irreparable injury in the absence of such an injunction, and (2) either (a) likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make

THE HOFFMAN LAW FIRM

Honorable George B. Daniels<br>
December 12, 2007<br>
Page 4

them a fair ground for litigation plus a balance of hardships tipping decidedly toward the party requesting the preliminary relief. (1-800 Contacts, Inc. v. Whenu.com, Inc. et al. 414 F.3d 400 (2nd Cir. 2005)).

Applying this standard to the facts as set forth in the Amended Complaint and this letter, and as to be developed with leave of the Court, on a motion in support of a preliminary injunction, Plaintiff Broughel believes she is entitled to a preliminary injunction and will ultimately succeed on the merits of her case.

Respectfully submitted,

Barbara Hoffman

Enclosures

cc:  Margaret Pfeiffer *(via facsimile and email)*
     Jarrett M. Behar *(via facsimile and email)*
     Barbara Broughel *(via email)*