Margaret K. Pfeiffer (MP4552)
Rita M. Carrier (RC3847)
Susan K. Nash (SN1123)
1701 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.: (202) 956-7500
Fax: (202) 293-6330

*Attorneys for Defendants/Counterclaimants*
The Battery Conservancy & Warrie Price

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
BARBARA BROUGHEL,                                            :
:
:
Plaintiff,                           :
:   No. 07 Civ. 7755 (GBD)
v.                              :
:   ECF Case
THE BATTERY CONSERVANCY,                                     :
WARRIE PRICE, CLAIRE WEISZ,                                  :
AND MARK YOES, "DBA" WEISZ + YOES,                           :
:
Defendants.                          :
:
------------------------------------------------------------ x

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT OF
<u>PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION</u>**

Defendants The Battery Conservancy and Warrie Price (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this supplemental memorandum in support of Defendants' Motion to Exclude Plaintiff's Reply Memorandum of Law in Further Support of Plaintiff's Motion for a Preliminary Injunction ("Motion"), which Defendants filed in the early hours of May 12, 2008.

In addition to the relief requested in Defendants' Motion, Defendants also request that the Declaration of Barbara Hoffman and attached exhibits be stricken. When Plaintiff finally filed the reply that was due on May 9 in connection with her motion for a preliminary injunction ("Reply") -- which she did not do until mid-morning on May 12 -- she included in that filing a declaration of Ms. Hoffman, her lawyer, which contains factual assertions and arguments designed to rebut certain aspects of Defendants' Memorandum of Law in Opposition to Plaintiff's Cross-Motion for a Preliminary Injunction.[1] Although she faxed her Reply and two declarations to Defendants' counsel on May 10, Plaintiff's lawyer did not include her own declaration in the facsimile. Indeed, when Plaintiff's lawyer identified the materials not included in the facsimile (supposedly because they "[would] not fax"),[2] she referred only to exhibits. (Facsimile cover sheet dated May 10, 2008, from Ms. Hoffman to Mrs. Pfeiffer, attached as Ex. G to the Declaration of Rita M. Carrier, filed on May 12, 2008, with Defendants' Motion.) She made no mention of this declaration and exhibits and in no way indicated that they were part of the papers she intended -- albeit improperly -- to file with the Court. For that

---

[1] The Hoffman declaration, particularly paragraphs 4 and 7, violates 22 NYCRR §1200.21, Disciplinary Rule 5-102 (2003), which prohibits the lawyer from acting as a witness. Moreover, this declaration, like the Reply and the Declarations of Barbara Broughel and Dale Martin Lanzone, exceeds the scope of a proper reply and should, therefore, in accordance with well-established precedent, not be considered by the Court. "It is well settled that courts should not consider arguments first raised in a party's reply brief which afford no opportunity for response from the opposing party." *Haywin Textile Prods., Inc.* v. *Int'l Fin. Inv.*, 137 F. Supp. 2d 431, 434 n.2 (S.D.N.Y. 2001). *See United States* v. *IBM*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975) ("reply papers must be narrowly confined to the issue which prompted them"); *Playboy Enters., Inc.* v. *Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (movant's "behavior should not be rewarded," and court, therefore, would not consider argument made for the first time in her reply brief); *see also Miller* v. *Kane (In re Del Grosso)*, No. 89 B 06606, 1992 WL 280788, at *18 n.2 (Bankr. N.D. Ill. 1992) ("The nature of a reply brief is to address issues raised in the responding brief, which does not include new arguments – trial by ambush is not an acceptable form of litigation."); *Polycast Tech. Corp.* v. *Uniroyal, Inc.*, 792 F. Supp. 244, 269 (S.D.N.Y. 1992) (party's omission of arguments in main brief and inclusion in reply in order to have "the last word on the subject in their reply brief" . . . "smacks of sharp practice and I do not appreciate it").

[2] Now that Defendants have seen the exhibits, why they could not be faxed remains a mystery.

reason, Defendants' Motion, filed earlier on May 12, did not advise the Court of this improper and dilatory document, which should be stricken.

Defendants requested in their Motion that Plaintiff be prohibited from filing the untimely and inappropriate submissions about which Defendants then knew, namely, the remaining pages of her Reply and the declarations that Plaintiff faxed to defendants on May 10, as well as the exhibits that Plaintiff did not fax and that Defendants never saw, therefore, until yesterday. Since Plaintiff has now filed with the Court the papers that Defendants sought to prohibit her from filing, Defendants respectfully request that these documents be stricken for the reasons set out in their May 12 motion.[3]

---

[3] If the Court does not grant Defendants' Motion to exclude the Reply and accompanying declarations with exhibits, Defendants respectfully request leave to file a surreply to address the new grounds, claims, and factual assertions in Plaintiff's papers.

-4-

CONCLUSION

        For the foregoing reasons, Defendants respectfully request that Plaintiff be ordered to Show Cause, on or before May 14, why the Court should not grant this motion.

Dated:  Washington, D.C.
           May 13, 2008

                                      Respectfully submitted,

                                      /s/
                                    Margaret K. Pfeiffer (MP4552)
                                    Rita M. Carrier (RC3847)
                                    Susan K. Nash (SN1123)
                                    1701 Pennsylvania Ave., N.W.
                                    Washington, D.C. 20006
                                    Tel.: (202) 956-7500
                                    Fax: (202) 293-6330

                                    *Attorneys for Defendants/Counterclaimants*
                                    The Battery Conservancy & Warrie Price