BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 0023
(212) 873-6200 (phone)

FILED U.S. DC
NOV 02 2010
S.D. OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BARBARA BROUGHEL

    Plaintiff,

v.

THE BATTERY CONSERVANCY, WARRIE PRICE, CLAIRE WEISZ AND MARK YOES, "DBA" WEISZ + YOES

    Defendants.

**NOTICE OF APPEAL**

Civ. 07-cv-7755 (GBD)

ECF Case

Notice is hereby given that Barbara Broughel hereby appeals to the United States Court of Appeals for the Second Circuit from the Order, entered in this action on the 22nd day of October, 2010, dismissing the First Amended Complaint.

Date: November 1, 2010

Respectfully submitted,

*Barbara Hoffman*

Barbara Hoffman, Esq. (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 10023
(212) 873-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Broughel,

                Plaintiff,

     -against-

The Battery Conservancy,

                Defendant.
------------------------------------------------------------x

SDNY
[DOC]UMENT
[ELE]CTRONICALLY FILED
DOC #: _____
DATE FILED: 22 OCT 2010

07 CV 7755 (GBD)

ORDER

GEORGE B. DANIELS, District Judge:

    After this Court granted Defendant's Motion for Judgment on the Pleadings and denied Plaintiff's Motion for Leave to file an Amended Complaint, the only claim remaining is Defendant's $20,000 state law breach of contract counterclaim.

    Pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction over this state law claim. Defendant's counterclaim is dismissed without prejudice. Final judgment is entered dismissing this case in its entirety. The Clerk of the Court is ordered to close the case.

Dated: October 21, 2010
       New York, New York

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

BARBARA BROUGHEL,

                Plaintiff,

    -against-

THE BATTERY CONSERVANCY, WARRIE
PRICE, CLAIR WEISZ, AND MARK YOES,
"DBA" WEISZ +YOES.,

                Defendant.

------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1 0 MAR 2010

MEMORANDUM DECISION AND
ORDER
07 CV 7755 (GBD)

GEORGE B. DANIELS, District Judge:

    Plaintiff Barbara Broughel, a sculptor residing in Connecticut, brings this action against defendants, the Battery Conservancy (the "Conservancy") and its President Warrie Price, as well Claire Weisz and Mark Yoes, the principals of the architecture firm of Weisz + Yoes ("Architects"). Plaintiff asserts claims for copyright infringement, breach of contract, tortious interference, and violation of the New York Artist's Authorship Rights Act, as well as various equitable claims arising out of her participation in the Battery Carousel Project ("the Project"). Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) was granted by this court dismissing plaintiff's claims in their entirety.[1] Plaintiff Barbara Broughel has moved pursuant to Fed. R. Civ. Pro 15(a)[2] to file a proposed second amended complaint. Plaintiff's motion to amend is denied as futile.

    Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a

---

[1] On March 30, 2009 this court denied defendants' Rule 12(c) motion to dismiss plaintiff's claims for breach of contract with respect to unreimbursed expenses. Broughel v. Battery Conservancy, 2009 U.S. Dist. LEXIS 35048 (S.D.N.Y., 2009).

[2] Fed. R. Civ. P 15(a)(2) provides "The court should freely give leave when justice so requires."

matter of course . . . before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading by leave of the court which should be "freely give[n]. . . [when] justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion to decide whether to grant leave to amend, a decision [reviewed] for an abuse of discretion. Arnold v. KPMG, LLP, LEXIS 11617 (2d Cir. 2009). "[W]here the plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." Hayden v. County of Nassau, 180 F.3d 42, 53 (2d Cir. 1999). Although leave to amend should be liberally granted, it may also properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, (1962)).

In this case, plaintiff had notice of defects in her amended complaint and was given an opportunity to move to cure them by proposing a Second Amended Complaint ("SAC"). This procedure was intended to prevent the parties from needlessly expending considerable time, effort, and expense in briefing the original motion to dismiss and obtaining a decision on that motion, which would then be followed by yet another amended complaint and possibly a new round of motions to dismiss.

The plaintiff now moves to amend and submits a Proposed Second Amended Complaint ("PSAC") re-asserting a claim for copyright infringement, a new claim for false designation of origin under the Lanham Act, specifically 15 U.S.C. § 1125, misappropriation of plaintiff's ideas against all defendants, and breach of contract against defendant Architects. (Ex. A. to Plaintiffs' Motion to file a Second Amended Complaint and in Further Support of Motion to file a Second Amended Complaint.). However, when considering the PSAC in light of the previous rulings of

this Court, leave to amend remains futile because the new alleged claims would not survive a motion to dismiss. See Rotter v. Leahy, 93 F.Supp. 2d 487, 497 (S.D.N.Y. 2000) ("A review of this Circuit's case law concerning the 'futility' of amendment indicates that . . . proposed amendment[s] should be reviewed under a standard analogous to the standard of review applicable to a motion brought under Rule 12(b)(6), Fed. R. Civ. P."). In order to withstand a motion to dismiss, a plaintiff must set forth in the complaint "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. V. Twombly, 550 U.S. 544, 936 (2007). The PSAC does not sufficiently cure the deficiencies in the amended complaint so as to change the conclusions of this Court's prior decision and order of dismissal.

### 1. Copyright Infringement Claim

To state a claim for copyright infringement, a plaintiff must allege that she held a valid copyright in the allegedly infringed work, that defendants had access to her copyrighted work, and that "substantial similarity exists between plaintiff's work and defendant's infringing copies." See Island Software and Computer Service v. Microsoft Corp., 413 F.3d 257, 260 (2d Cir. 2005).

Plaintiff alleges that defendants infringed upon her copyrighted work through unauthorized use of her artwork. In the PSAC, the plaintiff has identified the actual works that are the subject of her copyright infringement claim. The assertions in the PSAC have been modified and include more specificity than the prior complaints. However, the factual assertions by plaintiff continue to rest on vague accusations of unauthorized copying (PSAC § 65-72). The designs offered as exhibits in the PSAC were before this Court previously. The plaintiff's allegations do not demonstrate that her specific copyrighted images, "seahorse, open seascape plane and other design elements" bear any greater resemblance to what would be expected from

general renditions of an aquatic-themed carousel.[3] (PSAC § 65). The PSAC's continued reference to "figures, designs, drawings and plans" that are attributable to the plaintiff are not sufficient factual allegations to state a claim. (PSAC §65). Plaintiff continues to offer only vague and general allegations of similarity between her work and the aquatic images used by defendants. The PSAC does not articulate with any specificity, nor do the accompanying referenced images demonstrate, what aspect of any images used by the defendant that make them legally similar to her own copyrighted works. Plaintiff has failed to identify those facts that would save her complaint, should she be granted leave to further amend. Therefore, plaintiff's proposed claim of copyright infringement, in her proposed amended complaint, will similarly fail upon a renewed motion to dismiss.

2. **Lanham Act Claim**

The relevant portions of the Lanham Act, 15 U.S.C. § 1125 (a), under which plaintiff asserts a renewed cause of action against defendants, prohibits any misrepresentation likely to cause confusion as to the source or the manufacturer of a product.[4] A successful claim for "reverse passing off," misrepresenting someone else's goods or services as your own, under the Lanham Act requires that the plaintiff demonstrate (1) that the work at issue originated with the plaintiff; (2) that origin of the work was falsely designated by the defendant; (3) that the false

---

[3] As this court has previously explained during oral arguments and previous orders, "scenes a faire," i.e., incidents, characters, or settings which are as a practical matter indispensable, or at least standard, in treatment of a given topic, are not entitled to copyright protection.

[4] See 15 U.S.C. § 1125 (a) ("(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.").

designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by the defendant's false designation of origin. Waldman Publishing Corp. v. Landoll, Inc., 43 F.3d 775, 781-85 (2d Cir.1994). However, the Lanham Act does not "create a duty of express attribution." See Morita v. Omni Publ'n Int'l, Inc., 741 F.Supp. 1107, 1114 (S.D.N.Y. 1990) (holding that plaintiff made an inconsistent claim alleging that defendants violated the false designation of origin provision of the Lanham Act by failing to include his name in the credit for a photograph. The court concluded that the credit contained no misstatement; in order for plaintiff to state a claim on this theory, the Lanham Act must create a duty of express attribution.).

Plaintiff alleges that defendants intentionally deleted her role as the "author and designer of the interior of the Sea Glass Project and of the thirty two polyresin Sea Creatures." (PSAC § 73-77).[5] The Second Circuit has held that where a plaintiff's Lanham Act claim alleges that there has been false representation of the source of a work solely because the plaintiff did not receive credit for a work, "dismissal . . . for failure to state cause of action [is] appropriate." Agee v. Paramount Commc'ns, Inc., 59 F.3d 317, 327 (2d Cir. 1995). See also Smartix Int'l Corp. V. Mastercard Int'l LLC, No., 2008 WL 4444554, at *5 (S.D.N.Y., 2008) ("The Lanham Act was not intended to protect originality or creativity. Thus, the unattributed copying of another's designs and ideas does not give rise to a reverse palming off claim."). Plaintiff's claim under the Latham Act fails.

Plaintiff also asserts a claim of false advertising under 15 U.S.C. § 1125 (b) requesting

---

[5] There is no allegation that defendants deleted plaintiff's name from the Sea Glass Project to deceive the public, nor are there any facts asserted that indicate that defendants misstated the credit that was owed to plaintiff.

that defendants be enjoined from continuing alleged deceptive actions.[6] Similarly, plaintiff alleges that defendants failed to credit her for her role as the author and designer. (PSAC § 75). Plaintiff again alleges that defendants' intentionally deleted her name as the designer of the Sea Glass Project, creating false and misleading labels and descriptions on press releases, website postings and advertising materials. Plaintiff's false advertising claim is fundamentally about the origin of the designer of the Sea Glass Project. A claim that disputes the origin of an idea is not appropriately brought under the Lanham Act. Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 32,(U.S. 2003) ("[A]s used in the Lanham Act, the phrase 'origin of goods' is . . . incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain. Such an extension would not only stretch the text, but it would be out of accord with the history and purpose of the Lanham Act and inconsistent with precedent."). See also Gurvey v. Cowan, Liebowitz & Latman, P.C., 2009 U.S. Dist. LEXIS 34839, at *12 (S.D.N.Y. 2009). ("A failure to attribute the authorship of an idea simply does not amount to the misrepresentation . . . as required under . . . the Lanham Act.").

"In order to state a [false advertising] claim for injunctive relief, plaintiffs must demonstrate a likelihood of deception or confusion on the part of the buying public caused by the false description or representation." PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc., 818 F.2d 266 (2d Cir. 1987). However, no claim for false advertising will stand where the statements of which a plaintiff complains is directed at the authorship of a work. See Invista S.a.r.l. v. E.I. Du Pont De Nemours & Co., 2008 U.S. Dist. LEXIS 94009, at *9-10 (S.D.N.Y. 2008). See also Antidote International Films, Inc. v. Bloomsbury Publishing, PLC, 467 F.Supp.

---

[6] See 15 U.S.C. § 1125 (b) "[any person] in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

2d 394 (S.D.N.Y. 2006) (dismissing false advertising claim alleging misrepresentations relating to authorship of a novel); Thomas Publishing Co., LLC v. Technology Evaluation Centers, Inc., 2007 U.S. Dist. LEXIS 55086,(S.D.N.Y. July 27, 2007) (dismissing false advertising claim "premised upon the assertion that Defendant passed off Plaintiff's work as its own, "where defendant misrepresented itself as the developer, creator or owner of materials comprising a software directory, because "a failure to attribute authorship to Plaintiff does not amount to misrepresentation of 'the nature, characteristics, qualities or geographic origin' of … [Defendant's] goods.").

Plaintiff cannot maintain a claim of false advertising under section Lanham Act because she merely alleges that defendant failed to attribute her as the designer of the Sea Glass Project. Plaintiff has alleged no facts suggesting that defendants engaged in commercial advertising or promotion that was designed to deceive the public as to the source of the product, nor is there any factual allegation that the public was in any way confused as to the source of the Sea Glass Project as a result of defendants' failure to attribute the design to plaintiff. See Resource Developers, Inc. v. Statue of Liberty-Ellis Island Foundation, Inc., 926 F.2d 134, 140 (2d Cir.1991) (holding that plaintiff failed to establish intent to deceive on part of defendant, and so was not entitled to presumption of consumer confusion in its false advertising claim). Thus, Plaintiff's claims are not actionable under the Lanham Act because they do not cause confusion as to the origin of the Sea Glass Project or Sea Creatures. Plaintiff's claim of false advertising under 15 U.S.C. § 1125 (b) fails.

### 3. Misappropriation Claim against all defendants

New York law recognizes the tort of misappropriation of ideas when a plaintiff's factual assertions establish that her allegedly misappropriated ideas were "novel" and "concrete" and

where the plaintiff demonstrates "that a legal relationship existed between the parties." See Zikakis v. Staubach Ret.Svcs., Inc., 04 civ 9606, 2005 WL 2347852, at *3 (S.D.N.Y. Sept., 26, 2005). "In order for an idea to be susceptible to a claim of misappropriation, two essential elements must be established: the requisite legal relationship must exist between the parties,[7] and the idea must be novel and concrete." McGhan v. Ebersol, 608 F. Supp. 277, 286 (S.D.N.Y 1985). Further, a plaintiff may not claim that an idea is novel if the idea was already in use in the industry at the time of plaintiff's submission or if the defendant had already used that idea. Id at 286. The test for novelty is rather stringent, the idea must show true invention and not a mere adaptation of existing knowledge.

Plaintiff claims that defendants misappropriated original ideas that she developed without providing her payment or credit. (PSAC § 83-87). The PSAC identifies three alleged novel ideas that are different from traditional carousel designs that were used by defendants without permission from plaintiff: (1) the open floor plan; (2) the removal of the ride poles; and (3) the undulating or ride the wave floor. The PSAC does provide more detailed information than previous complaints. However, the PSAC does not provide specificity sufficient to show why or how the ideas she designed are novel or unique for use with a carousel. Although plaintiff does offer an exhibit from the Department of Parks website from www.wired.com regarding traditional carousel designs and a description of the current carousel, the PSAC does not offer sufficient information to show how the current design used by defendants is distinct from traditions and patterns currently used with carousel designs. Without sufficiently providing specificity as to how plaintiff's ideas are novel or a true invention with regard to the carousel, plaintiff cannot maintain her claim of misappropriation of ideas.

### 4. Breach of Contract Claim against Architect defendant

---

[7] There is no dispute that a legal relationship existed between the parties.

To state a viable breach of contract claim, New York law requires that in addition to the existence of an enforceable agreement, plaintiff allege: (1) her adequate contractual performance; (2) the defendant's breach of the agreement; and (3) damages resulting therefrom. See Advanced Marketing Group, Inc. v. Business Payment Systems, 300 Fed. Appx. 48, 49 (2d Cir. 2008).

Plaintiff alleges that the defendant Architect breached his contract with plaintiff when defendant did not permit plaintiff to interact with the fabricator. (PSAC § 90). The pertinent language of the contract provides: "the Architect shall be the general administrator for professional services for the Project, and shall facilitate the exchange of information among the consultants retained by the Architect." See Exhibit Q §31 (Pl. Br). The PSAC does not sufficiently articulate how the defendant breached a contractual duty owed to the plaintiff by not allowing her to attend meetings with the facilitator. Although the contract indicates that the Architect was responsible for facilitating the exchange of information between consultants, there is no indication that a specific contractual duty was breached by the defendant in not permitting the plaintiff to personally meet with the fabricator. Additionally, although plaintiff alleges injury to her reputation and loss of income as examples of damages resulting from the alleged breach, the PSAC does not state the existence or extent of such damage. (PSAC § 94). The references to the contractual duties owed and damages are vague and ambiguous. As such, the PSAC does not provide sufficient facts to show that a cause for relief for breach of contract should be granted.

For the forgoing reasons, plaintiff's motion to leave to file a second amended complaint is denied.

9

Dated: New York, New York
      March 16, 2010

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

10

BARBARA HOFFMAN (BH 8931)
The Hoffman Law Firm
330 West 72nd Street
New York, New York 0023
(212) 873-6200  (phone)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA BROUGHEL<br><br>                  Plaintiff,<br><br>     v.<br><br>THE BATTERY CONSERVANCY, WARRIE PRICE, CLAIRE WEISZ AND MARK YOES, "DBA" WEISZ + YOES<br><br>                  Defendants. | Civ. 07-cv-7755 (GBD)<br><br>ECF Case |

## NOTICE OF APPEAL

THE HOFFMAN LAW FIRM
Attorney for Plaintiff
330 West 72nd Street
New York, NY  10023
(212) 873-6200